1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KOJI IP, LLC,

               Plaintiff,

      v.

RENESAS ELECTRONICS AMERICA, INC.,

            Defendant.

Case No.  24-cv-03089-PHK

**ORDER TO SHOW CAUSE**

Plaintiff's counsel, Attorneys William P. Ramey, III, Susan S.Q. Kalra, and Jeffrey E. Kubiak, are **ORDERED TO SHOW CAUSE** why they should not be referred to the State Bar of California, as well as the other bars of which they are members, for the unauthorized practice of law and/or aiding and abetting the unauthorized practice of law, as well as why they should not be sanctioned pursuant to this Court's inherent authority and Federal Rule of Civil Procedure 11, as discussed herein.

**I.      Unauthorized Practice of Law**

On May 22, 2024, Plaintiff commenced this patent infringement action against Defendant. *See* Dkt. 1.  This is the **third** lawsuit filed by one or all of these attorneys of the Ramey LLP firm on behalf of Koji IP, LLC asserting that Renesas Electronics America, Inc. is infringing U.S. Patent No. 10,790,703.  *See* Complaint *Koji IP, LLC v. Renesas Electronics America, Inc.* ("*Koji I*"), No. 1:23-cv-01674-SKC (D. Colo. Jun. 30, 2023), ECF No. 1; Complaint, *Koji IP, LLC v. Renesas Electronics America, Inc.* ("*Koji II*"), No. 3:23-cv-05752-LJC (N.D. Cal. Nov. 8, 2023), ECF No. 1.  The previous two actions were voluntarily dismissed by these attorneys under Federal Rule of Civil Procedure 41.  *See* Notice of Voluntary Dismissal, *Koji I*, No. 1:23-cv-01674-SKC

(D. Colo. Sept. 6, 2023), ECF No. 18; Notice of Voluntary Dismissal, *Koji II*, No. 3:23-cv-05752-LJC (N.D. Cal. Jan. 30, 2024), ECF No. 12.  As with those two prior lawsuits, Plaintiff voluntarily dismissed this Third Action on June 12, 2024.  [Dkt. 12].  On June 26, 2024, Defendant filed a motion for attorney fees.  [Dkt. 18].  Plaintiff opposed, and Defendant filed a reply.  [Dkts. 24, 25].  In the reply brief, Defendant raised the issue of the potential unauthorized practice of law by Plaintiff's counsel, Mr. Ramey.  [Dkt. 25 at 15].  The Court heard oral argument on that motion for fees on August 22, 2024.  *See* Dkt. 26.  Ms. Kalra appeared as counsel for Plaintiff at that hearing, but Mr. Ramey and Mr. Kubiak did not appear.  During oral argument, counsel for Defendant raised additional details on the alleged unauthorized practice of law.

In this matter, Ms. Kalra, who is registered on the Court's electronic case filing system as counsel of record for Plaintiff, filed the complaint, civil cover sheet, report on the filing of a patent action, certificate of interested entities, and proposed summons.  *See* Dkts. 1-5.  The documents filed by Ms. Kalra in this case state that they originated from the law offices of Ramey LLP, 5020 Montrose Blvd., Suite 800, Houston, Texas 77006.  Ms. Kalra is a member of the Northern District of California bar and an active member of the State Bar of California in good standing.

The body of the text of the complaint is signed by Ms. Kalra and identifies her to be Plaintiff's counsel ("Susan S.Q. Kalra (CA State Bar No. 16740").  [Dkt. 1 at 7].  Ms. Kalra and Mr. Ramey both signed the jury demand on the final page of the complaint, and they are identified therein as "Attorneys for Plaintiff."  *Id.* at 8.  The front page of the complaint includes the names of these two attorneys and similarly identifies them as "Attorneys for Plaintiff."  *Id.* at 1.  The final page of the complaint is signed by these two attorneys but also includes the name and contact information for another attorney from Ramey LLP, Mr. Kubiak (identified as one of the "Attorneys for Plaintiff").  *Id.* at 8.  In the signature block on the last page of the complaint, both Mr. Ramey and Mr. Kubiak have the words "*pro hac vice* anticipated" next to their names along with Texas Bar numbers.  *Id.*  Mr. Ramey's signature appears not just on the complaint but also on several other documents filed on behalf of Plaintiff in this case.

By affixing "*pro hac vice* anticipated" next to their names in documents filed on the docket since the earliest days of this case, Mr. Ramey and Mr. Kubiak appear to indicate their intent to

United States District Court
Northern District of California

seek *pro hac vice* admission to this Court for this matter.  To date, neither has filed (and no attorney has filed) a motion on either Mr. Ramey's or Mr. Kubiak's behalf seeking *pro hac* status in this case.  The notice of voluntary dismissal in this case was signed by both Ms. Kalra and Mr. Ramey—both identified as "Attorneys for Plaintiff"—and Mr. Ramey includes the "*pro hac vice* anticipated" language after his name in that filing as well.  [Dkt. 12 at 2].

Attorneys practicing in the Northern District of California must either be members of the Court's bar, or alternatively, admitted to practice in a particular case pending in the Court *pro hac vice*.  *See* Civil L.R. 11-1(a), 11-3.  Neither Mr. Ramey nor Mr. Kubiak is a member of the Northern District of California Bar.  *See United States v. Author Servs., Inc.*, 804 F.2d 1520 (9th Cir. 1986) ("It is well established that a court may take judicial notice of its own records.").  A prerequisite for admission to the Bar of this Court is that an attorney must be an active member in good standing of the State Bar of California.  *See* Civil L.R. 11-1(b).  The Court takes judicial notice that neither Mr. Ramey nor Mr. Kubiak is a member of the State Bar of California.  *See Castillo-Perez v. I.N.S.*, 212 F.3d 518, 524 n.6 (9th Cir. 2000) (taking judicial notice of the membership records of the State Bar of California).  Accordingly, Mr. Ramey and Mr. Kubiak may not practice in the Northern District of California unless they are admitted (on a case-by-case basis) to appear *pro hac vice*.

"[T]here is no fundamental right to appear pro hac vice."  *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000); *see Frazier v. Heebe*, 482 U.S. 641, 647 (1987) (describing attorneys admitted *pro hac vice* as "one-time or occasional practitioners").  Civil Local Rule 11-3, which sets forth the requirements for *pro hac vice* applications, provides that an attorney who is a member in good standing and eligible to practice before the Bar of any United States Court or of the highest Court of any State may in a particular case be permitted to practice within this District on a *pro hac vice* basis upon application and discretion of this Court.  Relevant here, an attorney seeking *pro hac vice* status must submit their application and admission fee "***at the time of the filing of a complaint*** or the attorney's first appearance in the case."  Civil L.R. 11-3(b) (emphasis added).  Further, an attorney who "regularly engage[s] in the practice of law in the State of California" is disqualified from *pro hac*

United States District Court
Northern District of California

3

*vice* admission (absent certain exceptions not germane here). Civil L.R. 11-3(c). In addition to the application documents, an applicant for *pro hac vice* admission must pay the fee for such admission at the time of the application (currently set at $328 per applicant, per case). Civil L.R. 11-3(e); *see* https://www.cand.uscourts.gov/about/clerks-office/court-fees/.

The record reveals that Mr. Ramey and Mr. Kubiak are out-of-state attorneys who are acting as Plaintiff's litigation counsel in this case. The information provided by Ms. Kalra at the hearing on August 22, 2024 makes clear that Mr. Ramey has engaged in, and continues to engage in, the bulk of legal activity in litigating this case. As noted, neither Mr. Ramey nor Mr. Kubiak are licensed to practice law in California. Neither individual has sought (much less been granted) *pro hac vice* status in this case. The docket shows plainly that there was no application for *pro hac vice* admission filed on their behalf at the time of the filing of the complaint in this current action. *See* Civil L.R. 11-3(b).

As discussed above, this is the third in a trilogy of cases filed by these attorneys on behalf of this same Plaintiff alleging infringement by this same Defendant of the same asserted patent. The Second Action was filed in this Court on November 8, 2023. The complaint in that case is identical in all material respects to the complaint in this case: Ms. Kalra and Mr. Ramey signed the complaint on the final page under the jury demand language, Ms. Kalra signed the body of the complaint, both are identified on the face sheet and in the signature block on the final page as "Attorneys for Plaintiff," and Mr. Kubiak is further identified as one of the "Attorneys for Plaintiff" in the signature block on the final page. Both Mr. Ramey and Mr. Kubiak list their Texas bar numbers and include the notation "*pro hac vice* anticipated" in the signature block on the last page (and, for Mr. Ramey, on the face sheet) of that complaint. No application for *pro hac vice* admission was ever filed on behalf of either Mr. Ramey or Mr. Kubiak in the Second Action and certainly none was filed at the time of the filing of the complaint in that action.

At the hearing on August 22, 2024, counsel for Defendant brought to the Court's attention the fact that Mr. Ramey has appeared as counsel on pleadings in numerous cases in this District prior to the current action. Based on the Court's further investigation, it appears that Mr. Ramey and Mr. Kubiak have regularly litigated cases in this Court without being members of the Bar of

United States District Court
Northern District of California

this Court and without seeking *pro hac vice* admission in virtually all of these prior cases.

The Court has identified at least fifty-three (53) **other** civil actions in the Northern District of California in which Mr. Ramey registered as an attorney of record on the docket, or at a minimum, signed the pleadings identifying himself to be the plaintiff's counsel with "*pro hac vice*" status or "*pro hac vice* anticipated" (where forty-three of those fifty-three cases are from the last two years alone).  *See VDPP, LLC v. Roku, Inc.*, No. 5:24-cv-05303-VKD (filed 8/16/24) (signed complaint with "*pro hac vice*"); *mCom IP, LLC v. WestAmerica Bancorporation*, No. 3:24-cv-03609-SK (filed 6/14/24) (signed jury demand with "*pro hac vice* anticipated"); *Autonomous IP, LLC v. Lyft, Inc.*, No. 3:24-cv-03348-RFL (filed 6/4/24) (attorney to be noticed); *Linfo IP, LLC v. Alibaba Grp. (U.S.) Inc.*, No. 3:24-cv-03098-RS (filed 5/22/24) (lead attorney); *WFR IP, LLC v. Alibaba Grp. (U.S.) Inc.*, No. 3:24-cv-02179-TSH (filed 4/12/24) (signed complaint with "*pro hac vice*"); *Linfo IP, LLC v. Third Love, Inc.*, No. 4:24-cv-02195-HSG (filed 4/12/24) (signed complaint with "*pro hac vice*"); *Flick Intelligence, LLC v. HTC Am. Inc.*, No. 5:24-cv-02201-NC (filed 4/12/24) (signed complaint with "*pro hac vice* anticipated"); *PacSec3, LLC v. Radware, Inc.*, No. 3:24-cv-02146-AGT (filed 4/10/24) (signed complaint with "*pro hac vice* anticipated"); *VDPP, LLC v. Xiaomi USA, LLC*, No. 5:24-cv-01783-EKL (filed 3/22/24) (lead attorney); *VDPP, LLC v. Vivitek Corp.*, No. 5:24-cv-01781-BLF (filed 3/22/24) (attorney to be noticed); *VDDP, LLC v. Motorola Mobility LLC*, No. 3:24-cv-01672-LJC (filed 3/18/24) (lead attorney); *WirelessWerx IP, LLC v. Lyft, Inc.*, No. 5:24-cv-01144-VKD (filed 2/26/24) (attorney to be noticed); *WirelessWerx IP, LLC v. Wing Aviation LLC*, No. 4:24-cv-01040-YGR (filed 2/21/24) (signed jury demand with "*pro hac vice* anticipated"); *SmartWatch MobileConcepts, LLC v. Google, LLC*, No. 3:24-cv-00937-RFL (filed 2/16/24) (lead attorney); *Missed Call, LLC v. Twilio Inc.*, No. 3:24-cv-00681-LB (filed 2/5/24) (lead attorney); *Missed Call, LLC v. RingCentral, Inc.*, No. 3:23-cv-06728-TLT (filed 12/31/23) (signed jury demand with "*pro hac vice* anticipated"); *Missed Call, LLC v. 8x8, Inc.*, No. 3:23-cv-06723-VC (filed 12/30/23) (signed jury demand with "*pro hac vice* anticipated"); *WirelessWerx IP, LLC v. OnFleet, Inc.*, No. 3:23-cv-06724-AMO (filed 12/30/23) (signed complaint and jury demand with "*pro hac vice* anticipated"); *WirelessWerx IP, LLC v. Life360, Inc.*, No. 3:23-cv-06725-AMO (filed 12/30/23)

United States District Court
Northern District of California

(signed complaint and jury demand with "*pro hac vice* anticipated"); *Mesa Digital, LLC v. Quanta Comp. USA, Inc.*, No. 3:23-cv-06711-VC (filed 12/29/23) (signed jury demand with "*pro hac vice* anticipated"); *CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, No. 4:23-cv-06121-JST (filed 11/27/23) (signed complaint with "*pro hac vice* anticipated"); *Koji IP, LLC v. Energous Corp.*, No. 4:23-cv-05750-HSG (filed 11/8/23) (attorney to be noticed); *Vilox Techs., LLC v. Salesforce, Inc.*, No. 3:23-cv-05047-AMO (filed 10/2/23) (attorney to be noticed); *Fare Techs. LLC v. Lyft, Inc.*, No. 3:23-cv-04935-RFL (filed 9/26/23) (attorney to be noticed); *Flick Intelligence, LLC v. Google, LLC*, No. 3:23-cv-04803-TLT (filed 9/19/23) (attorney to be noticed); *HyperQuery, LLC v. LG Elecs. U.S.A., Inc.*, No. 3:23-cv-04725-JCS (filed 9/14/23) (attorney to be noticed); *VDPP, LLC v. Vivo, Inc.*, No. 5:23-cv-04241-NC (filed 8/18/23) (lead attorney); *Ask Sydney, LLC v. Google, LLC*, No. 3:23-cv-03955-JD (filed 8/8/23) (attorney to be noticed); *Safecast Ltd. v. Google, LLC*, No. 5:23-cv-03128-PCP (filed 6/23/23) (lead attorney); *Haley IP, LLC v. Motive Techs., Inc.*, No. 4:23-cv-02923-HSG (filed 6/14/23) (lead attorney); *ALD Social, LLC v. Apple, Inc.*, No. 3:23-cv-02695-JSC (filed 5/31/23) (attorney to be noticed); *Silent Commc'n, LLC v. Adobe, Inc.*, No. 3:23-cv-02696-TLT (filed 5/31/23) (attorney to be noticed); *Flick Intelligence LLC v. Niantic, Inc.*, No. 3:23-cv-02219-TLT (filed 5/5/23) (jury demand with "*pro hac vice* anticipated"); *WirelessWerx IP, LLC v. Google, LLC*, No. 4:23-cv-01852-JST (filed 4/17/23) (attorney to be noticed); *WirelessWerx IP, LLC v. Uber Techs., Inc.*, No. 3:23-cv-00990-AMO (filed 3/3/23) (attorney to be noticed); *Street Spirit IP LLC v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, No. 3:23-cv-00879-WHA (filed 2/27/23) (signed complaint and jury demand with "*pro hac vice* anticipated"); *Street Spirit IP LLC v. Instagram et al.*, No. 3:23-cv-00883-WHA (filed 2/27/23) (signed complaint and jury demand with "*pro hac vice* anticipated"); *Street Spirit IP LLC v. LinkedIn Corp.*, No. 3:23-cv-00884-AMO (filed 2/27/23) (signed complaint and jury demand with "*pro hac vice* anticipated"); *ALD Social LLC v. Verkada, Inc.*, No. 3:23-cv-00049-JSC (filed 1/5/23) (attorney to be noticed); *Escapex IP LLC v. Google LLC*, No. 3:22-cv-08711-VC (filed 12/13/22) (attorney to be noticed); *ESIGNATURE SOFTWARE, LLC v. Adobe, Inc.*, No. 3:22-cv-05962-JSC (filed 10/12/22) (attorney to be noticed); *Traxcell Techs., LLC v. Google LLC*, No. 3:22-cv-04807-JSC (filed 8/22/22) (lead attorney); *Valjakka v. Netflix, Inc.*, No. 4:22-cv-01490-

JST (filed 3/9/22) (lead attorney); *CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, No. 3:21-cv-08534-SI (filed 11/2/21) (lead attorney); *Riggs Tech. Holdings, LLC v. Vagaro, Inc.*, No. 3:21-cv-07927-TSH (filed 10/8/21) (attorney to be noticed); *PacSec3, LLC v. Juniper Networks, Inc.*, No. 5:21-cv-07812-EJD (filed 10/6/21) (attorney to be noticed); *Apple Inc. v. Traxcell Techs. LLC*, No. 3:21-cv-06059-EMC (filed 8/5/21) (attorney to be noticed); *DATREC, LLC v. PrognoCIS, Inc.*, No. 3:21-cv-01595-JCS (filed 3/5/21) (lead attorney); *NetSoc, LLC v. LinkedIn Corp.*, No. 3:20-cv-00483-VC (filed 1/22/20) (lead attorney); *NetSoc, LLC v. Quora, Inc.*, No. 3:19-cv-06518-VC (filed 10/11/19) (lead attorney); *Global Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com Inc.*, No. 3:17-cv-02177-WHA (filed 4/19/17) (lead attorney); *Global Equity Mgmt. (SA) Pty. Ltd. v. eBay, Inc.*, No. 3:17-cv-02178-WHA (filed 4/19/17) (lead attorney); *Global Equity Mgmt. (SA) Pty. Ltd. v. Alibaba Grp. Holding, Ltd.*, No. 3:17-cv-02435-WHA (filed 4/28/17) (attorney of record).

It appears that Mr. Ramey sought *pro hac vice* admittance in only seven (7) of those fifty-three (53) cases (and as discussed he never filed a *pro hac vice* application in this Third Action or in the Second Action). *See WirelessWerx IP, LLC v. Lyft, Inc.*, No. 5:24-cv-01144-VKD (application filed on 4/29/24 averring *pro hac vice* granted "0" times in the prior twelve months); *Safecast Ltd. v. Google, LLC*, No. 5:23-cv-03128-PCP (application filed on 8/3/23 averring *pro hac vice* granted "1" time in the prior twelve months); *Traxcell Techs., LLC v. Google LLC*, No. 3:22-cv-04807-JSC (application filed on 10/28/22 averring *pro hace vice* granted "3" times in the prior twelve months); *CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, No. 3:21-cv-08534-SI (application filed on 3/23/22 averring *pro hac vice* granted "1" time in the prior twelve months); *Apple Inc. v. Traxcell Techs. LLC*, No. 3:21-cv-06059-EMC (application filed on 2/8/22 averring *pro hac vice* granted "n/a" times in the prior twelve months); *DATREC, LLC v. PrognoCIS, Inc.*, No. 3:21-cv-01595-JCS (application filed on 4/14/21); *NetSoc, LLC v. Quora, Inc.*, No. 3:19-cv-06518-VC (application filed on 11/26/19).

The Court has likewise identified at least seventeen (17) **other** cases (not including this case or the Second Action) in the Northern District of California in which Mr. Kubiak registered as an attorney of record on the docket, or at a minimum, is designated in the pleadings as a party's

United States District Court
Northern District of California

1   counsel with "*pro hac vice*" or "*pro hac vice* anticipated" status. *See VDPP, LLC v. Roku, Inc.*,

2   No. 5:24-cv-05303-VKD (filed 8/16/24) ("*pro hac vice*"); *mCom IP, LLC v. WestAmerica*

3   *Bancorporation*, No. 3:24-cv-03609-SK (filed 6/14/24) ("*pro hac vice* anticipated"); *Autonomous*

4   *IP, LLC v. Lyft, Inc.*, No. 3:24-cv-03348-RFL (filed 6/4/24) (lead attorney); *Linfo IP, LLC v.*

5   *Alibaba Grp. (U.S.) Inc.*, No. 3:24-cv-03098-RS (filed 5/22/24) ("*pro hac vice* anticipated"); *WFR*

6   *IP, LLC v. Alibaba Grp. (U.S.) Inc.*, No. 3:24-cv-02179-TSH (filed 4/12/24) ("*pro hac vice*");

7   *Linfo IP, LLC v. Third Love, Inc.*, No. 4:24-cv-02195-HSG (filed 4/12/24) ("*pro hac vice*");

8   *VDPP, LLC v. Xiaomi USA, LLC*, No. 5:24-cv-01783-EKL (filed 3/22/24) ("*pro hac vice*");

9   *WirelessWerx IP, LLC v. Wing Aviation LLC*, No. 4:24-cv-01040-YGR (filed 2/21/24) ("*pro hac*

10  *vice* anticipated"); *SmartWatch MobileConcepts, LLC v. Google, LLC*, No. 3:24-cv-00937-RFL

11  (filed 2/16/24) (attorney to be noticed); *Missed Call, LLC v. RingCentral, Inc.*, No. 3:23-cv-

12  06728-TLT (filed 12/31/23) ("*pro hac vice* anticipated"); *Missed Call, LLC v. 8x8, Inc.*, No. 3:23-

13  cv-06723-VC (filed 12/30/23) ("*pro hac vice* anticipated"); *WirelessWerx IP, LLC v. OnFleet,*

14  *Inc.*, No. 3:23-cv-06724-AMO (filed 12/30/23) ("*pro hac vice* anticipated"); *WirelessWerx IP,*

15  *LLC v. Life360, Inc.*, No. 3:23-cv-06725-AMO (filed 12/30/23) ("*pro hac vice* anticipated"); *Koji*

16  *IP, LLC v. Energous Corp.*, No. 4:23-cv-05750-HSG (filed 11/8/23) ("*pro hac vice* anticipated");

17  *Flick Intelligence, LLC v. Google, LLC*, No. 3:23-cv-04803-TLT (filed 9/19/23) (lead attorney);

18  *Haley IP, LLC v. Motive Techs., Inc.*, No. 4:23-cv-02923-HSG (filed 6/14/23) (lead attorney);

19  *Silent Commc'n, LLC v. Adobe, Inc.*, No. 3:23-cv-02696-TLT (filed 3/31/23) (attorney to be

20  noticed).

21         Mr. Kubiak appears to have sought *pro hac* admission in this Court only one time ever.

22  *See SmartWatch MobileConcepts, LLC v. Google, LLC*, No. 3:24-cv-00937-RFL (application filed

23  on 5/22/24 averring that Mr. Kubiak had been granted *pro hac* admission by the Court "0" times

24  in the twelve months preceding the application).  In that application for *pro hac vice* admission,

25  Mr. Kubiak identifies Ms. Kalra as his local co-counsel.  *Id.*

26         At the August 22, 2024 hearing, counsel for Defendant brought to the Court's attention

27  that Mr. Ramey has appeared as counsel in numerous cases in the Central District of California.

28  Based on the Court's investigation thus far, Mr. Ramey has appeared as counsel in at least thirty-

seven cases in the Central District of California (thirty-three of which were filed in 2022 or later) and Mr. Kubiak has appeared as counsel in at least ten of those cases.  It appears that Mr. Ramey and Mr. Kubiak have similarly failed to seek *pro hac vice* admission in many of those cases despite receiving notices from that court that their *pro hac vice* applications were due, and they appear to have continued to litigate those cases even after receiving such notices.  *See, e.g.,* Notice of Pro Hac Vice Application Due, *VDPP, LLC v. Mazda Motor of Am. Inc.*, No. 8:24-cv-00571-JWH-ADS (C.D. Cal. Mar. 18, 2004), ECF No. 11.

The Court may impose sanctions for violations of its local rules concerning *pro hac vice* admission.  *See* Civil L.R. 11-8 ("A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to exercise such privileges, may be referred to the Standing Committee in addition to any action authorized by applicable law.")  It is axiomatic that the Court has authority to enforce its local rules.  28 U.S.C. § 2071.  A district court's Order regarding compliance with local rules is reviewed for abuse of discretion and broad deference is given to a court's interpretation of its local rules.  *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

Canon 3(B)(6) for the Code of Conduct for United States Judges provides that "[a] judge should take appropriate action upon receipt of reliable information indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct."  The unauthorized practice of law and the aiding of another's unauthorized practice of law violate California's ethical rules and such conduct may lead to disciplinary proceedings and other adverse consequences.  *See* California Rules of Professional Conduct 5.5(a)-(b); State Bar of California Rule 1-300 (prohibiting unauthorized practice of law); Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active member of the State Bar.").  The unauthorized practice of law and the aiding of another's unauthorized practice of law also violate this Court's standards for professional conduct and may lead to disciplinary proceedings and other adverse consequences.

Mr. Ramey and Mr. Kubiak are both members of the State Bar of Texas.  The Texas Disciplinary Rules of Professional Conduct provide, among other things, that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that

jurisdiction[.]"  Texas Disciplinary Rule of Professional Conduct 5.05(a).  A lawyer is subject to sanctions by the State Bar of Texas "for conduct occurring in another jurisdiction or resulting in lawyer discipline in another jurisdiction."  *See* Texas Rules of Disciplinary Procedure CC.2 (defining sanctionable attorney conduct to include "[a]ttorney conduct that occurs in another jurisdiction, including before any federal court or federal agency, and results in the disciplining of an attorney in that other jurisdiction").

As noted, these attorneys filed three cases on behalf of this same Plaintiff against this same Defendant asserting infringement of the same patent in each case.  The first of the three cases was filed in the District of Colorado.  *See* Complaint, *Koji I*, No. 23-cv-01674-SKC (D. Colo. June 30, 2023), ECF No. 1.  Mr. Ramey signed the complaint in the First Action, he is listed as counsel on the civil cover sheet, and he signed the notice of voluntary dismissal.  The complaint in the First Action lists both Mr. Ramey and Mr. Kubiak as "Attorneys for KOJI IP, LLC."  The Court takes judicial notice that Mr. Ramey, Mr. Kubiak, and Ms. Kalra are all members in good standing of the District of Colorado's Bar.  The District of Colorado's Standards of Professional Conduct adopt the Colorado Rules of Professional Conduct for members of the state bar of Colorado.  D.C. Colo. LAttyR 2(a).   The Colorado Rules of Professional Conduct provide, among other things, that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction[.]"  Colo. RPC 5.5(a)(2).

As noted, the current case (and the previously dismissed cases) are patent infringement cases filed by these attorneys on behalf of Koji against Renesas, asserting infringement of the same '703 patent in each case.  The Court takes judicial notice that Mr. Ramey and Mr. Kubiak are registered to practice as patent attorneys before the United States Patent and Trademark Office ("USPTO").  The USPTO's Rules of Professional Conduct provide, among other things, that a "practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."  37 C.F.R. § 11.505.  A registered patent attorney is subject to discipline for "professional misconduct" by the USPTO where misconduct includes being "publicly disciplined on ethical or professional misconduct grounds by any duly constituted authority of: (1) A State, [or] (2) The United States."  *Id.* § 11.804(h)(1)-(2).

As discussed herein, these attorneys are **ORDERED** to show cause why they should not be disciplined and why they should not be referred to appropriate authorities for (1) the unauthorized practice of law by Mr. Ramey and/or Mr. Kubiak, and/or (2) the aiding and abetting of each of their unauthorized practice of law.

## II.      Rule 11 Violations

As discussed above, on June 26, 2024, Defendant filed a motion for attorneys' fees under 35 U.S.C. § 285.  *See* Dkt. 18.  Based on the Parties' briefing on that motion as well as the representations of counsel during the August 22, 2024 hearing, the Court is concerned that the pre-suit investigation conducted by Plaintiff's counsel prior to filing the complaint was inadequate such that Rule 11 sanctions are warranted.

Federal Rule of Civil Procedure 11 requires at least one counsel of record to sign every pleading, written motion, or other paper presented to the Court.  Fed. R. Civ. P. 11(a).  "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—" the attorney certifies that the paper is not "frivolous" or meant to further "any improper purpose" and that it was submitted "after an inquiry reasonable under the circumstances."  Fed. R. Civ. P. 11(b).

Rule 11 authorizes the Court to impose sanctions on an attorney who fails to conduct a reasonable pre-filing inquiry if the paper at issue lacks merit or is otherwise frivolous.  *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).  Sanctions imposed under Rule 11 are limited to that which is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(2).  Rule 11 sanctions may include nonmonetary directives, orders to pay penalties to the court, and monetary awards for "reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  The Court has substantial discretion regarding the application of Rule 11 sanctions.  *See* Fed. R. Civ. P. 11(b)(3).

The standard for determining whether a paper is frivolous is one of objective reasonableness at the time of the attorney's signature.  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).  "Frivolous filings are 'those that are both baseless and made without a

11

reasonable and competent inquiry.'" *Est. of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997) (quoting *Buster v. Griesen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  Before imposing Rule 11 sanctions, the Court "must conduct a two-prong inquiry to determine: (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127.

As discussed, this is the third case in which one or more of the Ramey LLP attorneys signed a complaint on behalf of the same Plaintiff against the same Defendant asserting infringement of the same patent.  The first two cases were voluntarily dismissed under Rule 41(a)(1)(A)(i) pursuant to notices of dismissal filed by one or more of these same attorneys. Under Rule 41(a)(1)(B), the second dismissal "operates as an adjudication on the merits."  At the August 22, 2024 hearing, Ms. Kalra was unable to identify any pre-filing inquiry by herself or any other Ramey LLP attorney (much less reasonable inquiry supported by law) regarding the effect of Rule 41 on whether or not the complaint in this Third Action was warranted by existing law or any other permissible basis under Rule 11.  Ms. Kalra was equally unable to identify whether any of the Ramey LLP lawyers performed any pre-filing inquiry as to the impact of the dismissal filed in the Second Action prior to the filing of that dismissal.  At the hearing and in the briefing, Plaintiff's counsel was unable to cite any law of which they were aware ***prior to filing the complaint in this (the third case)*** which reasonably supported the position that the dismissals of the complaints in the previous two actions failed to avoid an adjudication on the merits under Rule 41, and thus, which reasonably supported the filing of the third complaint.

Further, in the context of patent infringement actions, Rule 11 "require[s] that an attorney interpret the pertinent claims of the patent at issue before filing a complaint alleging patent infringement." *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 2066, 1072 (Fed. Cir. 2002). "[A]n attorney's proposed claim construction is subject to the Rule 11(b)(2) requirement that all legal arguments be nonfrivolous." *Id.*  Rule 11 requires that the attorney compare the accused device with the construed patent claims; this is a question of fact and must therefore comply with Rule 11(b)(3)'s requirement that all allegations and factual contentions have evidentiary support. *Id.* at 1073-74.  "The attorney may consult with his client but ***may not rely solely on the client's***

1    *lay opinion* that the accused device infringes the patent." *Id.* at 1074 (emphasis added). Rule 11

2    requires, at a minimum, "that an attorney interpret the asserted patent claims and compare the

3    accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v.*

4    *Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed. Cir. 2004).

5         Based on the information presented to the Court to date, it appears that Ms. Kalra and Mr.

6    Kubiak did not themselves perform any infringement analysis at all under Rule 11 prior to filing

7    the complaints in either the Second Action or this Third Action. The record indicates that prior to

8    filing the complaint in both lawsuits, Mr. Ramey relied entirely on an infringement study

9    performed by a non-attorney consultant, Mr. Sunatori. Nothing presented to the Court

10   demonstrates that either of the attorneys who signed the complaints undertook any interpretation

11   of the asserted patent claims prior to the filing of those documents pursuant to Rule 11. And

12   nothing presented indicates that either Ms. Kalra or Mr. Ramey compared the accused devices

13   with those claims, as interpreted, prior to filing the complaints in the Second Action or this Third

14   Action. It appears that Ms. Kalra and Mr. Ramey relied entirely on the lay opinion of Mr.

15   Sunatori prior to filing the complaints in both actions.

16         Accordingly, the Court is concerned that Rule 11 violations occurred with regard to the

17   lack of pre-filing diligence regarding the impact of the prior dismissals on the complaint in this

18   case under Rule 41, as well as the lack of adequate pre-filing diligence regarding the infringement

19   analysis prior to the filing of the complaints in both the Second Action and this Third Action.

20         Therefore, as discussed herein, these attorneys are **ORDERED** to show cause why they

21   should not be sanctioned under Rule 11 with regard to (1) their pre-filing inquiry and the baseless

22   assertion of the Third Complaint under Rule 41, and/or (2) their pre-filing inquiry and the baseless

23   assertion of the infringement allegations in the Third Complaint.

24   **III.**     **Court's Inherent Authority**

25         As discussed above, the Court is concerned about the action (or inaction) by Attorneys

26   Ramey, Kalra, and Kubiak in a number of areas. As noted, Mr. Kubiak appears on the pleadings

27   in the Second Action and in this Third Action, but he did not himself sign the pleadings. Further,

28   at the August 22, 2024 hearing, Ms. Kalra attempted to raise, but then withdrew, an argument that

United States District Court
Northern District of California

1   this Court somehow lacks jurisdiction to consider disciplining either Mr. Ramey or Mr. Kubiak

2   because they were never admitted *pro hac vice* in this case.  As the Court indicated at that hearing,

3   the Court is prepared to grant them *pro hac vice* status sua sponte to address any such procedural

4   argument, if any is raised.  The Court further recognizes that Mr. Ramey signed the last page of

5   each of the complaints in the Second and Third Actions but not the penultimate page of those

6   documents.  The Court is cognizant of the possibility that Mr. Ramey may argue that Rule 11 does

7   not reach his conduct because he did not sign the body of the complaints but only the pages with

8   the jury demands.  The Court recognizes that Mr. Kubiak did not himself personally sign the

9   Second or Third Complaints but is listed as one of the Attorneys for Plaintiff on those pleadings.

10          Accordingly, the Court further **ORDERS** all three attorneys to show cause why they

11   should not be sanctioned under the Court's inherent powers with regard to their conduct discussed

12   herein.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("A court must, of course, exercise

13   caution in invoking its inherent power, and it must comply with the mandates of due process, both

14   in determining that the requisite bad faith exists and in assessing fees. . . . Furthermore, when there

15   is bad-faith conduct in the course of litigation that could be adequately sanctioned under the rules,

16   the court ordinarily should rely on the rules rather than the inherent power.  But if in the informed

17   discretion of the court, neither the statute nor the rules are up to the task, the court may safely rely

18   on its inherent power.").

19          As detailed above, there are three general categories of conduct which the Court is

20   considering with regard to whether sanctions are appropriate under the full breadth of the Court's

21   inherent powers: (1) the unauthorized practice of law and/or abetting the unauthorized practice of

22   law; (2) inadequate pre-filing inquiry regarding the impact of the prior dismissals under Rule 41

23   before the complaint was filed in this Third Action; and (3) inadequate pre-filing analysis of

24   infringement (including claim interpretation in light of the specification and file history) by these

25   attorneys prior to the filing of the complaints in the Second Action and in this Third Action.

26          Accordingly, **IT IS ORDERED THAT**:

27          1.   By no later than **September 12, 2024**, Attorneys William P. Ramey, III, Jeffrey E. Kubiak,

28               and Susan S.Q. Kalra shall each respond in writing to this Order and shall **SHOW CAUSE**

United States District Court
Northern District of California

as to why this Court should not take appropriate action, including imposing sanctions, for their conduct discussed in detail herein.

2. The responses from each of these attorneys shall address all of the conduct and issues discussed here, and shall specifically address: (a) whether Mr. Ramey or Mr. Kubiak has engaged in the unauthorized practice of law in this Court and in California (and if not, why not); (b) whether Ms. Kalra has aided or abetted the unauthorized practice of law by these individuals in this Court and in California (and if not, why not); (c) whether Mr. Ramey or Mr. Kubiak has aided or abetted the unauthorized practice of law by the other in this Court and in California (and if not, why not); (d) whether these attorneys performed any reasonable pre-filing inquiry regarding the impact of the earlier dismissals *before* they filed the complaint in this case (and if so, what that inquiry consisted of); (e) whether these attorneys performed any reasonable pre-filing infringement analysis (including claim interpretation) *before* they filed the complaints in the Second Action and in this Third Action (and if so, what that pre-filing inquiry consisted of).  Each of these attorneys **SHALL** submit declarations under penalty of perjury in support of their showings.

3. If the responses to this Order (including the declarations) do not show sufficient cause, the Court will consider sanctions.  Accordingly, the responses shall also specifically address (a) whether the Court should report this matter (and/or Order these attorneys to self-report) to the State Bar of California, the State Bar of Texas, the Bar of the U.S. District Court for the District of Colorado, the U.S. Patent and Trademark Office, or other state bars; (b) whether the Court should refer this matter to the Northern District of California's Standing Committee of Professional Conduct and/or the Northern District of California's Chief District Judge for further investigation; and (c) whether the Court should impose monetary sanctions, non-monetary directives, and/or other discipline on these attorneys, and if so, in what amount or form.

4. As discussed at the August 22, 2024 hearing, an in-person Order to Show Cause Hearing is **SET** for **September 19, 2024 at 10:30 a.m.** in the San Francisco courthouse, Courtroom F before the undersigned.  Ms. Kalra is **ORDERED** to provide a courtesy copy of this Order

to Mr. Ramey and Mr. Kubiak promptly.  The Court **ORDERS** Mr. Ramey, Mr. Kubiak, and Ms. Kalra to attend **IN PERSON**.  Remote appearances will not be permitted.

**IT IS SO ORDERED.**

Dated:  August 29, 2024

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

16