Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800) 993- 7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
KOJI IP, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KOJI IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RENESAS ELECTRONICS AMERICA, INC., <br><br> Defendant. | Case No.: 3:24-cv-03089-PHK <br><br> **RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER** <br><br> **Date: September 19, 2024** <br> **Time: 10:30 a.m.** <br> **Magistrate Judge Peter H. Kang** |

# TABLE OF CONTENTS

I.    INTRODUCTION AND RESPONSE TO THE ALLEGED UNAUTHORIZED
      PRACTICE OF LAW ....................................................................................1

II.   RELEVANT FACTUAL BACKGROUND.................................................................4

III.  RELEVANT LAW ......................................................................................10

IV.   ARGUMENT - SANCTIONS UNDER RULE 11 OR THE COURT'S INHERENT
      POWER ARE NOT WARRANTED...........................................................11

      A.    Plaintiff Conducted an Adequate Pre-suit Investigation.....................................17

      B.    Ramey LLP's Lawyers Conduct Was Very Reasonable ...................................18

      C.    There Was No Merit Decision Of Plaintiff's Claims..........................................19

      D.    Rule 11 Sanctions are Not Warranted................................................................19

      E.    Sanctions Under the Court's Inherent Power are Not Warranted......................22

      F.    Sanctions Under §1927, Rule 11 or the Court's Inherent Power are not
            Warranted...........................................................................24

V.    CONCLUSION.............................................................................25

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066 ..............10, 20

4

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371 (Fed. Cir. 2017) .11, 18, 24

5

6

Edwards v. Gen. Motors Corp., 153 F.3d 242 (5th Cir.1998) ........................11, 24

7

*Fed. Deposit Ins. Corp. v. Maxxam, Inc.,* 523 F.3d 566 (5th Cir. 2008).............10

8

*Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001).......................................1, 10, 22

9

*In re Crystal Cathedral Ministries,* No. 2:12-BK-15665-RK, 2020 WL 1649619, (Bankr. C.D. Cal. Mar. 31, 2020), aff'd, No. 2:12-BK-15665-RK, 2021 WL 2182975 (B.A.P. 9th Cir. May 28, 2021) ........................20, 23

10

11

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996) ...........15, 17, 23

12

*Jenkins v. Methodist Hosp. of Dallas,* 478 F.3d 255 (5th Cir. 2007) ...................10

13

*Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985 (Fed. Cir. 1999)........16

14

*Judin v. United States*, 110 F.3d 780 (Fed. Cir. 1997) ...................................17, 20

15

*MeetrixIP, LLC v. Citrix Sys., Inc.*, No. 1:16-CV-1033-LY, 2017 WL 5986191 (W.D. Tex. Dec. 1, 2017) ..................................................................16

16

17

*Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022) ..........................................................................................14, 15, 20

18

19

*N. Telecom Ltd. v. Samsung Elecs. Co.*, 215 F.3d 1281 (Fed. Cir. 2000) ............16

20

*Park-In-Theatres v. Perkins,* 190 F.2d 137 (9th Cir. 1951) ................................12

21

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*)......................16

22

*Pisony v. Commando Construction, Inc.*, W-17-CV-00055-ADA, 2019 WL 928406 (W.D. Tex. Jan. 23, 2019) ...................................................................16

23

24

*Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334 (N.D. Cal. Aug. 14, 2020) ..............................................................3

25

26

*Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) ...........................................................................................................16

27

28

iii

United Energy Owners Comm., Inc. v. United States Energy Management Systems, Inc., 837 F.2d 356 (9th Cir. 1988)......................................................10

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981 (Fed.Cir.2000)...........................................................................................1, 14, 15

*Watts v. XLSys., L.P.*, No. 1:06-cv-653-LY, 2008 WL 5731945 (W.D. Tex. July 1, 2008)..................................................................................................16

**Rules & Regulations**

Fed. R. Civ. P. 11(b)(1)............................................................................10, 19

Ramey LLP ("Ramey LLP") files this Response to the Court's Show Cause Order dated August 29, 2024  ("Show Cause Order")[1] showing the Court that the Show Cause Order should be discharged without further order because:[2]

1. Ramey and all other attorneys at Ramey LLP were representing clients in California under the California Bar license of Susan Kalra and as Registered Patent Agents of the United States Patent & Trademark Office;

2. Ramey LLP's attorneys complied with its prefiling investigation by charting the accused product against a claim of the '703 patent;[3] and,

3. The conduct of Ramey LLP's attorneys was not in bad faith, or conduct that constituted or was tantamount to bad faith, to support a sanction under the Court's inherent power.[4]

## I.   INTRODUCTION AND RESPONSE TO THE ALLEGED UNAUTHORIZED PRACTICE OF LAW

Ramey LLP and its lawyers, William P. Ramey, III; Susan Kalra; and, Jeffrey Kubiak, respectfully respond to the Court's Show Cause Order[5] by first acknowledging that immediately upon Ms. Kalra reporting of the August 22, 2024 hearing, changes were made into the practice at Ramey LLP for all matters, including:

1. For all matters, only admitted attorney's names are on pleadings, whether as a

---

[1] Doc. No. 27.

[2] This response is filed on behalf of William P. Ramey, III, Susan Kalra and Jeffrey Kubiak, each of which has filed sworn declarations in support of this response.

[3] *See, e.g., View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed.Cir.2000).

[4] *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

[5] Doc. No. 27.

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

member of the bar or by pro hac vice and

2.  No longer is an attorney be listed on pleadings as *pro hac vice anticipated* or otherwise unless that attorney is admitted.[6]

Ramey LLP did not intend by its use of *pro hac vice anticipated* to indicate that it was practicing law in California or aiding another's practice of law.[7]  It has always been the practice of Ramey LLP to work under the bar admission of Susan Kalra on cases pending in California.[8]  Ramey LLP is not aware of any case where Ms. Kalra was not listed as the attorney of record but acknowledges that *pro hac vice* applications were not filed in all cases for the other attorneys.[9]

Ramey LLP always intended to file a motion pro hac vice as a case progressed, once past pleading stage.[10]  A decision was made by William Ramey, at the request of Carlos Gorrichategui in early 2022, a client manager, to attempt reduce costs on cases that resolved quickly, by not automatically filing a request for *pro hac vice* application.[11]  Beginning in around 2022, Ramey LLP stopped filing for *pro hac vice* applications in all case but incorrectly left a signature line with an attorney, that, if the case progressed, would later seek *pro hac vice* admission.[12]

While not intending to violate an ethical rule of the California State Bar, Rule of Practice

_____

[6] Declaration of William P. Ramey, III ("Ramey Decl.") at ¶19.

[7] Ramey Decl. at ¶20.

[8] Ramey Decl. at ¶20.

[9] Ramey Decl. at ¶20.

[10] Ramey Decl. at ¶21.

[11] Ramey Decl. at ¶21.

[12] Ramey Decl. at ¶21.

2

of this Court, or an ethical rule or rule of practice of any other State Bar, licensing authority or court, Ramey LLP acknowledges that its prior practice was in error and has corrected that issue. However, at all times, Ms. Kalra was acting as lead attorney on all California matters and William Ramey and Jeffrey Kubiak were practicing under her license.[13]  Further, as this Court acknowledged,[14] Mr. Ramey and Mr. Kubiak are licensed by the United States Patent & Trademark Office.  Therefore, Mr. Ramey and Mr. Kubiak are authorized to advise its client Koji on issues of claim scope, validity, and claim coverage as it relates to the claims of the '703 patent,[15] especially when working under the license of Ms. Kalra, who while having years of experience in analyzing patent claim scope is not licensed by the USPTO.[16]

Ramey LLP additionally left the signature block of Ramey and/or Kubiak on pleadings for Notice functions in an effort to assist Ms. Kalra who beginning in the summer of 2023, experienced some personal issues.[17]  Ramey LLP and its lawyers were not intending to flout the rules of the court but rather work with a colleague going through a difficult period and making sure no filing got missed.  There was no deceptive intent involved or intent to indicate that either William Ramey or Jeffrey Kubiak was licensed to practice law in California.[18]  Further, Ms.

---

[13] Ramey Decl. at ¶22; Declaration of Susan Kalra ("Kalra Decl."), at ¶¶2-4.

[14] Doc. No. 27 at 10.

[15] *Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334, at *5 (N.D. Cal. Aug. 14, 2020) (recognizing that individuals licensed by the USPTO may give opinions as to infringement).

[16] Ramey Decl. at ¶22; Kalra Decl. at ¶ 5.

[17] Ramey Decl. at ¶23; Kalra Decl. at ¶6; Supplemental Declaration of Susan Kalra (filed under seal).

[18] Ramey Decl. at ¶23; Kubiak Decl. at ¶14.

3

Kalra was not aiding or abetting the unauthorized practice of law as she was always licensed.[19] Each of William Ramey, Susan Kalra and Jeffrey Kubiak do not believe referral to a state bar, licensing authority or court for discipline is necessary. The conduct will not happen again and each lawyer apologizes to the Court. There was no intent by any lawyer at Ramey LLP to violate any ethical rule of rule of the Court. [20]

## II.    RELEVANT FACTUAL BACKGROUND

Plaintiff Koji IP, LLC ("Koji") sued Defendant Renesas Electronics America, Inc., ("Renesas") alleging that Renesas infringes U.S. Pat. Nos. 10,790,703 ("the '703 Patent"), entitled "Smart Wireless Power Transfer Between Devices" ("Patent-in-Suit") in the District of Colorado on June 30, 2023.[21] The claim chart used with the original complaint was prepared through the collaboration of Simon Sunatori, William Ramey, and Carlos Gorrichategui.[22] Prior to filing, and afterwards, William Ramey believed that the claim chart showed infringement as the elements of claim 1 of the '703 patent were mapped against Defendant's product.[23] In short, the claims of the patent were compared to the accused devices.[24]

Renesas's in-house counsel and director of intellectual property, Mr. Masaki Yabe, directly contacted Mr. Ramey On July 3, 2023 about the lawsuit filed a few days earlier. Mr. Yabe offered to discuss a royalty rate for the alleged infringement and requested an extension,

---

[19] Ramey Decl. at ¶23 Kalra Decl. at ¶¶2-4, 22.
[20] Ramey Decl. at ¶23; Kalra Decl. at ¶22; Kubiak Decl. at ¶13-14.
[21] Ramey Decl. at ¶4.
[22] Ramey Decl. at ¶24; Declaration of Simon Sunatori ("Sunatori Decl.") at ¶¶8-11; Declaration of Carlos Gorrichategui, Ph.D ("Gorrichategui Decl.") at ¶¶2-4, 14.
[23] Doc. No. 1-2; Ramey Decl. at ¶¶24-26.
[24] Ramey Decl. at ¶¶24-26.

which was freely offered.  On July 11, 2023, Mr. Yabe agreed to waive service of the summons.[25]

On July 20, 2023, Jason Crotty appeared as counsel for Renesas and opened a dialogue with Ramey LLP.  Mr. Crotty asked that the suit be dismissed because there was low sales volume, Renesas disagreed with infringement, and stated venue was improperly based on a distributor.[26]  Koji immediately began communicating with Defendant about the case, including both infringement and Defendant's contention that venue was improper.[27]  For venue, Koji provided evidence that it believed showed that Renesas controlled the sales agent, in that Renesas listed the location as its location:



For infringement, Koji provided a rebuttal to Renesas position, a portion of which is reproduced here with the reminder in Exhibit E:

---

[25] Ex. A, July 3, 2023 e-mail chain (e-mail at the end of the chain), to the Ramey Decl.; Ramey Decl at ¶5.
[26] Ex. B, July 20, 2023 e-mail chain (July 18, 2023 e-mail from Crotty to Kubiak), to the Ramey Decl.; Ramey Decl. at ¶6.
[27] Ex. B, July 20, 2023 e-mail chain; Ramey Decl. at ¶7.
[28] Ex. D, screenshot from Renesas website embedded in July 26, 2023 e-mail chain, to the Ramey Decl.

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK



29

William Ramey substantively addressed each of Renesas noninfringement positions.[30]  Renesas

did not further counter this argument but filed a motion to dismiss providing:

> The relationship between AKI GIBB and REA is governed by a Sales
> Representative Agreement which states that the relationship is that of "principal and
> selling representative."  (O'Sullivan Decl., ¶ 5.)  The agreement states that AKI GIBB is
> an independent contractor and not an employee or agent of REA.  (*Id.*)  REA does not
> own or control AKI GIBB, nor does it have any say in the day-to-day operations of AKI
> GIBB.  (*Id.*, ¶ 6.)  REA does not own or lease the AKI GIBB facility and does not have
> employees at AKI GIBB.  (*Id.*)  [31]

After receiving these sworn statements, which were not previously provided to Koji and

that likely established that the location relied upon for venue was not a location of Renesas, Koji

---

[29] Ex. E, claim chart attached to August 1, 2023 e-mail chain, to the Ramey Decl.
[30] Ramey Decl. at ¶9.
[31] Ex. F, Doc. No. 14 at 3 from Cause No. 1:23-cv-1674, to the Ramey Decl.

6

dismissed its lawsuit on September 6, 2023 without burdening the court or Renesas to address the arguments.  The dismissal was filed solely to effectuate dismissal and not a merits-based dismissal.[32]

On November 8, 2023, Koji refiled the lawsuit in the Northern District of California.[33] The claim charts used were those previously prepared[34] and where Renesas non-infringement position had been considered.[35]  I and Koji immediately began discussions with counsel for Renesas about additional accused products,[36] Renesas maintained that the sales volume of the accused product was very low.[37]  Koji and its counsel looked for additional products from Defendant.[38]  However, to not burden Renesas, on January 30, 2024, Koji agreed to dismiss without prejudice its lawsuit, to which Renesas agreed.[39]  The lawsuit was dismissed due to the low sales volume.  Defendant had not filed any motions in the case or otherwise appeared or responded.[40]

Shortly thereafter, William Ramey and his client's representative, Carlos Gorrichategui, Ph.D, discussed whether the sales of a newly charted product that was located had been included in the prior numbers and came to the conclusion it was not based on what had been provided to Renesas in the prior lawsuit.  Accordingly, Koji asked Ramey LLP to file a new lawsuit based

---

[32] Ramey Decl. at ¶10.
[33] Ex. G, Doc. No. 1 at 3 from Cause No. 5:23-cv-5750, to the Ramey Decl.
[34] Ramey Decl. at ¶¶11, 14, 27, 28; *Compare* Doc. No. 1-2 in 5:23-cv-05752 to Doc. No. 1-2 at 1:23-cv-01674.
[35] Ex. E, claim chart rebuttal attached to August 1, 2023 e-mail chain.
[36] Ex. H, January 23, 2024 e-mail chain, to the Ramey Decl.; Ramey Decl. at ¶12.
[37] Ramey Decl. at ¶12.
[38] Ramey Decl. at ¶11, 14; Gorrichategui Decl. at ¶¶9-11, 14.
[39] Ex. J, January 30, 2024 e-mail chain, to the Ramey Decl.
[40] Ramey Decl. at ¶13.

7

on the newly charted product.[41]   On May 22, 2024, Koji filed the new lawsuit, accusing the entirely different Renesas system.[42]

Renesas's lawyer responded by letter on May 31, 2024, that Koji's lawsuit was foreclosed as it had been dismissed twice.[43]   The letter asked that the lawsuit be promptly dismissed.   After further discussions with Renesas's counsel, the lawsuit was dismissed with prejudice on June 12, 2024.[44]   Renesas had not entered an appearance or filed any document in the case.   The case was less than two months old.

In summary, Plaintiff filed a first complaint in a venue it believed correct based on Defendant's website.   Plaintiff's counsel engaged Defendant's counsel on both infringement and venue.   Plaintiff provided an infringement chart with its allegations.   Defendant provided evidence the venue was incorrect and rather than burden the court or Renesas with further pleading on a motion that likely would be granted, Koji dismissed the lawsuit to move it to California.   Once in California, Koji engaged Renesas again and even provided an infringement chart of a new product but ultimately dismissed the lawsuit due to low sales the accused charted products in the complaint.   Notably, Koji dismissed the lawsuit prior to Renesas needing to enter an appearance.   On reflection that a charted product was not included in the sales volume, Koji filed a new lawsuit accusing a new product.   As was standard practice for new lawsuits at the time, a copy was sent to the Defendant with a proposed settlement letter.   Mistakenly, the copy was sent to Defendant's in-house counsel who had previously reached out on his own to Ramey

---

[41] Ramey Decl. at ¶14; Gorrichategui Decl. at ¶11.
[42] Ex. K, Doc. No. 1-2, to the Ramey Decl.
[43] Ex. L, Letter to Ramey from Crotty at 1, to the Ramey Decl.; Ramey Decl. at ¶15.
[44] Doc. No. 12.

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

LLP.  Ramey LLP has updated its procedure to ensure that when outside counsel is known copies are sent to outside counsel and not the defendant's in-house counsel.[45] No further direct contact was made with Defendant after receiving Defendant's counsel's letter.[46]

Renesas's counsel responded that the previous dismissal was in effect with prejudice and therefore the current lawsuit should be dismissed.[47]  Ramey LLP's opinion was that the dismissal of the Colorado lawsuit did not count as a prior dismissal for purposes of Rule 41 as it was done on venue grounds and to conserve the resources of the parties.[48]  William Ramey knew from his over 20 years of practice that Rule 41 allowed, under certain circumstances, more than 2 dismissals.[49]  However, further research did not provide a definitive case on the issues so Koji decided to dismiss the lawsuit with prejudice before Renesas would be required to expend resources answering or otherwise responding.[50] Koji instructed its counsel to seek a dismissal where each party bearing its own fees and costs but Renesas refused.[51] Rather than fight motion practice and increase the costs for both sides, Koji dismissed *with prejudice* its lawsuit over all products that might infringe the '703 patent.[52]  Notably, when Koji dismissed, Renesas had not entered an appearance.  Renesas only entered an appearance to file its motion for fees.  Moreover, prior to the motion for fees, Renesas had not filed a single document in the case.  In short, Renesas's activity was a few communications with opposing counsel.

---

[45] Ramey Decl. at ¶16.
[46] Ramey Decl. at ¶16.
[47] Ramey Decl. at ¶17.
[48] Ramey Decl. at ¶17.
[49] Ramey Decl. at ¶17.
[50] Ramey Decl. at ¶17.
[51] Ramey Decl. at ¶18.
[52] Doc. No. 12.

## III.   RELEVANT LAW

Rule 11 sanctions address filings with a court, not alleged attorney misconduct.[53] Rule 11 expressly requires that an attorney presenting a pleading, motion, or other paper before a court certify that the attorney has performed "an inquiry reasonable under the circumstances" such that he can verify that (1) "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," (2) "the claims ... are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;" (3) "the factual contentions have evidentiary support or, ... will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."[54] A Rule 11 analysis is a strictly objective inquiry and inquiries into any alleged motivation behind a filing are improper.[55] When a claim is charted against an accused product,  the lawyers involved may only be sanctioned for violating Rule 11(b)(2) if a reasonable attorney would have concluded that the claim construction proposed by the lawyer was frivolous.[56]

The Ninth Circuit is clear that an award of sanctions under a court's inherent authority must be preceded by a finding of bad faith, or conduct that constituted or was tantamount to bad faith.[57]

---

[53] Fed.R.Civ.P. 11; *see also United Energy Owners Comm., Inc. v. United States Energy Management Systems, Inc.,* 837 F.2d 356, 364–65 (9th Cir. 1988).
[54] Fed.R.Civ.P. 11(b)(1)–(3).
[55] *Fed. Deposit Ins. Corp. v. Maxxam, Inc.,* 523 F.3d 566, 580 (5th Cir. 2008); *Jenkins v. Methodist Hosp. of Dallas,* 478 F.3d 255, 264 (5th Cir. 2007).
[56] *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072–73 (Fed. Cir. 2002).
[57] *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

1
2

**IV.     ARGUMENT - SANCTIONS UNDER RULE 11 OR THE COURT'S INHERENT POWER ARE NOT WARRANTED.**

3

Renesas has made no showing that counsel for Koji should be independently sanctioned.

4

There is simply no "evidence of bad faith, improper motive, or reckless disregard of the duty

5

owed to the court."[58]  Here, the case was at the pleading stage and the case was dismissed prior

6

to the other side entering an appearance.  This is routine litigation and there is no evidence to the

7

contrary.  Sanctions against counsel for Koji would have a chilling effect on Ramey LLP and its

8

ability to file lawsuits, is inappropriate and without legal basis.  There is no evidence that Ramey

9

LLP's conduct (or the conduct of its lawyers) warrants sanction under the inherent power of the

10

Court or Rule 11 as there is no bad faith conduct or conduct tantamount to bad faith and all

11
12

pleadings were filed after a reasonable inquiry and with a good faith basis in the law and facts.

13

There simply no evidence to overcome the presumption that the lawsuit was filed in good faith.[59]

14
15

Ramey LLP admits that it filed three cases on behalf of its client Koji against Renesas.

16

The first was dismissed by Koji when it determined that it would likely lose a venue motion.[60]

17

Rather than dismissed to increase costs, the case was dismissed to reduce costs.  Koji had a good

18
19

faith basis for claiming venue in Colorado and could have pressed the motion which it may have

20

won or may have lost.  In an effort to compromise, Koji dismissed, but not on the merits, rather

21

to reduce costs for all parties and transfer the case. The only evidence before the Court is that

22
23

the case was dropped to reduce cost.  It is hard to fathom how an action to reduce cost, an action

24

that is working with opposing counsel, can support a Rule 11 Sanction or a sanction under the

25
26
27

[58] *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998).

28

[59] *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).
[60] Ramey Decl. at ¶10.

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

Court's inherent power?  Koji could have let the court in Colorado decide the venue motion which at worse would have resulted in dismissal or transfer to California.  Therefore, Renesas in fact saved resources of the parties and the judiciary because of Koji's decision to dismiss.

Koji admits that it refiled the same infringement allegations it previously dismissed in Colorado in the Northern District of California.[61]  The lawsuit was filed November 8, 2023 at the venue Renesas previously said was correct.  As before, Koji opened communications with opposing counsel.[62]  While Renesas counsel beats the drum that no response was received to its noninfringement position, such statement is false as Koji replied to each argument with a refuting claim chart.[63]  That Renesas may disagree with the arguments is not unexpected in patent litigation.  The chart and rebuttal are unrefuted evidence at this stage of the litigation that Koji's claims were made in good faith, as was the case in *Park-In-Theatres v. Perkins*.[64]  That Renesas's lawyer claims that no response was made belies belief and illustrates that such false statements are only to make opposing counsel seem to have acted in an unreasonable manner.  However, such was not the case here and it is tantamount to bad faith for Renesas's counsel to make such a false statement.  Koji and its counsel worked the case with Defendant's counsel to expeditiously and economically resolve it, without burdening the court.  Ultimately, Renesas maintained that the sales of the charted products in the second suit were very low, around $4k.[65]  Rather than add the new claim chart, Koji dismissed the lawsuit without prejudice as it further

---

[61] Doc. No. 1 in Cause No. 5:23-cv-5752.
[62] Ramey Decl. at ¶11.
[63] Ex. M; Ramey Decl. at ¶9.
[64] 190 F.2d 137, 143 (9th Cir. 1951) (a case approvingly cited by the Supreme Court for the standard of what are extraordinary circumstances for awarding fees under Section 285).
[65] Ex. B at July 28, 2024 e-mail.

investigated its claims.[66]  The case was pending for two months.  Renesas did not even enter an

appearance or take any other action in the matter besides a few discussions with counsel for Koji.

Koji's manager approached Ramey LLP and asked if there were any claims left to pursue

for a new product.[67]  Upon review of the file, Ramey LLP determined that the additional product

charted had not been accounted for in the sales volume and advised its client that the suit could

be refiled as new complaint against was against a new product.[68]  On May 22, 2024, Koji filed

a new lawsuit against Renesas asserting the '703 patent against a new product that was not

previously sued.[69]

Unexpectedly, Renesas claimed the lawsuit was barred by Rule 41.  However, and less

than 2 months later, Ramey LLP dismissed the lawsuit when it could not find authority

equivocally stating that Renesas's position was incorrect and given the low sales volume.  Ramey

LLP believed it had a valid lawsuit as the claims were not the same claims made in the prior suit

and the Ramey LLP did not believe the Colorado dismissal based on venue would count under

Rule 41 as a prior dismissal.[70] William Ramey knew from his over twenty years of experience

that there was an exception to Rule 41 dismissals that allowed a refiling in situations like this.[71]

However, in not wanting to improperly maintain a lawsuit and in light of the fact the Defendant's

counsel maintained that the sales of the newly charted product were small, the case was

dismissed.  At all times, Ramey LPP evaluated its position and modified that position to make

---

[66] Doc. No. 12.
[67] Gorrichategui Decl. at ¶11.
[68] Ramey Decl. at ¶14.
[69] Doc. No. 1 and 1-2 (suing a new Renesas product).
[70] Ramey Decl. at ¶17.
[71] Ramey Decl. at ¶17.

the litigation less burdensome to all parties.[72]  Before filing the infringement action for the third time, a chart comparing a new product was prepared in collaboration by William Ramey and Simon Sunatori.[73]  It is believed that this chart establishes the reasonableness of the pre-filing inquiry made in this patent infringement case under Rule 11.[74]  Further, the Federal Circuit has found that such an analysis is evidence of compliance with Rule 11 for a patent infringement case.[75]

Moreover, Rule 41 specifically allows a lawsuit to be filed more than twice if there is an explanation for why the Rule should not apply.  William Ramey relied on his over 20 years of experience in refiling the lawsuit.[76]  Ramey knew there were exceptions that allowed the refiling of a complaint, in cases where there is "a persuasive explanation for the course of litigation."[77]  Here, the dismissal in Colorado was more akin to convenience and not a merits dismissal.  Further, the third lawsuit charted a new product that had not been alleged as infringing in the prior suit.

Plaintiffs hire Ramey LLP and its lawyers for this experience, knowing how to conduct themselves in patent infringement litigation.  However, given Defendant's counsels requests and comments that the sales volume of the newly charted product were low, the lawsuit was ultimately dismissed with prejudice.[78]  Under Rule 41 jurisprudence, the filing of the third

---

[72] Ramey Decl. at ¶26.
[73] Ramey Decl. at ¶26.
[74] *See, e.g., View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).
[75] *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed.Cir.2000).
[76] Ramey Decl. at ¶¶17, 27.
[77] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).
[78] Ramey Decl. at ¶28.

lawsuit was allowed.[79]  Ramey LLP freely admits that the Court may probe the circumstances of the filing but the fact that the case law allows the filing is evidence that the filing was not so unreasonable as to warrant a Rule 11 sanction or a sanction under the Court's inherent power.[80]

As such, there is believed to be no evidence before this Court that that the any of the complaints filed against Defendant did not comply with Rule 11.  Each chart compared the claims of the accused device against the elements of a claim from the '703 patent, namely claim 1, thus establishing a reasonable basis for the filing of each lawsuit.

The Federal Circuit court has construed Rule 11, in the context of patent infringement actions, to require that an attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement.[81]  Here, the claim chart prepared prior to the filing of both the second[82] or third lawsuit adopted a plain and ordinary construction of the claims terms, needing no further construction.[83]  Under Rule 11, because claim construction is a matter of law, an attorney's proposed claim construction is subject to the Rule 11(b)(2) requirement that all legal arguments be nonfrivolous. In the Ninth Circuit, an attorney's legal arguments using a standard of objective reasonableness.[84]  To satisfy that requirement, there must be some basis in law to support each legal argument in the complaint.

---

[79] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).
[80] *See, e.g., id.*
[81] *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986, 54 USPQ2d 1179, 1182 (Fed.Cir.2000).
[82] The claim chart filed with the first lawsuit was the same chart filed with the second lawsuit.
[83] Ramey Decl. at ¶25; Kalra Decl. at ¶25; Kubiak Decl. at ¶16.
[84] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).

For the law on claim construction, the Federal Circuit controls and there is a heavy bias towards a plain and ordinary meaning.  During claim construction, the words of the claims themselves are used to define the scope of the patented invention.[85] In determining the meaning of the claims, "there is a 'heavy presumption in favor of the ordinary meaning of claim language.'"[86]  Ordinary meaning is defined as the "meaning that term would have to a person of ordinary skill in the art in question at the time of invention."[87]  In fact, there are only two situations where a sufficient reason exists to require the entry of a definition of a claim term other than its plain and ordinary meaning. The first arises if the patentee has chosen to be his or her own lexicographer by clearly setting forth an explicit definition for a claim term. The second is where the term or terms chosen by the patentee so deprive the claim of clarity that there is no means by which the scope of the claim may be ascertained from the language used.[88] Thus, William Ramey's, Susan Kalra's and Jeffrey Kubiak's proposed claim constructions for the terms of the '703 patent as plain and ordinary meaning find support in the existing law and are not frivolous but rather well-founded and suffice for compliance with Rule 11(b)(2).

---

[85] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*).
[86] *Watts v. XLSys., L.P.*, No. 1:06-cv-653-LY, 2008 WL 5731945, at *7 (W.D. Tex. July 1, 2008)  (quoting *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999)); *see also MeetrixIP, LLC v. Citrix Sys., Inc.*, No. 1:16-CV-1033-LY, 2017 WL 5986191, at *2 (W.D. Tex. Dec. 1, 2017) (citing *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012))("The Federal Circuit has reaffirmed that a departure from the ordinary and customary meaning is the exception, not the rule.").
[87] *Phillips*, 415 F.3d at 1313; *see also Pisony v. Commando Construction, Inc.*, W-17-CV-00055-ADA, 2019 WL 928406, at *1 (W.D. Tex. Jan. 23, 2019). "[T]he person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."  *Phillips*, 415 F.3d at 1313.
[88] *N. Telecom Ltd. v. Samsung Elecs. Co.*, 215 F.3d 1281, 1291 (Fed. Cir. 2000) *citing Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 990 (Fed. Cir. 1999).

16

In evaluating whether there is a Rule 11 violation for the pre-suit investigation, a counsel must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations.[89] Here, detailed claim charts were prepared that compared the accused device against the claim elements, thus showing compliance with Rule 11(b)(3).

The Ninth Circuit applies and objective-objective test such that an attorney may not be sanctioned under Rule 11 for either:

1. filing a complaint well-founded in fact and law with what a court determines to have been an inadequate pre-suit investigation or

2. filing a complaint found not to be well-founded in the law or fact but where there was an adequate pre-suit investigation.[90]

In short, at a minimum, there must be a frivolous pleading for there to be a rule 11 violation. In the present case, there is no frivolous pleading as there was adequate investigation to make the both the legal and factual allegations in the complaint.

### A. Plaintiff Conducted an Adequate Pre-suit Investigation

A primary concern in a Rule 11 analysis is the merits of the case, as filed. Here, Ramey LLP used technical resources, including both in-house and Simon Sunatori, to draft all claim charts in this matter. Mr. Sunatori is a professional engineer and has a Master's degree in Engineering who was engaged by DynaIP Deals to assist in identifying alleged infringing products.[91] Sunatori's diligence included comparing Renesas products to the claims of the '703

---

[89] *Judin,* 110 F.3d at 784, 42 USPQ2d at 1304.
[90] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).
[91] Sunatori Decl. at ¶3.

patent with the assistance of William Ramey of Ramey LLP.[92]  Ramey LLP and Sunatori continued to work with one another to address Renesas's argument that it did not infringe, preparing counter arguments that were submitted to Renesas.[93]  When sales were found to be low of the original accused instrumentality, Sunatori helped Ramey LLP locate a new product and helped develop the new claim charts.[94]  In short, Ramey LLP asserted the patents against the Renesas devices only after collaboration with a technical expert, Sunatori who has over 25-years-experience with patents and research and development.[95]   At this stage of the litigation, Ramey LLP asserts that the complaints were asserted in a good faith belief that infringement existed, and still exists.[96]  There simply is no evidence that the lawsuits were not filed in good faith.[97] Moreover, Renesas did not put any evidence of bad faith in its motion.

### B.  Ramey LLP's Lawyers Conduct Was Very Reasonable

There simply is no evidence that Ramey LLP acted unreasonably.  In fact, the opposite is true, Renesas's counsel and Ramey LLP were in constant communication.  Ramey LLP submitted charts in response to Renesas's noninfringement positions[98] and dismissed cases rather than increase the costs of litigation.[99]  Had Ramey LLP dug its feet in and not dismissed, the case would be continuing, in Ramey LLP's opinion.  However, to reduce risk for all parties, Koji dismissed its claims after engaging with Defendant's counsel.  There is simply nothing

---

[92] Sunatori Decl. at ¶8.

[93] Sunatori Decl. at ¶¶10-11.

[94] Ramey Decl. at ¶14.

[95] Sunatori Decl. at ¶7.

[96] Ramey Decl. at ¶14.

[97] *See, e.g., Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (presumption lawsuit is filed in good faith).

[98] Exs. I and D.

[99] Ramey Decl. at ¶9.

improper about such conduct.  In fact, it should be encouraged.  A Rule 11 or inherent power sanction would only work to discourage parties from openly communicating and working to resolve cases.

### C.  There Was No Merit Decision Of Plaintiff's Claims

Renesas failed to obtain any ruling from a court that Koji's claims were not meritorious. Koji litigated in a timely and reasonable matter responding to the opposing counsel.  Fees are not to be awarded under Rule 11 unless it is shown that there was no a reasonable inquiry such that the attorney can verify that (1) "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," (2) "the claims ... are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;" (3) "the factual contentions have evidentiary support or, ... will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."[100] Here, Koji's lawyers complied with this duty and there is no evidence otherwise.

### D.  Rule 11 Sanctions are Not Warranted

The Court ordered a response as to (1) the pre-filing inquiry into the Complaint under Rule 41 and (2) the prefiling inquiry into the allegations in the Third Amended Complaint.[101] As set forth above, William Ramey knew based upon his over twenty years of legal experience that the law allows the filing of a complaint under certain circumstances even if twice dismissed.[102]  The Ninth Circuit's test is whether there is "a persuasive explanation for the course

---

[100] Fed. R. Civ. P. 11(b)(1)–(3).
[101] Doc. No. 27 at 13.
[102] Ramey Decl. at ¶19.

of litigation."[103]   Here, William Ramey believed there was a persuasive explanation and Susan Kalra relied on William Ramey in authorizing the filing of the complaint.[104]   For Rule 11 purposes, an attorney is allowed to rely upon another attorney.[105]   However, that does not shield the attorney from liability under Rule 11.   Moreover, while the Ninth Circuit reliance on forwarding co-counsel may in certain circumstances satisfy an attorney's duty of reasonable inquiry, the counsel must acquire knowledge of facts sufficient to enable them to certify that the paper is well-grounded in fact. An attorney who signs the pleading cannot simply delegate to forwarding co-counsel his duty of reasonable inquiry.[106]   Here, Ms. Kalra, while not involved with preparing the claim charts was satisfied that they complied with Rule 11.[107]   Ms. Kalra trusted the charts she was sent from Mr. Ramey because they had worked together for many years and she trusted his work.[108]   Further, the charts have not been shown to frivolous to warrant a Rule 11 sanction,[109] rather the charts are a are well grounded in fact.   The charts compare each element to the accused device: For the preamble of Claim 1:

---

[103] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).
[104] Ramey Decl. at ¶24.
[105] *See, e.g., Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997).
[106] *In re Crystal Cathedral Ministries*, No. 2:12-BK-15665-RK, 2020 WL 1649619, at *36 (Bankr. C.D. Cal. Mar. 31, 2020), *aff'd*, No. 2:12-BK-15665-RK, 2021 WL 2182975 (B.A.P. 9th Cir. May 28, 2021)
[107] Ramey Decl. at ¶24; Kalra Decl. at ¶¶24-25.
[108] Ramey Decl. at ¶24; Kalra Decl. at ¶¶24-25.
[109] *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072–73 (Fed. Cir. 2002).

| US10790703 Claim 1 | Renesas Electronics's PTX130W/PTX30W |
|---|---|
| 1. A wireless power transfer system for wirelessly charging a powered device, comprising: | **RENESAS**<br><br>PTX130W/PTX30W Hardware Integration<br><br>© 2023 Renesas Electronics<br><https://www.renesas.com/us/en/document/mah/ptx130w-ptx30w-hardware-integration-manual?r=25426216><br>R35UH0013EE0100 Rev.1.00<br>Nov 22, 2023<br><br>*Renesas Electronics's PTX130W/PTX30W (MUST BE BOUGHT TOGETHER IN ORDER TO ACHIEVE POWER TRANSFER) is a wireless power transfer system for wirelessly charging a powered device.* |

[110]   Koji identifies defendant's accused product by web address and name, and with an explanation in red. For the next claim element, Koji identifies a product features webpage from Defendant:

| US10790703 Claim 1 | Renesas Electronics's PTX130W/PTX30W | |
|---|---|---|
| a **battery power source** for supplying power to the wireless power transfer system; | **Product features** | |
| | Ultra-low power on-chip embedded core | ✓ |
| | Integrated PMIC solution | ✓ |
| | Integrated flexible battery charger with reverse current limiter | ✓ |
| | Integrated highly efficient active rectifier | ✓ |
| | Standalone mode of operation (without Host MCU) | ✓ |
| | Embedded power regulation control | ✓ |
| | Required PCB integration area (est.) | 17 mm² |
| | Rectification efficiency (AC to DC) | up to 92% |
| | Energy harvesting [W] | up to 1W |
| | Charging current range [mA] | 5-250 mA |
| | Li-Ion and Li-Polymer batteries support | ✓ |
| | Charge status monitor | ✓ |
| | On-chip over-temperature detection/protection | ✓ |
| | Transparent data exchange channel | ✓ |
| | Shipping mode (support for battery protection) | ✓ |
| | System MCU supply output voltage, typ. [V] | 1.8, 3.3 V |
| | Battery-less power supply output | ✓ |
| | JEITA support | ✓ |
| | Shipping mode current consumption, typ. [nA] | 25 nA |
| | I2C clock frequency [kHz] | Up to 1 MHz |
| | Available packages | CSP16 |
| | Temperature range [°C] | -40 to +85 |
| | <https://www.renesas.com/us/en/document/ovr/nfc-wireless-charging-wlc-product-overview?r=25426216> 2022-12-15 | |
| | *For example, Renesas Electronics's PTX130W/PTX30W describes "Li-Ion and Li-Polymer batteries support", which means the existence of a battery power source.* | |

[111]

Wherein Koji identifies the element. For the next element, Koji includes another screenshot:

---

[110] Doc. No. 1-2 at 4 of 11.
[111] Doc. No. 1-2 at 5 of 11.

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK



wherein Koji explains Defendants' wireless charging system from its own website. Koji proceeds through the next several elements to provide screenshots from Defendant's website that explain the functionality of the accused product.[113] No further showing is necessary to comply with Rule 11 at the pleading stage. Each of William Ramey, Susan Kalra and Jeffrey Kubiak have shown compliance with Rule 11.[114]

### E.  Sanctions Under the Court's Inherent Power are Not Warranted

The Ninth Circuit is clear that an award of sanctions under a court's inherent authority must be preceded by a finding of bad faith, or conduct that constituted or was tantamount to bad faith.[115] Here, there is no showing of bad faith.

---

[112] Doc. No. 1-2 at 6 of 11.
[113] Doc. No. 1-2 at 7-11/11.
[114] Ramey Decl. at ¶24.
[115] *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

The Court requested that sanctions under the court's inherent power are addressed for (1) the unauthorized practice of law or abetting the unauthorized practice of law, (2) inadequate pre-filing inquiry regarding the impact of prior dismissals before the Third Amended Complaint was filed and (3) pre-filing analysis of infringement (including claim interpretation in light of the specification and file history) prior to filing the Second and Third Action.

As discussed herein, there is no evidence or showing that any of the complaints filed by Koji or by its attorneys are improper under Rule 11. Each of William Ramey, Susan Kalra and Jeffrey Kubiak maintain that they performed an adequate investigation under the circumstances.[116] Moreover, Ms. Kalra relied on William Ramey and Jeffrey Kubiak in filing both the second and third complaints.[117] There is no evidence that either the second or third complaint fail to comply with Rule 11. In the Ninth Circuit, a rule 11 violation requires a frivolous pleading either upon the facts or the law. Here, as there is no frivolous pleading, there is no Rule 11 violation.[118]

Koji was prepared to test the merits of its infringement position,[119] but ultimately decided to dismiss due to other factors. Renesas's comment that a $5,000 offer to settle is less than the cost of defense ignores the realities of the case, as it was Renesas that claimed sales were around $4k.[120] Therefore, a $5,000 settlement offer is not unrelated to the damages in the case but rather directly in line.

---

[116] Ramey Decl. at ¶24; Kalra Decl. at ¶¶25-27; Kubiak Decl. at ¶15.
[117] *In re Crystal Cathedral Ministries*, No. 2:12-BK-15665-RK, 2020 WL 1649619, at *36 (Bankr. C.D. Cal. Mar. 31, 2020), *aff'd,* No. 2:12-BK-15665-RK, 2021 WL 2182975 (B.A.P. 9th Cir. May 28, 2021).
[118] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).
[119] Ramey Decl. at ¶17.
[120] Ex. B at July 28, 2024 e-mail.

**F. Sanctions Under §1927, Rule 11 or the Court's Inherent Power are not Warranted.**

Renesas has made no showing that counsel for Koji should be independently sanctioned. There is simply no "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[121] Here, the case was at the pleading stage and dismissed after counsel discussed the cases. This is routine litigation and there is no evidence to the contrary.  Renesas's request for sanctions against counsel for Koji is designed to have a chilling effect on Ramey LLP and its ability to file lawsuits, is inappropriate and without legal basis.  Renesas has presented no evidence to the Court that Ramey LLP's conduct (or the conduct of its lawyers) warrants sanction under Section 1927 or the inherent power of the Court.  Renesas has failed to even allege the proper standard, that of bad faith, of which there is none.  The petty comments by counsel for Renesas serve no purpose in this case or any other case.  Here, the present case was dismissed prior to Renesas even entering an appearance.  Counsel for Renesas's appearance is the sole reason Renesas incurred expenses for this case.  There simply no evidence to overcome the presumption that the lawsuit was filed in good faith.[122]

Ramey LLP has a mission of making patent litigation available to all patent owners with valid infringement claims.  Ramey LLP is able to level the playing field by efficiently litigating patent infringement cases .  Ramey LLP tries to make patent infringement litigation affordable for those patent infringement cases where the potential damages make the case unattractive to most firms.  Ramey LLP believes all meritorious claims can be pursued and all intellectual

---

[121] *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998).
[122] *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

property owners deserve representation.  That Renesas finds itself accused of infringing patents is not a commentary on Ramey LLP but rather the business practices of Renesas.

## V.      CONCLUSION

The Court's Show Cause Order should be discharged without sanction.  Ramey LLP and its lawyers William Ramey, Susan Kalra and Jeffrey Kubiak have modified their practice to ensure that there is no further pleadings submitted with a lawyers name not already admitted into the court.  There was no intent to deceive or violate any rule of a state bar, licensing authority, or court.  However, Ramey LLP and its lawyers have modified their actions and the issue will not repeat.

Further, the Court should discharge its Show Cause Order under Rule 11 and its inherent authority as Ramey LLP has shown that each of the complaints it filed were appropriately based under the then existing law and facts and there is no evidence that Ramey LLP or its lawyers intended to commit a fraud on the Court or engaged in conduct that was tantamount to fraud.


Dated: September 12, 2024                                    Respectfully submitted,

                                                            RAMEY LLP

                                                            */s/ Susan S.Q. Kalra*
                                                            Susan S.Q. Kalra, CA SBN 167940
                                                            Email: skalra@rameyfirm.com
                                                            303 Twin Dolphin Drive, Suite 600
                                                            Redwood City, CA 94065
                                                            Telephone: (800) 993-7499
                                                            Fax: (832) 900-4941

                                                            *Attorneys for Plaintiff*
                                                            Koji IP, LLC