Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800) 993- 7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
KOJI IP, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>RENESAS ELECTRONICS AMERICA, INC.,<br><br>      Defendant. | Case No.: 3:24-cv-03089-PHK<br><br>**DECLARATION OF SUSAN KALRA IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER**<br><br>**Date: September 19, 2024**<br>**Time: 10:30 a.m.**<br>**Magistrate Judge Peter H. Kang** |

**DECLARATION OF SUSAN KALRA**

I, Susan Kalra, declare as follows:

1. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of California and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff in the above-captioned lawsuit.

3. My office is located at 303 Twin Dolphin Drive, Suite 600, Redwood City, CA 94065. I have had a physical office in Suite 600 for approximately three years, including all of the time during which I have been employed by Ramey LLP. I have a key to my office door, which I will bring with me to the hearing.

4. I have been admitted to practice law in California continuously since December 1993.

5. I have been employed by Ramey LLP since early February 2023. Since that time, my practice has been almost exclusively patent litigation. Prior to becoming an employee of the firm, I worked on patent litigation matters with the firm since approximately October 2021, as local counsel. Since working with the firm, I have gained experience in analyzing patent claims scope; however, I am not admitted to practice before the USPTO, nor have I ever been.

6. As set forth more fully in my "Supplemental Declaration" filed herewith, beginning in the Summer of 2023 I experienced personal issues that have taken months to significantly improve. During that time, I relied on the highly competent Partners at the Ramey LLP firm to work on cases and court filings including claim charts, and I utilized the firm's staff to assist with filings. I reviewed documents including complaints and memoranda before they were filed. Also during this time I appeared in this Court on a number of cases – as I have ever since I

became an employee of the firm in February 2023 – at case management conferences and motion hearings.

7. Plaintiff Koki IP, LLC ("Koji") sued Defendant Renesas Electronic Americas, Inc., ("Renesas") alleging that Renesas infringes U.S. Pat. Nos. 10,790,703 ("the '703 Patent"), entitled "Smart Wireless Power Transfer Between Devices" ("Patent-in-Suit"). On November 8, 2023, I filed the lawsuit in the Northern District of California (case no. 5:23-cv-05750). Based on my discussions with William P. Ramey, III, the named Partner of the firm, Koji had previously sued Renesas in the District of Colorado, and had dismissed the case without prejudice in September 2024 because the defendants had provided sufficient documentation to prove that venue was improper. It was my understanding that the defendants had agreed to the dismissal without prejudice.

8. I understood from Mr. Ramey that he was already in communication with Renesas's counsel, and that he would continue to communicate with counsel.

9. On January 30, 2024, Koji filed a dismissal without prejudice. I understood from Mr. Ramey that Renesas agreed to a dismissal without prejudice, and that it was being dismissed because Renesas demonstrated that the sales volume of the accused product was very low. Renesas had not filed any motions in the case or otherwise appeared or responded to the complaint.

10. On May 22, 2024, Koji filed a new lawsuit in this Court, accusing an entirely different Renesas system through a complaint I approved. Both Ramey LLP and Koji believed the lawsuit to be well founded and the infringement read to be good at the time of filing, that it was brought in good faith. Exhibit C to the Declaration of William P. Ramey, III ("Ramey Declaration") is

DECLARATION OF SUSAN KALRA IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

a true and correct copy of an e-mail chain dated June 7, 2024 forwarding the complaint to in-house counsel that had contacted Mr. Ramey previously.

11. Renesas's lawyer responded by letter on May 31, 2024, that Koji's lawsuit was foreclosed as it had been dismissed twice. The letter asked that the lawsuit be promptly dismissed. After further discussions with Renesas's counsel, the lawsuit was dismissed with prejudice on June 12, 2024. Renesas had not entered an appearance or filed any document in the case. The case was less than two months old. Exhibit L to the Ramey Declaration is a true and correct copy of a Letter from Defendant's counsel to Ramey LLP.

12. Renesas's counsel responded that the previous dismissal was in effect with prejudice and therefore the current lawsuit should be dismissed. Our opinion was that the dismissal of the Colorado lawsuit did not count as a prior dismissal for purposes of Rule 41 as it was done on venue grounds and to conserve the resources of the parties. Based upon my over 20 years of practice, as with most rules, there are exceptions to a matter being dismissed with prejudice upon a second dismissal under rule 41. I believed the circumstances of the prior dismissals allowed the filing of the complaint. Mr. Ramey and I shared this understanding.

13. Koji instructed Mr. Ramey to seek a dismissal where each party bearing its own fees and costs but Renesas refused. Rather than fight motion practice and increase the costs for both sides, I dismissed *with prejudice* Koji's lawsuit over all products that might infringe the '703 patent. Notably, when Koji dismissed, Renesas had not entered an appearance. Renesas only entered an appearance to file its motion for fees.

14. After the August hearing in this matter, Mr. Ramey and I discussed the Court's requirements from the hearing. We immediately modified the practice at Ramey LLP such that

- For all matters, only admitted attorney's names are on pleadings, whether as a

       member of the bar or by pro hac and

- No longer is an attorney to be listed on pleadings as *pro hac vice anticipated* or otherwise unless admitted.

20. Neither I nor the other attorneys at Ramey LLP intended for the use of *pro hac vice anticipated* to indicate that it was practicing law in California or aiding another's practice of law. It has always been the practice of Ramey LLP to work under my California bar admission on cases pending in California. I am not aware of any case where I was not listed as the attorney of record but I acknowledge that *pro hac vice* applications were not filed in all cases for the other attorneys.

21. I always intended for the other lawyers to file a motion pro hac vice , and came to understand that they would do so and appear as a case progressed, once past pleading stage. This practice no longer occurs.

22. I did not intend to an ethical rule of the California State Bar, Rule of Practice of this Court, or an ethical rule or rule of practice of any other State Bar, licensing authority or court and I acknowledge that the firm's prior practice was in error and I have ensured that the firm has corrected that issue. However, at all times, I was acting as lead attorney on all California matters and William Ramey and Jeffrey Kubiak were practicing under my license. Further, Mr. Ramey and Mr. Kubiak are licensed by the United States Patent & Trademark Office. Therefore, Mr. Ramey and Mr. Kubiak are authorized to advise Koji on issues of claim scope, validity, and claim coverage as it relates to the claims of the '703 patent. I trust the competent work of both Mr. Ramey and Mr. Kubiak.

23. I allowed the signature block for Mr. Ramey and/or Mr. Kubiak on pleadings for Notice functions in an effort to assist me as beginning in the Summer of 2023, I was experiencing some personal issues. Ramey LLP and its lawyers were not intending to flout the rules of the court but rather work with me as I went through a difficult period and making sure no filings were missed. There was no deceptive intent involved or intent to indicate that either William Ramey or Jeffrey Kubiak was licensed to practice law in California. Further, I was not aiding or abetting the unauthorized practice of law as I was always licensed. Each of William Ramey, Jeffrey Kubiak, and I do not believe referral to a state bar, licensing authority or court for discipline is necessary. The conduct will not happen again and each lawyer apologizes to the Court. There was no intent by any lawyer at Ramey LLP to violate any ethical rule of rule of the Court.

24. I, while not involved with preparing the claim charts was satisfied that they complied with Rule 11 because competent staff and attorneys were involved in each charts preparations. I trusted the charts I was sent from Mr. Ramey because we had worked together for many years and I trusted his work. Further, the charts have not been shown frivolous as to warrant a Rule 11 sanction, rather the charts are a are well grounded in fact. The charts compare each element to the accused device: For the preamble of Claim 1:

> | US10790703<br>Claim 1 | Renesas Electronics's PTX130W/PTX30W |
> |---|---|
> | 1. A wireless power transfer system for wirelessly charging a powered device, comprising: | **RENESAS**<br>PTX130W/PTX30W Hardware Integration<br>© 2023 Renesas Electronics<br><https://www.renesas.com/us/en/document/mah/ptx130w-ptx30w-hardware-integration-manual?r=25426216><br>R35UH0013EE0100 Rev.1.00<br>Nov 22, 2023<br><br>*Renesas Electronics's PTX130W/PTX30W (MUST BE BOUGHT TOGETHER IN ORDER TO ACHIEVE POWER TRANSFER) is a wireless power transfer system for wirelessly charging a powered device.* |

[1] Koji identifies defendant's accused product by web address and name, and with an explanation in red. For the next claim element, Koji identifies a product features webpage from Defendant:

> | US10790703<br>Claim 1 | Renesas Electronics's PTX130W/PTX30W | |
> |---|---|---|
> | a **battery power source** for supplying power to the wireless power transfer system; | **Product features** | |
> | | Ultra-low power on-chip embedded core | ✓ |
> | | Integrated PMIC solution | ✓ |
> | | Integrated flexible battery charger with reverse current limiter | ✓ |
> | | Integrated highly efficient active rectifier | ✓ |
> | | Standalone mode of operation (without Host MCU) | ✓ |
> | | Embedded power regulation control | ✓ |
> | | Required PCB integration area (est.) | 17 mm² |
> | | Rectification efficiency (AC to DC) | up to 92% |
> | | Energy harvesting [W] | up to 1W |
> | | Charging current range [mA] | 5-250 mA |
> | | <u>Li-Ion and Li-Polymer batteries support</u> | ✓ |
> | | Charge status monitor | ✓ |
> | | On-chip over-temperature detection/protection | ✓ |
> | | Transparent data exchange channel | ✓ |
> | | Shipping mode (support for battery protection) | ✓ |
> | | System MCU supply output voltage, typ. [V] | 1.8, 3.3 V |
> | | Battery-less power supply output | ✓ |
> | | JEITA support | ✓ |
> | | Shipping mode current consumption, typ. [nA] | 25 nA |
> | | I2C clock frequency [kHz] | Up to 1 MHz |
> | | Available packages | CSP16 |
> | | Temperature range [°C] | -40 to +85 |
> | | <https://www.renesas.com/us/en/document/ovr/nfc-wireless-charging-wlc-product-overview?r=25426216> 2022-12-15 | |
> | | *For example, Renesas Electronics's PTX130W/PTX30W describes "Li-Ion and Li-Polymer batteries support", which means the existence of a battery power source.* | |

[2] Wherein Koji identifies the element. For the next element, Koji includes another screenshot:

---

[1] Doc. No. 1-2 at 4 of 11.
[2] Doc. No. 1-2 at 5 of 11.

7

DECLARATION OF SUSAN KALRA IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

 [3] wherein Koji explains Defendants' wireless charging system from its own website. Koji proceeds through the next several elements to provide screenshots from Defendant's website that explain the functionality of the accused product.[4]

25. The claim chart prepared prior to the filing of both the second[5] or third lawsuit adopted a plain and ordinary construction of the claim terms, needing no further construction. The chart then compared the construed claim terms to the accused devices as shown in Doc. No. 1-2.

26. I used my best judgment at all times. Before filing the infringement action for the third time, a chart comparing a new product was prepared in collaboration between Mr. Ramey and Simon Sunatori. It is believed that this chart establishes the reasonableness of the pre-filing

---

[3] Doc. No. 1-2 at 6 of 11.
[4] Doc. No. 1-2 at 7-11/11.
[5] The claim chart filed with the first lawsuit was the same chart filed with the second lawsuit.

DECLARATION OF SUSAN KALRA IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

inquiry made in this patent infringement case under Rule 11. Further, the Federal Circuit has found that such an analysis is evidence of compliance with Rule 11 for a patent infringement case.

27. I relied on my over 20 years of experience in filing the lawsuit that is the subject of this Order. As with most propositions in the law, there are exceptions that allowed the refiling of a complaint, in cases where there is "a persuasive explanation for the course of litigation,"[6] or where a previous dismissal was made pursuant to stipulation. Here, the dismissal in Colorado was more akin to convenience and not a merits dismissal. Further, the third lawsuit charted a new product that had not been alleged as infringing in the prior suit.

28. My understanding of the relationship between Mr. Sunatori and Dynamic IP Deals LLC was incorrect. He is neither an owner nor an employee of Dynamic IP Deals LLC.

29. Plaintiffs hire Ramey LLP and its lawyers for this experience, knowing how to conduct themselves in patent infringement litigation. However, given Defendant's counsel's requests and comments that the sales volume of the newly charted product were low, the lawsuit was ultimately dismissed with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2024.      /s/ Susan Kalra
                                     Susan Kalra

---

[6] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).