Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800) 993- 7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
KOJI IP, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC,<br><br>               Plaintiff,<br><br>  v.<br><br>RENESAS ELECTRONICS AMERICA, INC.,<br><br>               Defendant. | Case No.: 3:24-cv-03089-PHK<br><br>**DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**Date: September 19, 2024**<br>**Time: 10:30 a.m.**<br>**Judge Peter H. Kang** |

1

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO SHOW CAUSE
ORDER - CASE NO.: 3:24-CV-03089-PHK

# DECLARATION OF WILLIAM P. RAMEY, III

I, William Ramey, declare as follows:

1. My name is William P. Ramey, III. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP. I represent the Plaintiff in the above-captioned lawsuit.

3. In addition to reliance on my highly competent staff and the other attorneys at Ramey LLP, I also used resources including litigation support services from Simon Sunatori. I am confident in the support I receive and received from Mr. Sunatori because he is an experienced patent professional and I review his work.

4. Plaintiff Koji IP, LLC ("Koji") sued Defendant Renesas Electronic Americas, Inc., ("Renesas") alleging that Renesas infringes U.S. Pat. Nos. 10,790,703 ("the '703 Patent"), entitled "Smart Wireless Power Transfer Between Devices" ("Patent-in-Suit") in the District of Colorado on June 30, 2023.

5. Renesas's in-house counsel and director of intellectual property, Mr. Masaki Yabe, directly contacted me On July 3, 2023 about the lawsuit filed a few days earlier. Mr. Yabe offered to discuss a royalty rate for the alleged infringement and requested an extension, which was freely offered. On July 11, 2023, Mr. Yabe agreed to waive service of the summons. Exhibit A is a true and correct copy of an e-mail chain between me and Mr. Yabe.

6. On July 20, 2023, Jason Crotty appeared as counsel for Renesas and opened a dialogue with me at Ramey LLP. Mr. Crotty asked that the suit be dismissed because there was low sales

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO SHOW CAUSE
ORDER - CASE NO.: 3:24-CV-03089-PHK

volume, Renesas disagreed with infringement, and venue was improperly based on a distributor. Exhibit B is a true and correct copy of an e-mail chain between me and Jason Crotty.

7. I, on behalf of Koji, immediately began communicating with Defendant about the case, including both infringement and Defendant's contention that venue was improper. Exhibit E is a true and correct copy of an e-mail chain between me and Jason Crotty where I include our response to issues raised concerning infringement.

8. For venue, I provided evidence that we believed showed that Renesas controlled the sales agent, in that Renesas, on its own website, listed the location as its location:



Exhibit D is a true and correct copy of a July 26, 2023 e-mail chain containing a screen shot from Defendant's website that we used for venue.

9. For infringement, Koji provided its initial claim chart. Later Koji provided a rebuttal to Renesas position, a portion of which is reproduced here with the reminder in Exhibit E:

---

[1] Ex. D, July 26, 2023 e-mail chain containing screenshot from Renesas website.



[2] Exhibit E is a true and correct copy of the claim chart rebuttal sent to Renesas in an e-mail chain. I substantively addressed each of Renesas noninfringement positions.

10. After receiving the sworn statements in Defendant's Motion to Dismiss, which were not previously provided to me and likely established that the location relied upon for venue was not a location of Renesas, Koji dismissed its lawsuit on September 6, 2023 without burdening the court or Renesas to address the arguments. The dismissal was filed solely to effectuate dismissal and reduce the costs for all parties. Exhibit F is a true and correct of Defendant's Motion to Dismiss, Doc. No. 14 at 3 from Cause No. 1:23-cv-1674.

11. On November 8, 2023, I had Susan Kalra refile the lawsuit in the Northern District of California and shortly thereafter began discussions with counsel for Renesas. Exhibit G is a true

---

[2] Ex. E, claim chart attached to August 1, 2023 e-mail chain, to the Ramey Decl.

and correct copy of the Original Complaint filed under cause number 5:23-cv-05750. Exhibit H is a true and correct copy of an e-mail chain dated January 23, 2024.

12. Renesas maintained that the sales volume of the accused product was very low. I and personnel at Koji looked for additional products from Defendant.

13. Therefore, to not burden Renesas, on January 30, 2024, I agreed to dismiss without prejudice its lawsuit, to which Renesas agreed. The lawsuit was dismissed due to the low sales volume. Defendant had not filed any motions in the case or otherwise appeared or responded. Exhibit J is a true and correct copy of a January 30, 2024 e-mail chain.

14. Shortly thereafter, I and my client's representative, Carlos Gorrichategui, Ph.D, discussed whether the sales of the newly charted product had been included in the prior numbers and came to the conclusion it was not based on what had been provided to Renesas in the prior lawsuit. Exhibit I is a true and correct copy of a claim chart directed to a new product accused of infringement. Accordingly, Koji asked Ramey LLP to file a new lawsuit based on the newly charted product created by Sunatori and Ramey LLP. Exhibit K is a true and correct copy of document number 1-2 filed in support of the Third lawsuit. On May 22, 2024, Koji filed the new lawsuit, accusing an entirely different Renesas system. Both Ramey LLP and Koji believed the lawsuit to be well founded and the infringement read to be good at the time of filing, that it was brought in good faith. Exhibit C is a true and correct copy of an e-mail chain dated June 7, 2024 forwarding the complaint to in-house counsel that had contacted me previously.

15. Renesas's lawyer responded by letter on May 31, 2024, that Koji's lawsuit was foreclosed as it had been dismissed twice. The letter asked that the lawsuit be promptly dismissed. After further discussions with Renesas's counsel, the lawsuit was dismissed with prejudice on June 12, 2024. Renesas had not entered an appearance or filed any document in the

case. The case was less than two months old. Exhibit L is a true and correct copy of a Letter from Defendant's counsel to Ramey LLP.

16. Mistakenly, a copy of the new lawsuit was e-mailed directly to Renesas's in-house counsel that had contacted Ramey LLP directly. After being advised by Renesas's counsel of the error, no further contact was had with the client. Ramey LLP updated its procedures to ensure that the contact does not repeat for this or other matters.

17. Renesas's counsel responded that the previous dismissal was in effect with prejudice and therefore the current lawsuit should be dismissed. Our opinion was that the dismissal of the Colorado lawsuit did not count as a prior dismissal for purposes of Rule 41 as it was done on venue grounds and to conserve the resources of the parties. Based upon my over 20 years of practice, as with most rules, there are exceptions to a matter being dismissed with prejudice upon a second dismissal under rule 41. I believed the circumstances of the prior dismissals allowed the refiling of the complaint.

18. Koji instructed me to seek a dismissal with each party bearing its own fees and costs but Renesas refused. Rather than fight motion practice and increase the costs for both sides, I dismissed *with prejudice* Koji's lawsuit over all products that might infringe the '703 patent. Notably, when Koji dismissed, Renesas had not entered an appearance. Renesas only entered an appearance to file its motion for fees.

19. After the August hearing in this matter, Ms. Kalra and I discussed the Court's requirements from the hearing, in particular regarding appearing *pro hac vice*. We immediately modified the practice at Ramey LLP such that

- For all matters, only admitted attorney's names are on pleadings, whether as a member of the bar or by pro hac and

6

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO SHOW CAUSE
ORDER - CASE NO.: 3:24-CV-03089-PHK

- No longer will an attorney be listed on pleadings as *pro hac vice anticipated* or otherwise unless admitted.

20.  Neither I nor my attorneys at Ramey LLP intended for the use of *pro hac vice anticipated* to indicate that it was practicing law in California or aiding another's practice of law. It has always been the practice of Ramey LLP to work under the bar admission of Susan Kalra on cases pending in California. I am not aware of any case where Ms. Kalra was not listed as the attorney of record but acknowledges that *pro hac vice* applications were not filed in all cases for the other attorneys.

21.  I and my lawyers at Ramey LLP always intended to file a motion pro hac vice as a case progressed, once past pleading stage. A decision was made by me, at the request of Carlos Gorrichategui in early 2022, a client manager, to attempt reduce costs on cases that resolved quickly, by not automatically filing a request for *pro hac vice* admission. Beginning in around 2022, I directed that Ramey LLP stopped filing for *pro hac vice* applications in all cases but I incorrectly left a signature line with an attorney, that, if the case progressed, would later seek *pro hac vice* admission. That was my mistake.

22.  I did not intend to violate any rule, ethical or otherwise, of the California State Bar, Rule of Practice of this Court, or an ethical rule or rule of practice of any other State Bar, licensing authority or court and I acknowledge that my prior prior practice was in error and I have corrected that issue. However, at all times, Ms. Kalra was acting as lead attorney on all California matters and William Ramey and Jeffrey Kubiak were practicing under her license. Further, I and Mr. Kubiak are licensed by the United States Patent & Trademark Office. Therefore, it is my understanding that I and Mr. Kubiak are authorized to advise Koji on issues of claim scope,

validity, and claim coverage as it relates to the claims of the '703 patent.  With respect to the pleadings in California, we advised additionally while working under the license of Ms. Kalra, who while having years of experience in analyzing patent claim scope is not licensed by the USPTO.

23.   I mistakenly left the signature block of Ramey and/or Kubiak on pleadings for Notice functions in an effort to assist Ms. Kalra who beginning in the summer of 2023, experienced some personal issues.  Ramey LLP and its lawyers were not intending to flout the rules of the court but rather work with a colleague going through a  difficult period and making sure no filing got missed.  There was no deceptive intent involved or intent to indicate that either I or Jeffrey Kubiak was licensed to practice law in California.  Further, Ms. Kalra was not aiding or abetting the unauthorized practice of law as she was always licensed.  Each of Susan Kalra, Jeffrey Kubiak, and I do not believe referral to an state bar, licensing authority or court for discipline is necessary.  The conduct will not happen again and each lawyer apologizes to the Court.  There was no intent by any lawyer at Ramey LLP to violate any ethical rule of rule of the Court.

24.    Ms. Kalra, while not involved with preparing the claim charts was satisfied that they complied with Rule 11 because I was involved in the chart's preparations.  Ms. Kalra trusted the charts Mr. Kubiak and I sent herbecause we had worked together for years and she trusted our work.  Further, the charts have not been shown to frivolous to warrant a Rule 11 sanction, rather the charts are well grounded in fact.  The claim charts for the May 22, 2023 lawsuit compare each element to the accused device: For the preamble of Claim 1:

[table/figure: claim chart showing US10790703 Claim 1 vs. Renesas Electronics's PTX130W/PTX30W — "PTX130W/PTX30W Hardware Integration, © 2023 Renesas Electronics, <https://www.renesas.com/us/en/document/mah/ptx130w-ptx30w-hardware-integration-manual?r=25426216>, R35UH0013EE0100 Rev.1.00, Nov 22, 2023. Renesas Electronics's PTX130W/PTX30W (MUST BE BOUGHT TOGETHER IN ORDER TO ACHIEVE POWER TRANSFER) is a wireless power transfer system for wirelessly charging a powered device."][3]

Koji identifies defendant's accused product by web address and name, and with an explanation in red. For the next claim element, Koji identifies a product features webpage from Defendant:

[table/figure: claim chart for "a battery power source for supplying power to the wireless power transfer system;" with Product features table from Renesas including "Li-Ion and Li-Polymer batteries support" underlined in red; source <https://www.renesas.com/us/en/document/ovr/nfc-wireless-charging-wlc-product-overview?r=25426216> 2022-12-15. "For example, Renesas Electronics's PTX130W/PTX30W describes 'Li-Ion and Li-Polymer batteries support', which means the existence of a battery power source."][4]

Wherein Koji identifies the element. For the next element, Koji includes another screenshot:

---

[3] Doc. No. 1-2 at 4 of 11.
[4] Doc. No. 1-2 at 5 of 11.

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO SHOW CAUSE
ORDER - CASE NO.: 3:24-CV-03089-PHK

 [5] wherein Koji explains Defendants' wireless charging system from its own website. Koji proceeds through the next several elements to provide screenshots from Defendant's website that explain the functionality of the accused product.[6]

25. The claim chart prepared prior to the filing of both the second[7] or third lawsuit adopted a plain and ordinary construction of the claims terms, needing no further construction. I then compared the construed claim terms to the accused devices as shown in Doc. No. 1-2.

26. I used my best judgment at all times, to evaluate my Firm's and my position and modified that position to make the litigation less burdensome to all parties. Before filing the infringement action for the third time, a chart comparing a new product was prepared in collaboration between

---

[5] Doc. No. 1-2 at 6 of 11.
[6] Doc. No. 1-2 at 7-11/11.
[7] The claim chart filed with the first lawsuit was the same chart filed with the second lawsuit.

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO SHOW CAUSE
ORDER - CASE NO.: 3:24-CV-03089-PHK

me and Simon Sunatori. It is believed that this chart establishes the reasonableness of the pre-filing inquiry made in this patent infringement case under Rule 11. Further, the Federal Circuit has found that such an analysis is evidence of compliance with Rule 11 for a patent infringement case.

27. I relied on my over 20 years of experience in refiling the lawsuit. As with most propositions in the law, there are exceptions that allowed the refiling of a complaint, in cases where there is "a persuasive explanation for the course of litigation."[8] Here, the dismissal in Colorado was more akin to convenience and not a merits dismissal. Further, the third lawsuit charted a new product that had not been alleged as infringing in the prior suit.

28. Plaintiffs hire Ramey LLP and its lawyers for this experience, knowing how to conduct themselves in patent infringement litigation. However, given Defendant's counsels requests and comments that the sales volume of the newly charted product were low, the lawsuit was ultimately dismissed with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2024.

William P. Ramey, III

---

[8] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).

DECLARATION OF WILLIAM P. RAMEY, III IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK