Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800) 993- 7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
KOJI IP, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RENESAS ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-03089-PHK<br><br>**DECLARATION OF JEFFREY E. KUBIAK IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date: September 19, 2024<br>Time: 10:30 a.m.<br>Magistrate Judge Peter H. Kang |

1

**DECLARATION OF JEFFREY EUGENE KUBIAK**

I, Jeffrey Eugene Kubiak, declare as follows:

1. My name is Jeffrey Kubiak. I am over the age of 21. I have personal knowledge of the facts contained herein, which are true and correct. If called as a witness, I could competently testify to these statements.

2. I am licensed to practice law in the state of Texas and am an attorney with the law firm of Ramey LLP.

3. I rely on support from my highly competent staff and the other attorneys at the Ramey LLP firm. I also used resources including litigation support services from Simon Sunatori. While I am confident in the support that I receive from Mr. Sunatori, my opinion and his differ from time to time and I do not rely upon his reports without reviewing them personally.

4. Plaintiff Koji IP, LLC ("Koji") sued Defendant Renesas Electronic Americas, Inc., ("Renesas") alleging that Renesas infringes U.S. Pat. Nos. 10,790,703 ("the '703 Patent"), entitled "Smart Wireless Power Transfer Between Devices" ("Patent-in-Suit") in the District of Colorado on June 30, 2023.

5. I, on behalf of Koji, was actively involved in the suit filed in the District of Colorado on June 30, 2023 including approving the claim charts.

6. I, along with Mr. Ramey, began communicating with Defendant's counsel, Jason Crotty, about the case, including both infringement and Defendant's contention that venue was improper on July 20, 2023. Exhibit B is a true and correct copy of an e-mail chain between me, William Ramey, and Jason Crotty.

7. Renesas disagreed with Koji's infringement position. I reviewed and approved Koji's rebuttal to Renesas' position, a portion of which is reproduced here, with the remainder in Exhibit E:



[1] Exhibit E is a true and correct copy of Koji's rebuttal to Renesas' non-infringement allegation, sent to Renesas in an e-mail chain from Mr. Ramey to Mr. Crotty. Each of Renesas' noninfringement positions was addressed.

8. The Colorado lawsuit was dismissed on September 6, 2023 in order to avoid a fight over venue.

9. On November 8, 2023, Susan Kalra refiled the Colorado lawsuit in the Northern District of California as *Koji IP LLC v Renesas Electronics America, Inc,* Case No. 3:23-cv-05752-LJC (N.D. Cal. Nov. 8, 2023), utilizing the same claim chart that I had previously reviewed and

---

[1] Ex. E, claim chart rebuttal attached to August 1, 2023 e-mail chain.

approved. Exhibit G is a true and correct copy of the Original Complaint, including the claim chart that I had approved filed under cause number 3:23-cv-05752-LJC.

10. After the August hearing in this matter, Ms. Kalra, Mr. Ramey, and I discussed the Court's requirements from the hearing. We immediately modified the practice at Ramey LLP such that

- For all matters, only admitted attorney's names are on pleadings, whether as a member of the bar or by pro hac and
- No longer is an attorney be listed on pleadings as *pro hac vice anticipated* or otherwise unless admitted.

11. I did not intend for the use of *pro hac vice* anticipated to indicate that I was practicing law in California or aiding another's practice of law other than acting as support for patent review. It has always been the practice of Ramey LLP to support and work under the bar admission of Susan Kalra on cases pending in California. I am not aware of any case where Ms. Kalra was not listed as the attorney of record but I acknowledge that I filed only a single *pro hac vice* application.

12. A decision was made by Mr. Ramey to attempt reduce costs on cases that resolved quickly, by not automatically filing a request for *pro hac vice* admission. I always intended to file a motion *pro hac vice* in any case where I was tasked with any more than reviewing a relevant patent, the patent's claims, and an accused product.

13. I did not intend to an violate an ethical rule of the California State Bar, Rule of Practice of this Court, or an ethical rule or rule of practice of any other State Bar, licensing authority or court and I acknowledge that my prior prior practice was in error and I have corrected

that issue. However, at all times, Ms. Kalra was acting as lead attorney on all California matters and William Ramey and I were practicing under her license. Further, I and Mr. Ramey are licensed by the United States Patent & Trademark Office. Therefore, it is my understanding that I and Mr. Ramey are authorized to advise Koji on issues of claim scope, validity, and claim coverage as it relates to the '703 patent. With respect to the pleadings in California, we advised Ms Kalra with respect to the '703 patent while working under the license of Ms. Kalra. Ms Kalra, while having years of experience in practicing before the California courts is not licensed by the USPTO.

14. Ms. Kalra, beginning in the Spring of 2022 experienced some personal issues. Mr Ramey advised leaving the signature block of Ramey and/or Kubiak on pleadings for Notice functions in an effort to assist Ms Kalra. I acquiesced and thereafter did not police the use of my name in the pleading. While I did not intend to flout the rules of the court but rather work with a colleague going through a difficult period and making sure no filing got missed, I made a mistake. There was no deceptive intent involved or intent to indicate that I or Mr. Ramey was licensed to practice law in California. Further, Ms. Kalra was not aiding or abetting the unauthorized practice of law as she was always licensed.[2] Each of Susan Kalra, William Ramey, and I do not believe referral to a state bar, licensing authority or court for discipline is necessary. The conduct will not happen again and each lawyer apologizes to the Court. There was no intent by any lawyer at Ramey LLP to violate any ethical rule of rule of the Court.

---

[2] Kalra Decl. at ¶4.

15. Ms. Kalra, while not involved with preparing the claim charts used in *Koji IP LLC v Renesas Electronics America, Inc,* Case No. 3:23-cv-05752-LJC (N.D. Cal. Nov. 8, 2023), was satisfied that they complied with Rule 11 because I was involved in the chart's preparation.[3] Further, the chart has not been shown to frivolous to warrant a Rule 11 sanction, rather the chart is well grounded in fact.

16. The claim chart prepared prior to the filing of the second lawsuit, filed on Nov 8, 2023, adopted a plain and ordinary construction of the claims terms, needing no further construction. I then compared the construed claim terms to the accused devices as shown in Exhibit G, Doc. No. 1-2.

17. The charts compare each claim element of US10,790,703 ("the '703 patent") to the accused device, Renesas' EVK Evaluation Kit: For the preamble of Claim 1:

---

[3] Kalra Decl. at ¶6 & 24.

| US10790703 B2 Claim 1 | Renesas Electronics's EVK Evaluation Kit |
|---|---|
| 1. A wireless power transfer system for wirelessly charging a powered device, comprising: | **RENESAS — P9222-R-EVK Evaluation Kit Manual**<br><br>**Description**<br>The P9222-R-EVK Wireless Power Evaluation Board can be used to demonstrate the features and performance of the P9222-R 5W Wireless Power Receiver in low power 2.5W applications such as in earbuds charging cases. The P9222-R-EVK can also supply up to 5W power. IDT's P9235A-RB-EVK Evaluation Board or any other Qi certified transmitter can be used as the power transmitter for P9222-R-EVK evaluation board testing.<br><br>The P9222-R-EVK demonstrates a high-efficiency, turnkey reference design and is supported by comprehensive online, digital resources to significantly expedite the design-in effort and enable rapid prototyping. The printed circuit board (PCB) has four layers. The total solution area (excluding coil) is approximately 70 mm² out of which 37 mm² is occupied by the components. A small 30×30mm power receiver coil is used in the design to meet small form-factor device requirements.<br><br>Using the P9222-R Windows GUI and the P9222-R-EVK, customers can quickly customize operating parameters for their applications. Operating parameters such as foreign object detection (FOD) parameters can be configured by either writing to internal SRAM registers via the I2C interface, or by loading the user configuration generated by the P9222-R Windows GUI into an external EEPROM. The P9222-R-EVK has an on-board external EEPROM and connectors to plug-in the USB to an I2C programming dongle.<br><br>**Features**<br>• WPC1.2.4 Baseline Power Profile (5W) compatible<br>• Design optimized for low power (2.5W) applications with 30×30mm coil<br>• Approximately 70mm² solution area<br>• Schematic and layout files are available online<br>• Works with the P9222-R Windows GUI<br>• Easy configuration of design parameters through I2C interface<br>• On-board external EEPROM for flexible design parameter updates<br>• J12 connector compatible with the "USB-FTDI-V2-1" (FTDI) and ARM60 USB-to-I2C dongles<br>• 4-layer PCB with 1oz copper<br><br>**Kit Contents**<br>• P9222-R-EVK Evaluation board including the coil assembly<br><br>© 2020 Renesas Electronics Corporation. All rights reserved.<br><https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315><br><br>Renesas Electronics's EVK Evaluation Kit is a wireless power transfer system for wirelessly charging a powered device.<br><br>The reference includes subject matter disclosed by the claims of the patent after the priority date. |

[4] Koji identifies Defendant's accused product, Renesas' EVK Evaluation Kit, by web address and name, and with an explanation in red. Koji then compares the accused product to the preamble. For the next claim element, Koji identifies a product evaluation manual webpage from

---

[4] Exhibit G; Doc. No. 1-2 at 2 of 5.

Defendant:

| US10790703 B2 Claim 1 | Renesas Electronics's EVK Evaluation Kit |
|---|---|
| a **battery power source** for supplying power to the wireless power transfer system; | **3.1 LDO Output Voltage (VOUT) Configuration**<br>The default VOUT voltage of the P9222-R-EVK is 5.0V. The user can change the default Vout voltage in accordance with specific user design requirements and store the modified configuration in the external EEPROM, or an external Applications Processor (AP) can adjust VOUT voltage continuously via the I2C interface. In addition, an external MCU can continuously read the battery voltage and change VOUT to lower the losses in the battery charger to optimize the total system efficiency. The P9222-R configurable Vout voltage range is from 3.5V to 12V.<br><https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315><br>The reference describes a battery power source for supplying power to the wireless power transfer system. |

[5] Wherein Koji compares the claim limitation of a battery power source to the Defendants' references to battery power from Defendant's product evaluation manual webpage. For the next element, Koji includes another screenshot:

---

[5] Exhibit G; Doc. No. 1-2 at 3 of 5.

| US10790703 B2 Claim 1 | Renesas Electronics's EVK Evaluation Kit |
|---|---|
| wireless communication circuitry for establishment of a close-range wireless communication over which a **message** associated with the powered device is communicated from the powered device; and | **3.4.1 Modulation Capacitor and Interrupt Enables**<br>The P9222-R sends the communication packets to the transmitter using ASK modulation of the coil voltage. For ASK modulation, the P9222-R switches the capacitors on and off that are on the COM1, COM2, CMA, and CMB pins using internal MOSFETs. By default, the P9222-R switches only the MOSFETs on the COM1 and COM2 pins. ASK modulation depth can be increased by enabling the switches on the CMA and CMB pins. Measure the modulation depth on the transmitter demodulation circuitry, and if too small, adjust the ASK modulation depth by enabling the CMA and CMB switches. Modulation depth can also be increased by increasing the capacitor value. The AP can also change the ASK modulation depth by writing to the ASK modulation depth Registers (0xF4).<br><https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315><br>The reference describes wireless communication circuitry for establishment of a close-range wireless communication over which a message associated with the powered device is communicated from the powered device. |

[6] Wherein Koji compares the claim limitation of wireless communication circuitry requirement to Defendants' wireless communications circuitry and functionality from Defendant's product evaluation manual webpage. For the next element, Koji includes another screenshot:

---

[6] Exhibit G; Doc. No. 1-2 at 3 of 5.

DECLARATION OF JEFFREY E. KUBIAK IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

| US10790703 B2 Claim 1 | Renesas Electronics's EVK Evaluation Kit |
|---|---|
| wireless powering circuitry including a transmitter configured to emit electromagnetic waves to form a radiative powering region within which the electromagnetic waves can be received by wireless powered circuitry of the powered device to generate power for charging a battery in the powered device, the wireless powering circuitry being configured to be activated when the close-range wireless communication is established, | 3.4.1 Modulation Capacitor and Interrupt Enables<br>The P9222-R sends the communication packets to the transmitter using ASK modulation of the coil voltage. For ASK modulation, the P9222-R switches the capacitors on and off that are on the COM1, COM2, CMA, and CMB pins using internal MOSFETs. By default, the P9222-R switches only the MOSFETs on the COM1 and COM2 pins. ASK modulation depth can be increased by enabling the switches on the CMA and CMB pins. Measure the modulation depth on the transmitter demodulation circuitry, and if too small, adjust the ASK modulation depth by enabling the CMA and CMB switches. Modulation depth can also be increased by increasing the capacitor value. The AP can also change the ASK modulation depth by writing to the ASK modulation depth Registers (0xF4).<br><https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315><br><br>The reference describes wireless powering circuitry including a transmitter configured to emit electromagnetic waves to form a radiative powering region within which the electromagnetic waves can be received by wireless powered circuitry of the powered device to generate power for charging a battery in the powered device, the wireless powering circuitry being configured to be activated when the close-range wireless communication is established. |

[7] Wherein Koji compares the claim limitation of wireless powering circuitry including a transmitter to Defendants' wireless communications wireless powering circuitry from Defendant's product evaluation manual webpage. For the next element, Koji includes another screenshot:

---

[7] Exhibit G; Doc. No. 1-2 at 4 of 5.

[8] Wherein Koji compares the limitation of close range wireless communication to the Defendants' close range wireless communications and in particular Defendant's indicate both portions of the EVK Evaluation Kit, the P9222-R-EVK and P9235A-RB-EVK in use together to achieve close range wireless communication. For the next element, Koji includes another screenshot:

---

[8] Exhibit G; Doc. No. 1-2 at 4 of 5.

| US10790703 B2 Claim 1 | Renesas Electronics's EVK Evaluation Kit |
|---|---|
| wherein the message is issued by the powered device when a battery level of the battery is below a predetermined threshold, and the wireless powering circuitry is configured to be activated in response to receipt of the message from the powered device over the established close-range wireless communication, and<br><br>wherein, when the wireless power transfer system is powered by the battery power source, a determination is made whether a level of drop in a battery level of the battery power source in a given time period is below a threshold, so that activation of the wireless powering circuitry is allowed only when the level of drop is determined to be below the threshold. | **3.2 Current Limit (ILIM) Configuration**<br>The current limit threshold value is used to limit the output current of main LDO on the VOUT pin. If the output current reaches the target limit value, the VOUT voltage level will decrease due to the current limit setting if the output load is over the current limit level. The default ILIM value of the P9222-R-EVK is 1.6A. The user can change the default current limit value in accordance with specific user design requirements and store the modified configuration into an external EEPROM. In addition, after the P9222-R enters the power transfer phase, an external AP can adjust the ILIM value by writing to the ILIM_Set register (0x3D) via the I2C interface. The P9222-R firmware reads the internal register value in regular time base and updates the current limit value. The current limit can be incremented in steps of 100mA.<br><br>$Current\ Limit\ (ILIM) = Decimal\ Value\ of\ 0x3D\ register * 0.1\ (A)$  Equation 2<br><br>The default Current Limit value can be configured by writing a configuration file into the external EEPROM. The configuration file can be generated using the P9222-R Windows GUI. For information on how the configuration file can be generated using the P9222-R Windows GUI, see "VOUT Configuration Change Using an External EEPROM."<br><br><https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315><br><br>The reference describes the message is issued by the powered device when a battery level of the battery is below a predetermined threshold, and the wireless powering circuitry is configured to be activated in response to receipt of the message from the powered device over the established close-range wireless communication.<br><br>The reference describes when the wireless power transfer system is powered by the battery power source, a determination is made whether a level of drop in a battery level of the battery power source in a given time period is below a threshold, so that activation of the wireless powering circuitry is allowed only when the level of drop is determined to be below the threshold. |

[9] Wherein Koji compares the power level claim limitation to Defendants' power level capabilities from its product evaluation manual webpage.

---

[9] Exhibit G; Doc. No. 1-2 at 5 of 5.

18. Renesas disagreed with Koji's infringement analysis, in particular stating that the accused product, the EVK Evaluation Kit, did not include either a battery power source or a transmitter. However, Koji noted the the P2335A-RB-EVK is used as the transmitter in Renasas' EVK Evaluation Kit and that a battery is used for the EVK Evaluation Kit to function.

> In fact, Renesas Electronics America's own document admits that Renesas product "P9235A-RB-EVK Evaluation Board or any other Qi certified transmitter can be used as the power transmitter", as shown below.
>
> The P9222-R-EVK Wireless Power Evaluation Board can be used to demonstrate the features and performance of the P9222-R 5W Wireless Power Receiver in low power 2.5W applications such as in earbuds charging cases. The P9222-R-EVK can also supply up to 5W power. IDT's P9235A-RB-EVK Evaluation Board or any other Qi certified transmitter can be used as the power transmitter for P9222-R-EVK evaluation board testing.
>
> <https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315>

[10]

| US10790703 B2 Claim 1 | Renesas Electronics's EVK Evaluation Kit |
|---|---|
| a battery power source for supplying power to the wireless power transfer system; | **3.1 LDO Output Voltage (VOUT) Configuration**<br>The default VOUT voltage of the P9222-R-EVK is 5.0V. The user can change the default Vout voltage in accordance with specific user design requirements and store the modified configuration in the external EEPROM, or an external Applications Processor (AP) can adjust VOUT voltage continuously via the I2C interface. In addition, an external MCU can continuously read the battery voltage and change VOUT to lower the losses in the battery charger to optimize the total system efficiency. The P9222-R configurable Vout voltage range is from 3.5V to 12V.<br><https://www.renesas.com/us/en/document/mah/p9222-r-evaluation-kit-manual?r=32315><br>The reference describes a battery power source for supplying power to the wireless power transfer system. |

[11]

---

[10] Exhibit E; Koji rebuttal of Renesas non-infringement position attached to August 1, 2023 e-mail chain.
[11] Exhibit G; Doc. No. 1-2 at 3 of 5.

DECLARATION OF JEFFREY E. KUBIAK IN SUPPORT OF RESPONSE TO SHOW CAUSE
ORDER - CASE NO.: 3:24-CV-03089-PHK

19. I used my best judgment at all times, to evaluate my Firm's and my position and modified that position to make the litigation less burdensome to all parties. Before filing the infringement action for the third time, a chart comparing a new product was prepared in collaboration between Mr. Ramey and Simon Sunatori. It is believed that this chart establishes the reasonableness of the pre-filing inquiry made in this patent infringement case under Rule 11. Further, the Federal Circuit has found that such an analysis is evidence of compliance with Rule 11 for a patent infringement case.

20. I relied on my over 20 years of experience in advising that we should refile the lawsuit. As with most propositions in the law, there are exceptions that allowed the refiling of a complaint, in cases where there is "a persuasive explanation for the course of litigation."[12] Here, the dismissal in Colorado was more akin to convenience and not a merits dismissal. Further, the third lawsuit charted a new product that had not been alleged as infringing in the prior suit.

21. Plaintiffs hire Ramey LLP and its lawyers for this experience, knowing how to conduct themselves in patent infringement litigation. However, given Defendant's counsels requests and comments that the sales volume of the newly charted product were low, the lawsuit was ultimately dismissed with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2024.

*Jeffrey E Kubiak*

Jeffrey Eugene Kubiak

---

[12] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).