Susan S.Q. Kalra (California State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (800) 993- 7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
KOJI IP, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RENESAS ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-03089-PHK<br><br>**RAMEY LLP'S SUPPLEMENTAL RESPONSE TO SHOW CAUSE ORDER**<br><br>**Date: September 19, 2024**<br>**Time: 10:30 a.m.**<br>**Magistrate Judge Peter H. Kang** |

Ramey LLP ("Ramey LLP") files this Supplemental Response to the Court's Show Cause Order dated August 29, 2024 ("Show Cause Order")[1] showing the Court that the case of *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1025-6 (C.D. Cal. 2022) cited by Koji in its show cause order does provide

---

[1] Doc. No. 27.

that an award of costs is not be appropriate under Section 41 if there is "a persuasive explanation for the course of litigation."[2] At the hearing, the Court indicted that the holding the case was limited to the fact that in the Ninth Circuit attorneys' fees are not available under Section 41(d). Koji agrees that the *Milkcrate Athletics* provides that attorneys' fees are not available. However, as provided in Koji's briefing and at the hearing, the case also provides that "a persuasive explanation for the course of litigation"[3] negates an award under Section 41(d). The Court's question was if Koji had a case that allowed the filing of the Second California Lawsuit. Koji is not aware of any law or case that prohibited Koji from filing the Second California Lawsuit, absent a court order. The issue that Koji addressed in its briefing is that there is case law that provides an award of costs is not be appropriate under Section 41 if there is "a persuasive explanation for the course of litigation."[4] The *Milkcrate Athletics* case cites to *Esquivel v. Arau*, 913 F. Supp. 1382, 1388–89 (C.D. Cal. 1996) for a further explanation of why attorneys

---

[2] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).
[3] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1025-6 (C.D. Cal. 2022).
[4] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022).

RAMEY LLP'S RESPONSE TO SHOW CAUSE ORDER - CASE NO.: 3:24-CV-03089-PHK

fees are not available under Section 41.[5]

On a second issue, during the hearing, the Court asked if the dismissal of the Colorado suit should be a merits dismissal. In its briefing, Koji provided that the decision was based on venue and not merits.[6] The Ninth Circuit holds that a dismissal for lack of venue is not a decision on the merits of an action.[7] While the dismissal was procured under Section 41, all the evidence shows the basis was for venue.[8]

The Court further asked for authority for the proposition that there is no prohibition against including work product by a non-California attorney in a filing in California. The case of *Winterrowd v. Am. Gen. Annuity Ins. Co.*[9] cites to an opinion by the ABA Committee on Professional Ethics, that in a firm in which lawyers are not all admitted to practice in the same state, "there are no ethical barriers to carrying on the practice by such a firm in each state so long as the particular person admitted in that state is the person who, on behalf of the firm, vouched for the work of all of the others and, with the client and in the courts, did

---

[5] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1024 (C.D. Cal. 2022).
[6] Doc. No. 28 at 6-7.
[7] *Perrin v. TRW Info. Servs.*, 990 F.2d 1259 (9th Cir. 1993).
[8] Doc. No. 28-2 at ¶¶6-10.
[9] 556 F.3d 815, 824–25 (9th Cir. 2009).

the legal acts defined by that state as the practice of law." While the case concerned the recovery of attorneys' fees by the non-California lawyer, it is case law that supports that work by non-California lawyers are allowed on matters if a California lawyer "exercising independent professional judgment, and, importantly, is an officer of the local court subject to its discipline" is on the case.[10]

The Court's Show Cause Order should be discharged without sanction. Ramey LLP and its lawyers William Ramey, Susan Kalra and Jeffrey Kubiak have modified their practice to ensure that there is no further pleadings submitted with a lawyers name not already admitted into the court.  There was no intent to deceive or violate any rule of a state bar, licensing authority, or court.  However, Ramey LLP and its lawyers have modified their actions and the issue will not repeat.

Further, the Court should discharge its Show Cause Order under Rule 11 and its inherent authority as Ramey LLP has shown that each of the complaints it filed were appropriately based under the then existing law and facts and there is no evidence that Ramey LLP or its lawyers intended to commit a fraud on the Court or engaged in conduct that was tantamount to fraud.

---

[10] *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009).

| | |
|---|---|
| Dated: September 20, 2024 | Respectfully submitted, |
| | RAMEY LLP |
| | */s/ Susan S.Q. Kalra* |
| | Susan S.Q. Kalra, CA SBN 167940 |
| | Email: skalra@rameyfirm.com |
| | 303 Twin Dolphin Drive, Suite 600 |
| | Redwood City, CA 94065 |
| | Telephone: (800) 993-7499 |
| | Fax: (832) 900-4941 |
| | *Attorneys for Plaintiff* |
| | Koji IP, LLC |