Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
(650) 678-4644
Email: sqklaw@gmail.com

*Attorneys for Plaintiffs*
*Koji IP, LLC, and*
*Submitted on behalf of William P. Ramey, III,*
*Susan Kalra and Jeffrey E. Kubiak*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>RENESAS ELECTRONICS AMERICA, INC.,<br><br>    Defendant. | Case No.: 3:24-cv-03089-PHK<br><br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

# TABLE OF CONTENTS

I.  OBJECTIONS ................................................................................................... 1

    A.  First Objection ......................................................................................... 1

    B.  Second Objection ...................................................................................... 2

    C.  Third Objection ........................................................................................ 7

    D.  Fourth Objection ...................................................................................... 8

    E.  Fifth Objection ......................................................................................... 9

    F.  Sixth Objection ........................................................................................ 9

    G.  Seventh Objection .................................................................................. 11

    H.  Eighth Objection .................................................................................... 14

    I.  Ninth Objection ...................................................................................... 15

    J.  Tenth Objection ...................................................................................... 21

    K.  Eleventh Objection ................................................................................ 22

    L.  Twelfth Objection .................................................................................. 21

II.  CONCLUSION ............................................................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911 (9th Cir. 2003) ....................................................... 2

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ............................................................... 17, 20

*Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999)........................................1, 3, 8, 20

*EscapeX IP LLC v. Google LLC*, No. 22-cv-08711-VC, 2024 WL 557729 (N.D. Cal. Feb. 12, 2024)... 17

*EscapeX IP, LLC v. Google LLC*, No. 23-CV-10839 (VSB) (VF), 2025 WL893739 (S.D.N.Y. Mar. 24, 2025).......................................................................................................................................... 16

*Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999 (D. Idaho Jan. 7, 2015)........ 22

*Hall, Bayou Associates Ltd.,* 939 F.2d 802 (9th Cir. 1991) ...................................................................... 3

*Hilton v. Braunskill,* 481 U.S. 770 (1987)........................................................................................... 22

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996) .......................................................... 5

*Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724 (9th Cir. 1991) ................. 3

*mCom IP, LLC v. City Nat'l Bank of Fla.*, No. 23-23427-Civ-Scola/Lett, 2024 U.S. Dist. LEXIS 43754 (S.D. Fla. Mar. 11, 2025).......................................................................................................... 16

*Nimitz Techs. LLC v. CNET Media, Inc.*, No. CV 21-1247-CFC, 2022 WL 17338396 (D. Del. Nov. 30, 2022) ....................................................................................................................................... 16

*Nken v. Holder,* 556 U.S. 418 (2009)................................................................................................. 22

*Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336 (9th Cir. 1988) ............................................... 5

*Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd,* 229 F.3d 1226 (9th Cir. 2000).. 6

*Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679 (9th Cir. 2024) .......................... 4, 5, 20

*Sanai v Sanai,* 408 F. App'x 1 (9th Cir. 2010) .................................................................................... 7

*Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334 (N.D. Cal. Aug. 14, 2020).......................................................................................................................................... 19

*Spanos v. Skouras Theatres Corp.*, 364 F.2d 161 (2d Cir. 1966) ................................................... 13, 14

*Talamini v. All–State Insurance Co.,* 470 U.S. 1067, 105 S.Ct. 1824, 85 L.Ed.2d 125 (1985)............... 17

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. H-23-2961, 2024 WL 3856797 (S.D. Tex. Aug. 13, 2024)......................................................................................................................................... 17

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981 (Fed.Cir.2000)............................................. 6

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009) .............. 9, 10, 12, 13, 16, 18, 19

*ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023) ........ 17

**Rules & Regulations**

Fed. R. Civ. P. 11 ................................................................................................................. 2, 5, 21

Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") (collectively, "Sanctioned Parties") respectfully file this Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge,[1] specifically the Magistrate Judge's Order  Regarding OSC and Imposing Sanctions on Ramey Firm Lawyers ("Magistrate's Order").[2]

## I.    OBJECTIONS

### A.  First Objection

The Sanctioned Parties object to Magistrate Judge Kang deciding this matter as both parties, Koji and Renesas Electronics America, Inc., did not consent while the case was open.  The Magistrate's Order finding that both parties consented is in error.[3]  Plaintiff filed a consent on June 10, 2024, that limited its consent to Final Judgment:

> In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.                                    [4]

However, Defendant did not consent until June 26, 2024,[5] which was after Final Judgment, after Plaintiff voluntarily dismissed its case on June 12, 2024:[6]

> [t]h[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.[7]

---

[1] Pursuant to NDCA Local Rule 72.2.
[2] Doc. No. 42; To the extent necessary, the Sanctioned Parties are also filing these objections as a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge pursuant to NDCA Local Rule 72.3..
[3] Doc. No. 42 at 1, lines 21-22 ("1:21-22").
[4] Doc. No. 10.
[5] Doc. No. 20.
[6] Doc. No. 12.
[7] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).

Thus, both parties did not consent before Final Judgment and jurisdiction was not conferred on Magistrate Judge Kang to issue orders not reviewable by the District Court. Where both parties have not consented, a magistrate judge does not obtain jurisdiction over a matter.[8] Defendant's consent was not effective as it was after Final Judgment, the limit of Koji's consent. Therefore, whether considered a non-dispositive order or a dispositive order, the Sanctioned Parties request the District Court's consideration of these objections and reversal of the Magistrate's Order.

## B.  Second Objection

The Sanctioned Parties object to the Magistrate's Order awarding a monetary sanction because Rule 11 specifically excludes a monetary award under the facts of this case. Specifically, Rule 11 provides:

> **(c) Sanctions.**
> …
> **(5)** *Limitations on Monetary Sanctions.* The court ***must not impose a monetary sanction***:
> **(A)** …; or
> **(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.[9]

In the present case, Koji dismissed the lawsuit on June 12, 2024.[10] The Show Cause Order was not issued until August 27, 2024.[11] Therefore, the literal language of Rule 11 does not allow the Court to impose a monetary sanction.[12] The Magistrate's Order is in error for issuing a monetary sanction. Likewise, the Court cannot resort to an inherent power sanction to do what it is prohibited from doing under the rules. The Sanctioned Parties request a reversal of the monetary sanction.

---

[8] *See, e.g., Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003).
[9] Fed. R. Civ. P. 11 (emphasis added).
[10] Doc. No. 12.
[11] Doc. No. 27.
[12] Fed. R. Civ. P. 11(c)(5)(B).

### C.  Third Objection

The Sanctioned Parties object to the Magistrate's Order's finding that the filing of the present lawsuit violated Rule 11.[13] The Magistrate's Order misapplies the law around a Rule 41(a) dismissal. The case of *Com. Space Mgmt. Co. v. Boeing Co.*[14] makes clear that the determination of whether a third cause of action is allowable can only be made once a third cause of action is filed.[15]  The Magistrate's Order incorrectly begins with the premise that no third cause of action was permissible to file at all. The Colorado action was dismissed, after consulting with Renesas Electronics America, Inc. ("Renesas"), for venue and was then re-filed with a different venue assertion in the Northern District of California as Koji IP, LLC v. Renesas Electronics America, Inc. ("Koji II"), No. 3:23-cv-05752-LJC (N.D. Cal. Nov. 8, 2023), ECF No. 1. In filing Koji II, Koji changed its claim related to venue.[16] However, based on low sales volumes the case was dismissed.[17]   After further diligence on a new product that was not accused in Koji II, Koji filed a new Complaint, *Koji IP, LLC v. Renesas Electronics America, Inc.* ("Koji III"), No. 5:24-cv-03089 (N.D. Cal. May 22, 2024), ECF No. 1.[18]

The Ninth Circuit has recognized cases where exceptions have been found to the two-dismissal rule.[19]  In Koji I, the defendant argued the case lacked venue.  Rather than wasting resources fighting a venue challenge, the case was dismissed.  At the time of dismissal, Defendant had already filed a motion to dismiss based on venue that attached evidence that it did not have a regular and established place of

---

[13] Doc. No. 42 at 14-23.

[14] 193 F.3d 1074, 1080 (9th Cir. 1999).

[15] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.

[16] Doc. No. 24-2 at ¶¶14-15; In re Hall, Bayou Associates Ltd., 939 F.2d 802, 806 (9th Cir. 1991)

[17] Doc. No. 28-2 at pg 2cc from Koji II

[18] Doc. No. 24-2 at ¶¶14-15.

[19] *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991).

business in Colorado.[20]  Based on that evidence, the case was likely going to be dismissed even though Defendant advertised it had an office in Denver.

The same patent infringement claims from the Colorado case were refiled in this District as Koji II.  Due to low sales, that case was soon dismissed.[21]  After further review, Koji III was filed on a different Renesas product.[22] It is reasonable that the two-dismissal rule does not apply to the present fact situation or that an exception applies and it was error for the Magistrate's Order to decide otherwise. Koji III is not the same case as Koji II, the prior California case, as Koji II accused a different product, thus a different claim. Also, Koji II differed from the Colorado case, Koji I, as Koji II was in a different venue from Koji I.  The Ninth Circuit uses a "transactional approach for purposes of the two-dismissal rule and hold that a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action."[23] The accused product in the present case is different than the accused product in the prior California case, Koji II, the facts and thus the claim, differs and therefore the two dismissal rule would not apply, i.e. a negative ruling, such as a finding of noninfringement in the first California action would not be res judicata to the second California action as the second action accused a different product.  It was error for the Magistrate's Order to find that the Sanctioned Parties admitted the lawsuits, Koji II and Koji III, were the same and for the Magistrate's Order to find that they were the same.[24]  It was further error for the Magistrate's Order to find bad faith based on the filing of the Koji III.[25]  There can be no abuse of the judicial system if the filing is warranted as it is here.[26]  Further, the Magistrate's Order erred by

---

[20] Doc. No. 24-8; Declaration of Carlos Gorrichategui ("Gorrichategui Decl.") at ¶5.
[21] Doc. No. 24-2 at ¶¶12-15; Gorrichategui Decl. at ¶¶6-7.
[22] Doc. No. 24-2 at ¶¶5-15.
[23] *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 686 (9th Cir. 2024).
[24] Doc. No. 42 at 16-18.
[25] Doc. No. 42 at 24-25.
[26] *See, e.g., Rose Ct., LLC*, 119 F.4th at 686.

analyzing the subjective intent of the Sanctioned Parties as to whether they had case law to support what they did "[b]ecause the frivolousness prong of Rule 11 is measured by *objective* reasonableness, [citation omitted], whether [a party] actually relied on" the cases which show its claims aren't frivolous is irrelevant. [citation omitted] The same rule must apply to the factual basis for a claim.[27] The commentary on Rule 11 emphasizes that the Rule "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."[28]

The Sanctioned Parties further object to the Court Order's characterization that Ms. Kalra provided no authority for filing the present lawsuit, Koji III, at the August 22, 2024, hearing and that the Sanctioned Parties failed to perform an adequate prefiling investigation.  Ms. Kalra's briefing provided the authority, namely by arguing the response as filed.  As it was a new product, new in that it was a different product than was accused in Koji II, the briefing argued that the Sanctioned Parties used technical resources, including both in-house and Simon Sunatori, to draft all claim charts in this matter.[29] When sales were found to be low on the original accused instrumentality, Sunatori located a new product and helped develop the new claim charts.[30]  Ramey LLP asserted the patents against the Renesas devices only after collaboration with a technical expert who has over 25-years-experience with patents and research and development.[31]   The Sanctioned Parties complied with Rule 11's requirements to file a patent infringement case.  The Third Action was asserted in a good faith belief that infringement existed and still exists for the new product.[32]   There simply is no evidence that the lawsuits were not filed in

---

[27] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)
[28] *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) *citing* Fed.R.Civ.P. 11, Notes of Advisory Committee on Rules.
[29] Doc. No. 24-15, Declaration of Simon Sunatori ("Sunatori Decl.") at ¶¶3, 8, 10-11.
[30] Doc. No. 24-2 (Ramey Decl.) at ¶14.
[31] Doc. No. 24-15 (Sunatori Decl.) at ¶7.
[32] Doc. No. 24-2 (Ramey Decl.) at ¶14.

good faith.[33]  Further, the evidence of record establishes that an adequate prefiling investigation was made.

The Sanctioned Parties further object to the Magistrate's Order not considering whether Koji's infringement claims brought in the present lawsuit complied with Rule 11.  The Magistrate's Order does not even cite to the Rule 11 standard for a patent infringement case as put forward in *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*[34] Here, the Sanctioned Parties did comply with Rule 11 by comparing the accused *new* product to the claims of the '703 patent.[35]  It was error for the Magistrate's Order not to consider the infringement allegations when issuing a Rule 11 sanction.  The Sanctioned Parties further object the Magistrate's Order imposing a Rule 11 sanctions because the Magistrate's Order does not use the proper standard.  The Ninth Circuit recognizes an objective, analytic approach to Rule 11, a cause of action is not "warranted by law" where no "plausible, good faith argument can be made by a competent attorney" in support of the proposition asserted.[36] If there is any basis for a claim in law and fact, there is no Rule 11 violation.[37]  The Magistrate's Order erred in finding that the Third Action is the same claim as the Second Action as the it accuses a different product.[38]  The Sanctioned Parties further object to the Magistrate's Order's finding that the Sanction Parties conduct was bad faith and akin to civil contempt.[39]  The Magistrate's Order did not consider all of the record evidence of the Sanctioned Parties prefiling investigation.[40]  Here, the Sanctioned Parties had a reasonable basis to file the lawsuit.  The Magistrate's Order commits error in comparing the fact situation of *Sanai v. Sanai*[41] to the present

---

[33] *See, e.g., Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).
[34] 208 F.3d 981, 986 (Fed.Cir.2000).
[35] Doc. No. 1-2, *generally at claim chart.*
[36] *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000).
[37] *Paciulan*, 38 F. Supp. 2d at 1144.
[38] Doc. No. 24-2 at ¶¶14-15.
[39] Doc. No. 42 at 24.
[40] Doc. No. 24-2 at ¶¶5-23; Doc. No. 24-15 at ¶¶7-11.
[41] *Sanai v Sanai,* 408 F. App'x 1 (9th Cir. 2010).

case where there were court orders dismissing the claims and then the sanctioned party refiled exactly the same claims.[42]    The court in that case cited misconduct as it relates to court orders, including "repeatedly filing notices of lis pendens in violation of the district court's orders, failing to appear for duly noticed depositions, failing to serve a defendant with a subpoena duces tecum seeking her financial records from a third party, surreptitiously audio recording a defendant while simultaneously suing him for wiretapping, and interfering with responses to subpoenas defendants served on plaintiffs' health care providers."[43]  Here, there were no court orders that were disobeyed by the Sanctioned Parties.  Here, the case was voluntarily dismissed.  Further, there were different claims in each of Koji I, Koji II, and Koji III.  The Sanctioned Parties' conduct is not even close or otherwise comparable to the conduct of the counsel and party in *Sanai v. Sanai*,[44] and certainly does not rise to contempt of court.  The Sanctioned Parties request a reversal of the Rule 11 sanction.

### D.  Fourth Objection

The Sanctioned Parties object to Magistrate's Order's finding that Koji filed the same lawsuit three times.[45]  The first lawsuit was dismissed and refiled claiming a new venue in the Northern District of California.[46]  The third lawsuit claimed a different Renasas product of infringing the claims of the Patent-in-Suit.[47]  The Sanctioned Parties believed the lawsuit well founded as the first lawsuit was dismissed on venue grounds.[48]  Further, Mr. Ramey was aware of the law that allowed the refiling of the exact cause of action provided a persuasive explanation justifies the filing without incurring exposure

---

[42] *Id.* at 1, 2 (9th Cir. 2010).
43 Sanai, 408 F. App'x at 2.
[44] 408 F. App'x at 2.
[45] Doc. No. 42 at 2:12-28.
[46] Doc. No. 24-2 at ¶¶5-13.
[47] Doc. No. 24-2 at ¶¶14-15.
[48] Doc. No. 24-2 at ¶¶16-18.

to an award of fees under Rule 41(d).[49]  Additionally, in Koji III, an entirely new product was accused of infringement.[50]  The law is clear that filing even the same lawsuit three time is not automatically barred, that determination must be made in the later filed case.[51]  It was error for the Magistrate's Order to conclude that the same lawsuit was filed three times.  Such error caused the Magistrate's Order to incorrectly find a violation of Rule 11.

### E.  Fifth Objection

The Sanctioned Parties object to the Magistrate's Order's finding that Mr. Ramey and Mr Kubiak engaged in the unauthorized practice of law[52] and that Ms. Kalra aided and abetted in the unauthorized practice of law.[53] The Sanctioned Parties further object to the Magistrate's Order finding a violation of the Court's authority under the Civil Local Rules.[54]  Since beginning to work with the firm,  Ms. Kalra was the lead attorney in every case filed in California.[55]  Therefore, a licensed California attorney was always lead on the case and responsible for all filings.  As a preliminary matter, the Sanctioned Parties note that each firmly believed that what they were doing was well within the letter of the law, but more importantly, the Sanctioned Parties instantly modified their behavior and discontinued the practices that the Court said were improper.[56]  As such, the conduct is not likely to be repeated and the conduct was not thought to violate any ethical rule or rule of practice at the time it occurred.[57]  As the actions were not intentional violations, if a sanction is determined appropriate, a written reprimand is more appropriate rather than the Magistrate's Order issuing sanctions that quiet likely will be career altering.

---

[49] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1025 (C.D. Cal. 2022).
[50] Doc. No. 24-2 at ¶¶14-15.
[51] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.
[52] Doc. No. 42 at 27-33.
[53] Doc. No. 42 at 27-33.
[54] Doc. No. 42 at 33.
[55] Ex. A at 10:13-22; 31:16-34:9.
[56] Doc. No. 28-1 at ¶¶14, 20-23; Doc. No. 28-2 at ¶¶19-23; and, Doc. No. 28-15 at ¶¶10-14.
[57] Doc. No. 28-1 at ¶¶ 20-23; Doc. No. 28-2 at ¶¶20-23; and, Doc. No. 28-15 at ¶¶11-14.

In fact, Ms. Kalra has resigned from her new law firm over the Magistrate's Order.[58]  As well, Mr. Ramey has been censored by Gene Quinn of IP Watchdog at least in part because of the Magistrate's Order.[59]  IP Watchdog is removing previously published articles from Mr. Ramey and scrubbing his profile from the website.[60]  Damage has already been done by the Magistrate's Order.  The Sanctioned Parties request the District Court affirm these objections and vacate the Magistrate's Order.

### F.  Sixth Objection

The Magistrate's Order is in error and does not properly address how the Ninth Circuit determines whether a lawyer is practicing law in California.  The caselaw provides that the State Supreme Court in California views that for conduct to be the practice of law in California it must entail sufficient contact with a *California* client to render the nature of the legal service a clear legal representation and the nature of the unlicensed lawyer's activities in the state must be examined.[61]

Mere fortuitous or attenuated contacts will not sustain a finding that the unlicensed lawyer practiced law in California. The primary inquiry turns on whether the unlicensed lawyer engaged in sufficient activities or created a continuing relationship with a *California* client that included legal duties and obligations.[62]  The Ninth Circuit went on to distinguish the facts from the California Supreme Court case finding that the legal services of a lawyer wholly performed in a state other than California were not the unauthorized practice of law as the legal services had more to do with an issue of federal ERISA law than state law.[63]  Likewise, the Court in *Winterrowd* further found that out of state lawyer was not practicing law in California because the arrangement the out of state lawyer had with the in state lawyer

---

[58] Declaration of Susan S.Q. Kalra ("Kalra Decl.") at ¶3.
[59] Ex. E, Ramey Decl. at ¶10.
[60] Putting aside likely FTC violation, the journalistic integrity of IP Watchdog is highly questionable.
[61] *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 821–23 (9th Cir. 2009).
[62] *Winterrowd*, 556 F.3d at 821–23.
[63] *Winterrowd*, 556 F.3d at 821–22.

was more like a partnership, which is exactly the situation of the present case, Ms. Kalra was the California lawyer on the case and responsible as lead attorney.[64]    For all practical purposes, the arrangement between Mr. Ramey, Mr. Kubiak and Ms. Kalra is analogous to a partnership for the prosecution of the patent infringement claim against the Defendant which is similar to the type of partnership found in *Winterrowd*.[65]    The Ninth Circuit found it very relevant if one of the lawyers performing the work is licensed in California.[66]

The Ninth Circuit went further and held that state law was not determinative of whether a lawyer practicing in federal court is authorized to practice and recognized that an out of state lawyer could always seek admission by *pro hac vice* admission.[67]    The Magistrate's Order did find that each of Mr. Ramey and Mr. Kubiak were regularly practicing law in California but without any specificity as to what acts constituted the practice of law in California and thus in error.[68]    That Mr. Ramey and Mr. Kubiak appeared on pleadings with the modifier "*pro hac vice anticipated*" or the like is precisely the type of attenuated contact that the California Supreme Court said would not support that either was practicing law in California.[69]    In fact, the modifier makes it very clear that both are not licensed.    The Sanctioned Parties object to the lack of what activities constituted the unauthorized practice of law as the Ninth Circuit has approved the type of partnership that Ms. Kalra worked with other lawyers at Ramey LLP.[70]    The Sanctioned Parties request the District Court vacate this finding.

**G. Seventh Objection**

---

[64] *Id.*
[65] *See, e.g., Id.* at 821–23.
[66] *See, e.g., Id.* at 822.
[67] *See, e.g., Id.* at 823.
[68] Doc. No. 42 at 32-33.
[69] *See, e.g., Winterrowd*, 556 F.3d at 821–23.
[70] *See, e.g., Winterrowd*, 556 F.3d at 821–22.

The Sanctioned Parties further object to the Magistrate's Order's finding that Mr. Ramey's declaration is not accurate.[71]  Exhibit B to this response is a true and accurate listing of all 56 cases identified by the Magistrate's Order from the Northern District of California ("NDCA"), providing columns for (1) Case Number 1 – 56; (2) Case name; (3) Case Filing No.; (4) Filing Date; (5) Counsel for Plaintiff and Defendant; (6) whether a lawyer not licensed in CA was on pleadings; (7) whether the identified "*pro hac vice*" or similar modifier was used; (8) whether a "*pro hac vice*" application was filed in the case for a Ramey Firm lawyer; (9) Whether case was transferred from another District to NDCA and the date; and, (10) the date the case was closed.[72]

Cases 8, 22-42, 44-49, 51 and 52 were all filed in California with a licensed California lawyer as lead counsel.[73]  Non-licensed California lawyers were also on one or more pleadings using the identifier "*pro hac vice anticipated*" or something very similar. The practice was thought to conform to the local rules.[74]  However, after the August 22, 2024, hearing in this matter, the practice was stopped and is not going to be repeated.[75]  The practice was not thought to be the unauthorized practice of law because the use of the qualifying language is a clear statement that the lawyer is not licensed in California.  If the cases progressed, a motion *pro hac vice* was filed, as in cases 22-24, 39, 49, 51, and 52.[76]  In all cases that originated in California, a California lawyer was in charge as lead counsel.[77]  Any unlicensed California lawyers were providing case support regarding the highly specialized nature of patent litigation and not on issues of California state law.[78] None of the clients represented in any of the

---

[71] Doc. No. 42 at 31.
[72] Declaration of William P. Ramey, III ("Ramey Decl.") at ¶18.
[73] Ex. B at case numbers 8, 22-42, 44-49, 51 and 52.
[74] Doc. No. 28-1 at ¶¶ 20-23; Doc. No. 28-2 at ¶¶20-23; and, Doc. No. 28-15 at ¶¶11-14.
[75] Doc. No. 28-1 at ¶14; Doc. No. 28-2 at ¶19; and, Doc. No. 28-15 at ¶10.
[76] Ex. B at 22-24, 39, 49, 51, and 52
[77] Doc. No. 28-1 at ¶¶ 2, 20-23; Doc. No. 28-2 at ¶¶20-23; and, Doc. No. 28-15 at ¶¶11-14.
[78] *See, e.g., Winterrowd*, 556 F.3d at 821–23.

56 cases are organized in California or otherwise domiciled therein.[79] The cases were filed in California because venue in patent infringement cases is restrictive and venue was proper in California.[80]

Cases 1-7, 9-21, 43, 50, and 53-56 were all transferred to California from another court.[81] Non-licensed California lawyers were also on one or more pleadings using the identifier "*pro hac vice anticipated*" or something very similar. The practice was thought to conform to the local rules.[82] However, after the August 22, 2024, hearing, the practice was stopped and is not going to be repeated.[83] The practice was not thought to be the unauthorized practice of law because the use of the qualifying language is a clear statement that the lawyer is not licensed in California. If the cases progressed, a motion *pro hac vice* was filed, as in cases 2, 9, 10, 53-56.[84]

Transferred case numbers 6, 7, and 50 do not provide for a lead California lawyer. In case 6, a Case Management Conference document was filed by Defendant that included Mr. Ramey's signature block[85] and then the case was dismissed.[86] Case 6 lasted about 5 months in this District and there was no activity beyond the court required CMC. In Case 7, the case was transferred from the Western District of Texas, but counsel for Plaintiff did not appear in the case or file any document, not even an opposition to the motion to stay.[87] For case 50, no document was filed by Plaintiff and thus no appearance was made. Defendant's counsel filed two stipulations with Mr. Ramey's signature block,

---

[79] Ramey Decl. at ¶4.
[80] Ramey Decl. at ¶¶4, 19.
[81] Ex. B at case numbers 1-7, 9-21, 43, 50, and 53-56, looking at column "Date of Transfer."
[82] Doc. No. 28-1 at ¶¶ 20-23; Doc. No. 28-2 at ¶¶20-23; and, Doc. No. 28-15 at ¶¶11-14.
[83] Doc. No. 28-1 at ¶14; Doc. No. 28-2 at ¶19; and, Doc. No. 28-15 at ¶10.
[84] Ex. B at 2, 9, 10, and 53-56; Ramey Decl. at ¶20.
[85] Ex. G, Doc. No. 88 from3:20-cv-000483-VC; Ramey Decl. at ¶5.
[86] Ex. H, Doc. No. 91 from3:20-cv-000483-VC; Ramey Decl. at ¶5.
[87] Ex. I, Doc. No. 63 from 4:23-cv-01852-JST (Defendant's notice that plaintiff did not oppose stay); Ramey Decl. at ¶6.

one agreeing to an extension[88] to answer and one agreeing to a dismissal due to settlement.[89]  Case 50 lasted about one month in this District and in fact was in the process of being settled by a third party during the transfer process.  Cases 54-56 were consolidated with John Thomas as lead counsel and Mr. Ramey did in fact file a *pro hac vice* in case 54.[90]  As the cases were consolidated, it was not believed that a pro hac vice was required in the other two cases.  For all other cases, any unlicensed California lawyer was providing case support regarding the highly specialized nature of patent litigation and not on issues of California state law.[91]  None of the clients represented are organized in California or otherwise domiciled therein.[92]  The cases were transferred to California and not filed there.[93]

The Magistrate's Order commits error by finding that Mr. Ramey and Mr. Kubiak were engaged in the unauthorized practice of law and that Ms. Kalra aided and abetted that practice as the contacts are attenuated. The Sanctioned Parties formed a partnership where Ms. Kalra handled the state law matters and Mr. Ramey and Mr. Kubiak delivered highly specialized advice on federal patent litigation.[94]  Further, much like in *Winterrowd*, if required, there is no reason Mr. Ramey or Mr Kubiak would not be admitted *pro hac* vice.  Both are members in good standing with the Texas State Bar[95] and each have over 25 years practice.[96]  As in *Spanos,* there has been "no suggestion of any unlawyerlike conduct on his part," prior to the Magistrate's Order.[97]  While the Magistrate's Order does make a finding that Mr Ramey and Mr. Kubiak are regularly engaged in the practice of law in California,[98] which might

---

[88] Ex. J, Doc. No. 16 from 5:21-cv-07812-EJD; Ramey Decl. at ¶7.
[89] Ex. K, Doc. No. 20 from 5:21-cv-07812-EJD; Ramey Decl. at ¶7.
[90] Ex. L.
[91] *See, e.g., Winterrowd*, 556 F.3d at 821–23.
[92] Ramey Decl. at ¶4.
[93] Ramey Decl. at ¶¶4, 21.
[94] *See, e.g., Winterrowd*, 556 F.3d at 821–23.
[95] Ramey Decl. at ¶8.
[96] Ramey Decl. at ¶9.
[97] *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 168 (2d Cir. 1966).
[98] Doc. No. 42 at 28.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

disqualify each from *pro hac vice* admission under Civil L.R. 11-3(c), the record evidence is believed to show only attenuated contact on the highly specialized area of patent litigation.  The evidence of record is that a California lawyer was lead counsel for all cases, except for the three transferred cases discussed above that were very short lived and in the process of being dismissed at the time of transfer.[99] The developed record does not indicate that Mr. Ramey or Mr. Kubiak would have been denied admission *pro hac vice* at the time of each of the 56 cases.  Moreover, to the extent the Magistrate's Order seeks to limit Koji from using any of the Ramey Firm lawyers, the privileges and immunities clause of the U.S. Constitution prohibits a state from denying a citizen with a federal claim or defense from engaging an out-of-state lawyer to collaborate with an in-state lawyer and give legal advice concerning it within the state.[100]   The Sanctioned Parties further object to the Magistrate's Order's findings that they violated the Civil Local Rules[101] for the reasons provided herein.  The Sanctioned Parties request that the District Court vacate the Magistrate's  Order's finding that Mr. Ramey and Mr. Kubiak were engaged in the unauthorized practice of law and that Ms. Kalra aided and abetted that practice and that each should be sanctioned pursuant to the Court's inherent authority, the Court's authority under the Civil Local Rules, and the Court's authority under Rule 11 and applicable law as sufficient justification has been shown or at least less severe sanctions should be issued.[102]

### H.  Eighth Objection

The Sanctioned Parties further object to the Magistrate's Order's finding that Mr. Kubiak regularly engages in the unauthorized practice of law in California. Exhibit C to this response is a true and accurate listing of all 17 cases identified by the Magistrate's Order from the Northern District of

---

[99] Ramey Decl. at ¶¶5-7.
[100] *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 170 (2d Cir. 1966).
[101] Doc. No. 42 at 33.
[102] Doc. No. 42 at 33.

California ("NDCA"), providing columns for (1) Case Number 1 – 17 and name; (2) Case filing number; (3) Case Filing date; (4) California counsel for Plaintiff; (5) Whether or not Kubiak was on any California pleading; (6) whether the identified "pro hac vice" or similar modifier was used; (7); whether a "pro hac vice" application was filed in the case for Kubiak (8) Whether case was transferred from another District to NDCA; and, (9) the date the case was closed.  Cases 1, 2, 4 - 8, and 1 - 14 were all originally filed in California with a licensed California lawyer as lead counsel.   Kubiak was listed on the initial pleading in cases 1, 2, 4 – 7, and 10.  Kubiak was listed on the jury request in cases 8, and 1 – 14.  None of the plaintiff's in cases 1 – 17 were California entities.  Kubiak was listed on the cases in the event that his expertise might be needed and in such an event a pro hac vice application would be filed.  In cases 3, 9, and 15 – 17 the cases were transferred to California by other courts.  While Kubiak appeared in the foreign courts, no document was filed in a California court with Kubiak's name attached with the exception of case 9, SmartWatch Mobile Concepts, LLC v. Google, LLC, 3:24-cv-00937 which was transferred in and Kubiak filed and was granted a pro hac vice admittance.  The Magistrate's Order further lists Kubiak as "lead attorney" in cases 3, 15 and 16. [103] Each of the cases was transferred from a foreign court to California and in which Mr Kubiak had no contact, including any listing on any document filed in California, with the case once transferred to California.  Further, in all cases, a California lawyer was in charge as lead counsel.  To the extent that Kubiak had any contact with a case other than cases 3, and 15 – 17 such support was limited to the highly specialized nature of patent claim construction and claim chart analysis and not on issues of California state law.

## I.  Ninth Objection

The Sanctioned Parties object to the Magistrate's Order referencing other cases where sanctions have been awarded or discussed as there is no explanation of the relevance of the other sanctions or

---

[103] Doc. No. 42 at 8 and 9.

discussions of sanction.[104]  Further, the Sanctioned Parties object to the Magistrate's Order's citation to *Nimitz Techs. LLC v. CNET Media, Inc.*, No. CV 21-1247-CFC, 2022 WL 17338396, at *7–8 (D. Del. Nov. 30, 2022), as Mr. Ramey was not counsel in that case.  Rather, the discussion concerned a Delaware attorney, Mr. Chong.[105]  As such, the consideration of an unrelated attorney's conduct as supporting a sanction of the Sanctioned Parties is in error.  The Sanctioned Parties further object to the Magistrate's Order's consideration of a sanction awarded in *mCom IP, LLC v. City Nat'l Bank of Fla.*, No. 23-23427-Civ-Scola/Lett, 2024 U.S. Dist. LEXIS 43754 (S.D. Fla. Mar. 11, 2025).  While the Magistrate's Order finds the cases similar, no specifics are provided on what makes the cases similar.  In fact, there was not a finding in the other case that Mr. Ramey or any other of the Sanctioned Parties had appeared on behalf of mCom in the Florida case.  Likewise, the case is on appeal and therefore the sanction order is capable of being modified or vacated.  It violates the Sanctioned Parties due process rights to consider other sanctions orders that are capable of being modified or vacated to support a sanction in this case.  Further, Ms. Brieant is lead counsel for mCom in the Florida case and Mr. Ramey's role was limited to support and any work he performed was filtered through Ms. Brieant as the  in-state attorney.[106]

The Sanctioned Parties further object to the Magistrate's Order considering *ESCAPEX IP, LLC v. GOOGLE LLC*, No. 23-CV-10839 (VSB) (VF), 2025 WL893739, at *10-11 (S.D.N.Y. Mar. 24, 2025) as establishing a pattern supporting a sanction.[107]  The Magistrate's Order notes that sanctions have been handed down on a variety of issues nationwide against Mr. Ramey, Ms. Kalra and clients,[108] but then makes the unsupported statement that such different issues establish a pattern of behavior.  It appears

---

[104] Doc. No. 42 at 12-13.

[105] *Nimitz Techs. LLC v. CNET Media, Inc.*, No. CV 21-1247-CFC, 2022 WL 17338396, at *7–8 (D. Del. Nov. 30, 2022).

[106] *See, e.g., Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823–24 (9th Cir. 2009).

[107] The Sanctioned Parties further note that the New York Order is objected to by objections filed April 7, 2025 and therefore subject to change and not currently a district court order.

[108] Doc. 42 at 12-13.

the conduct sought to be deterred is suing companies for patent infringement, each of the Ramey Firm's clients protected First Amendment Right,[109] if so, is in error, and does not provide enough specificity to establish a pattern.  Likewise, the Sanctioned Parties object to the Magistrate's Order's consideration of the sanctions in *EscapeX IP LLC v. Google LLC*, No. 22-cv-08711-VC, 2024 WL 557729, at *1 (N.D. Cal. Feb. 12, 2024) and *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. H-23-2961, 2024 WL 3856797, at *2 (S.D. Tex. Aug. 13, 2024), as both are currently on appeal and subject to change. The Sanctioned Parties further object to the Magistrate's Oder reliance on *See ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769, at *3 (N.D. Tex. Feb. 6, 2023) as supporting a rule 11 sanction (or other sanction)[110] as that case concerned a sanction under §285.  It is error for the Magistrate's Order to consider these other sanctions as supporting a sanction in this case without more specific factual findings specifying what conduct establishes the pattern, as rule 11 only applies to the filing of pleadings.[111]  Further, it was error for the Magistrate's Order to sanction based on other sanctions when it provided "Mr. Ramey's and the Ramey law firm's long history of repeated instances of rules violations and noncompliance impacts the Court's decision regarding the imposition of sanctions here."[112]  The Magistrate's Order, in error, appears to attack the Sanctioned Parties subjective intent through the use of the phrase "conscious decision to avoid the application fees."[113]

Mr. Ramey and Mr. Kubiak admit that they included their names on pleadings with the modifier "*pro hac vice anticipated*" following their name.  Such practice was stopped after the August 22, 2024, hearing in this matter.[114] Until the Court raised the issue, the Sanctioned Parties did not believe an

---

[109] *See, e.g., Talamini v. All–State Insurance Co.,* 470 U.S. 1067, 105 S.Ct. 1824, 1827–28, 85 L.Ed.2d 125 (1985).
[110] Doc. No. 42 at 32.
[111] *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1130 (9th Cir. 2002).
[112] Doc. No. 42 at 31.
[113] Doc. No. 42 at 31.
[114] Ex. A at 5:12-20; 7:3-14.

appearance was being made when the modifier "pro hac vice" was used as it was intended to clearly indicates that the attorney is not a California lawyer.  At the September 24, 2024, hearing, Mr. Ramey explained to the Court that the use of "pro hac vice anticipated" was for two primary reasons, to save expense and to help Ms. Kalra who was going through a difficult time.[115]  However, the Magistrate's Order, in error, does not acknowledge these facts.  Ms. Kalra is a licensed California attorney, was responsible for all work, was lead counsel and appeared at all hearings in this matter.[116]  The Ninth Circuit does recognize that out-of-state lawyers can provide support to licensed California lawyers without filing for pro hac vice.[117]  It is the manner of the out of state lawyer's conduct that controls.  Here, there is no evidence that Ms. Kalra was not lead counsel for the various plaintiffs, that Mr. Ramey and Mr. Kubiak were not simply providing legal services in support of Ms. Kalra.  In fact, all evidence is that Ms. Kalra was lead counsel for all California matters.[118]  Further, the evidence of record shows that Mr. Ramey and Mr. Kubiak would enter an appearance as a case progressed.[119]  The Sanctioned Parties further object to the Magistrate's Order not making any accommodation for Ms. Kalra.  The evidence of record is that she was having a difficult time starting in 2023 because of her divorce.[120]  To guard against missing any ECF filings, the Sanctioned Parties maintained the practice of using "pro hac vice anticipated"[121] which allowed Mr. Ramey and Mr. Kubiak to receive notice of case activity via the court's ECF system. Certainly, the rules allow for accommodation to help a fellow attorney. This is not a case where any of the Sanctioned Parties falsified a document or otherwise indicated they were

---

[115] Ex. A at 5:20-6:3; 28:2-16.
[116] Ex. A at 10:13-22; 31:16-34:9.
[117] *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823–24 (9th Cir. 2009); Ex. A at 28:24-29:17.
[118] Ex. A at 28:24-29:17.
[119] Ex. A at 36:15-24.
[120] Doc. No. 28-2 at ¶23; Doc. No. 28-1 at ¶¶6-9; 20-23.
[121] Doc. No. 28-2 at ¶23; Doc. No. 28-1 at ¶¶20-23.

California lawyers.  In fact, Mr. Ramey and Mr. Kubiak made it very clear that they were not California lawyers by using "*pro hac vice anticipated*."  Further, neither Koji nor any of the other plaintiff entities in the other cases were California entities.  The plaintiff entities, including Koji, were required to file in California or the case was transferred to California for venue reasons specific to patent cases under Title 35 of the U.S. Code.  Mr. Ramey and Mr. Kubiak provide highly specialized services to their clients related to federal patent law and any legal issues discussed have very little to do with California law.

It is undisputed that neither Mr. Ramey nor Mr. Kubiak ever appeared in court on the current case until required by the Show Cause Order.[122]  While Mr. Ramey and Mr. Kubiak were involved in settlement discussions with defendants, such discussions were related to the patent infringement aspects of the case raised by Renesas.[123] Both Mr. Ramey and Mr. Kubiak are licensed patent agents by the United States Patent & Trademark Office and allowed to advise client across the nation on limited matters on issues of claim scope, validity, and claim coverage as it relates to the claims of the '703 patent.[124]  Ms. Kalra, who while having years of experience in analyzing patent claim scope is not licensed by the USPTO.[125]  The facts of the present case are very much like the facts from *Winterrowd*[126] where the out of state lawyer was found to be permissibly practicing law.  The Magistrate's Order erred in not reaching the same result. The Sanctioned Parties request the District Court sustain this objection and declare that the Sanctioned Parties are not practicing law without a license or aiding and abetting.

---

[122] Doc. No. 27.
[123] *See, e.g., Winterrowd*, 556 F.3d at 821–23.
[124] *Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334, at *5 (N.D. Cal. Aug. 14, 2020) (recognizing that individuals licensed by the USPTO may give opinions as to infringement).
[125] Doc. No. 28-2 (Ramey Decl.) at ¶22; Doc. No. 28-1(Kalra Decl.) at ¶ 5.
[126] 556 F.3d at 821–22.

The Sanctioned Parties further object to the Magistrate's Order issuing sanctions on closed cases. Each of cases 1-8; 10-17; 19-23; 25-38; 40; and, 42-56 are closed.[127]  The closed cases were managed by different judges who had the right to control its own case as each court saw fit.  The Magistrate's Order assumes that each of the closed cases would have reached this result.  It was error for the Magistrate's Order to consider the closed cases as a basis for sanctioning the Sanctioned Parties.  For the open cases, any sanction should be left to the court handling the matter as that court is more familiar with the facts of the case.  It was error for the Magistrate's Order to base its sanction on conduct on cases currently and previously before other courts.

## J.  Tenth Objection

The Sanctioned Parties object to the Magistrate's Order finding a sanction is warranted under the Court's inherent power.   To impose sanctions under its inherent authority or potentially award attorneys' fees under Rule 41(d), a court must "make an explicit finding that counsel's conduct constituted or was tantamount to bad faith."[128]  The Magistrate's Order erred when it found bad faith of the Sanctioned Parties filing the Third Action, Koji III,[129] as caselaw specifically allows the filing of the Third Action[130] and without sanction provided a persuasive explanation is provided as to why it was filed.[131]   Further, the Ninth Circuit recognizes exceptions to the two dismissal rule that should have precluded the imposition of sanctions as the Sanctioned Parties had a reasonable argument as to why they could file the third lawsuit.[132]  Mr. Ramey believed the dismissal based on venue of the first case was a persuasive explanation for refiling the case.[133]  Additionally, an entirely new product was accused

---

[127] Ex. B at Case closed column for cases 1-8; 10-17; 19-23; 25-38; 40; and, 42-56
[128] *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).
[129] Doc. No. 42 at 24.
[130] *See, e.g., Rose Ct., LLC*, 119 F.4th at 686.
[131] *Milkcrate Athletics, Inc.*, 619 F. Supp. 3d at 1025.
[132] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.
[133] Ex. A, Hearing Transcript at 42:15-43:21; Doc. No. 24-2 at ¶¶14-18.

of infringement and therefore the facts and claims are not the same.[134] The law is clear that filing even the same lawsuit three time is not automatically barred.[135]  The Sanctioned Parties further object to the Magistrate's Order providing that its Inherent Power is a catch all sanction.[136]  It was error for the Magistrate's Order to find that bad faith was shown through not investigating Rule 41.[137]

### K.  Eleventh Objection

The Sanctioned Parties object to the Magistrate's Order's finding that any future cases by clients of the Ramey Firm filed in California would be in violation of the rules.[138] The Magistrate's Order, in error, finds that deterrence is required because Mr. Ramey makes case-related decisions.  Further, the Magistrate's Order mistakenly claims that Mr. Ramey declined the Court's invitation to take the California bar exam whereas the actual testimony was that Mr. Ramey had in fact considered taking the exam.[139]  The Magistrate's Oder mistakenly finds that a theoretical plan, actions not actually taken, can support the issued sanctions, as there is no finding of any specific violation in any future case.[140]  This is a penultimate due process violation, a sanction based on conduct that has not occurred. The Sanctioned Parties request that these objections are affirmed and the Magistrate's Order vacated.

### L.  Twelfth Objection

The Sanctioned Parties object to the sanctions issued as not being proper.[141]  Sanctions imposed should be limited to what is "sufficient to deter repetition of such conduct or comparable conduct by

---

[134] Doc. No. 24-2 at ¶¶14-15.
[135] *See, e.g., Rose Ct., LLC*, 119 F.4th at 686; *Milkcrate Athletics, Inc.*, 619 F. Supp. 3d at 1025; Doc. No. 24-2 at ¶¶5-15.
[136] Doc. No. 42 at 25-27.
[137] Ex. A at 45:6-17; Doc. No. 28-2 at ¶¶17, 27-28.
[138] Doc. No. 42 at 33-37.
[139] Ex. A at 62:16-20.
[140] Doc. No. 42 at 36-37.
[141] Doc. No. 42 at 37-44.

others similarly situated."[142] If a violation is found and a sanction deemed appropriate, a more appropriate sanction would be admonishment of the conduct as it has already stopped and was not done to circumvent any rule. The evidence of record is that the procedure used by the Ramey Firm was believed to be in compliance but that immediately after the August 22, 2024, hearing, the process was changed.[143] As such, there is little chance the conduct repeats. It is error for the Magistrate's Order to require the Sanctioned Parties self-report the sanctions imposed on them.[144] It is further error for the Magistrate's Order to require the Sanctioned Parties further self-report.[145] It is further error for the Magistrate's Order to require Mr. Ramey and Mr. Kubiak "to each complete at least two hours of in-person, California bar-approved CLE classes on Legal Ethics and/or Professional Conduct, and at least an additional two hours of in-person, California bar-approved CLE on Law Practice Management."[146] These sanctions are severe and unwarranted, potentially career ending, and unreasonable as to the length of 5 years. The Sanctioned Parties have already discontinued the practice and it is not likely to be repeated.[147] A stay for any self-reporting, and all other sanctions, should be afforded the Sanctioned Parties pending any appeal as once reported the sanctions cannot be undone.[148] The harm will be immediate and severe.

## II.    CONCLUSION

Koji IP, LLC, William P. Ramey, III, Susan S.Q. Kalra, and Jeffrey E. Kubiak respectfully request the District Court grant these objections to the Magistrate's Order and set it aside in its entirety

---

[142] Fed.R.Civ.P. 11(b)(2)(A).
[143] Doc. No. 28-1 at ¶14; Doc. No. 28-2 at ¶19; and, Doc. No. 28-15 at ¶10.
[144] Doc. No. 42 at 38.
[145] Doc. No. 42 at 38.
[146] Doc. No. 42 at 43.
[147] Doc. No. 28-1 at ¶14; Doc. No. 28-2 at ¶19; and, Doc. No. 28-15 at ¶10.
[148] *Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999, at *1-2 (D. Idaho Jan. 7, 2015) *citing Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see also Nken v. Holder,* 556 U.S. 418, 433 (2009).

Respectfully submitted,

Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
(650) 678-4644
Email: sqklaw@gmail.com

***Attorneys for Plaintiffs***
***Koji IP, LLC, William P. Ramey, III,***
***Susan Kalra and Jeffrey E. Kubiak***

## CERTIFICATE OF CONFERENCE

In an abundance of caution, I conferred with counsel for Defendant on March 31, 2025 and again on April 7, 2025, that we would be filing these objections and requesting to exceed the page limit to 22 pages. Defendant took no position.

By: */s/ William P. Ramey, III*
William P. Ramey, III

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

By: /s/ Susan Kalra
Susan Kalra

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE