Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
(650) 678-4644
Email: sqklaw@gmail.com

*Attorneys for Plaintiffs*
*Koji IP, LLC, and*
*Submitted on behalf of William P. Ramey, III,*
*Susan Kalra and Jeffrey E. Kubiak*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC, | Case No.: 3:24-cv-03089-PHK |
| Plaintiff, | |
| v. | **MOTION FOR RELIEF FROM** |
| RENESAS ELECTRONICS AMERICA, INC., | **NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| Defendant. | |

# TABLE OF CONTENTS

I.   OBJECTIONS ............................................................................................................ 1

   A.  First Objection .............................................................................................. 1

   B.  Second Objection .......................................................................................... 2

   C.  Third Objection ............................................................................................ 7

   D.  Fourth Objection .......................................................................................... 8

   E.  Fifth Objection ............................................................................................. 9

   F.  Sixth Objection ............................................................................................. 9

   G.  Seventh Objection ...................................................................................... 17

   H.  Eighth Objection ........................................................................................ 19

   I.   Ninth Objection .......................................................................................... 19

   J.  Tenth Objection .......................................................................................... 20

II.  CONCLUSION ...................................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911 (9th Cir. 2003) ........................................2

*Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999)................................2, 8

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990)................................................................5

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S. Ct. 1837, 1842, 164 L. Ed. 2d 641 (2006)...11

*Gammino v. Sw. Bell Tel., L.P.,* 512 F. Supp. 2d 626 (N.D. Tex. Mar. 23, 2007), *aff'd*, 267 Fed. Appx. 949 (Fed. Cir. 2008)........................................................................................9

*Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999 (D. Idaho Jan. 7, 2015).......21

*Hilton v. Braunskill,* 481 U.S. 770 (1987)............................................................................21

*Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724 (9th Cir. 1991) ................3

*Link v. Wabash, R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ....................................20

*Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009 (C.D. Cal. 2022) ........................5

*Nken v. Holder,* 556 U.S. 418 (2009)..................................................................................21

*Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679 (9th Cir. 2024) ............................4, 16

*Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.,* No. C-04-4265 MMC, 2005 WL 3634617 (N.D. Cal. Nov. 21, 2005)........................................................................9

*Upsher-Smith Labs. v. Pamlab, L.L.C.,* 412 F.3d 1319 (Fed. Cir. 2005) ............................................9

**Rules & Regulations**

Fed. R. Civ. P. 11(b)(2)(A)..........................................................................................20

Koji IP, LLC ("Koji"), William P. Ramey, III ("Mr. Ramey"), Susan S.Q. Kalra ("Ms. Kalra") and Jeffrey E. Kubiak ("Mr. Kubiak") (collectively, "Sanctioned Parties") respectfully file this Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge,[1] specifically the Magistrate Judge's Order  Granting Motion for Attorneys' Fees and Sanctions ("Magistrate's Second Order"),[2] filed as Document Number 43.[3]  As the Magistrate's Second Order incorporated by reference its prior Order Regarding OSC and Imposing Sanctions on Ramey Firm Lawyers,[4] these objections incorporate by reference the objections filed this same day to the Order Regarding OSC and Imposing Sanctions on Ramey Firm Lawyers,[5] as if presented fully herein.

## I.    OBJECTIONS

### A.  First Objection

The Sanctioned Parties object to Magistrate Judge Kang deciding this matter as both parties did not consent while the case was open.  The Magistrate's Second Order finding that both parties consented is in error.[6]  Plaintiff filed a consent on June 10, 2024, that limited its consent to Final Judgment:

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.                                    [7]

---

[1] Pursuant to NDCA Local Rule 72.2.
[2] Doc. No. 43.
[3] To the extent necessary, the Sanctioned Parties are also filing these objections as a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge pursuant to NDCA Local Rule 72.3.
[4] Doc. No. 42.
[5] Doc. No. 47.
[6] Doc. No. 43 at 1, lines 21-23 ("1:21-23").
[7] Doc. No. 10.

However, Defendant did not consent until June 26, 2024,[8] which was after Final Judgment, after Plaintiff voluntarily dismissed its case on June 12, 2024.[9]  As the case was voluntarily dismissed:

> [t]h[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.[10]

Thus, both parties did not consent before Final Judgment and jurisdiction was not conferred on Magistrate Judge Kang to issue orders not reviewable by the District Court.  Where both parties have not consented, a magistrate judge does not obtain jurisdiction over a matter.[11]  Defendant's consent was not effective as it was after Final Judgment, the limit of Koji's consent.  Therefore, whether considered a non-dispositive order or a dispositive order, the Sanctioned Parties request the District Court's consideration of these objections and reversal of the Magistrate's Second Order.

### B.  Second Objection

The Sanctioned Parties object to the Magistrate's Second Order finding that the filing of the present lawsuit constituted the filing of the same lawsuit three times.[12] The Magistrate's Second Order makes this mistaken finding of fact and misapplies the law around a Rule 41(a) dismissal.  The case of *Com. Space Mgmt. Co. v. Boeing Co.*[13] makes clear that the determination of whether a third cause of action is allowable can only be made once a third cause of action is filed.[14]  The Magistrate's Second Order incorrectly begins with the premise that no third cause of action was permissible to file at all.

---

[8] Doc. No. 20.

[9] Doc. No. 12.

[10] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).

[11] *See, e.g., Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003).

[12] Doc. No. 43 at 1:19-22.

[13] 193 F.3d 1074, 1080 (9th Cir. 1999).

[14] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.

That is error.  In the present case, the Sanctioned Parties' position is that the Colorado action was dismissed on venue grounds, which is not a merit-based dismissal.[15]  Further, the Sanctioned Parties contend the present case is not the same  as the prior California case because it accuses a different product.[16]  It was error for the Magistrate's Second Order not to consider whether the two-dismissal rule applies to the facts of this case.

The Ninth Circuit has recognized cases where exceptions have been found to the two-dismissal rule.[17]  One of the purposes of the two-dismissal rule is to prevent harassment of a defendant.[18]  Here, in the Colorado case, the defendant argued the case lacked venue.  Rather than wasting resources fighting a venue challenge, the case was dismissed.  At the time of dismissal, Defendant had already filed a motion to dismiss based on venue that attached evidence that it did not have a regular and established place of business in Colorado.[19]  Based on that evidence, the case was likely going to be dismissed even though Defendant advertised it had an office in Denver.  Koji's dismissal saved the resources of the parties and the court by not maintaining venue in Colorado through the motion.  The same '703 patent infringement claims against the same product were filed in this District.  Due to low sales, that case was soon dismissed.[20]  The present case accuses a new product.[21]  It is a reasonable argument that the two-dismissal rule does not apply to the present fact situation or that an exception applies.  It was error for the Magistrate's Second Order to not consider if exceptions applied to the two-dismissal rule.  The present lawsuit, or Koji III, is not the same case as the prior California case as it accused a different product, thus different facts.  As well the Colorado case is not the same facts as that case was in a

---

[15] Doc. No. 24-2 at ¶¶14-15.
[16] Doc. No. 24-2 at ¶¶14-15.
[17] *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991).
[18] *Id.*
[19] Doc. No. 24-8.
[20] Doc. No. 24-2 at ¶¶12-15.
[21] Doc. No. 24-2 at ¶¶5-15.

different venue.  The Ninth Circuit uses a "transactional approach for purposes of the two-dismissal rule and hold that a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action."[22]  As the accused product in the present case is different than the accused product in the prior California case, the facts are not the same and therefore the two dismissal rule would not apply, i.e. a negative ruling, such as a finding of noninfringement in the first California action would not be res judicata to the second California action.  It was error for the Magistrate's Second Order to find that the Sanctioned Parties admitted the lawsuits were the same and for the Magistrate's Second Order to find that they were the same.[23]  The causes of action are very different and against different products.  Moreover, the Sanctioned Parties did not admit the second California lawsuit was the same as the first California lawsuit and it is error for the Magistrate's Second Order to conclude otherwise.[24]  It was further error for the Magistrate's Second Order to find bad faith based on the filing of the present lawsuit.[25]  There can be no abuse of the judicial system if the filing is warranted as it is here.[26]  Further, the Magistrate's Second Order erred by finding subjective bad faith on the part of the Sanctioned Parties for filing the present case (Koji III).  The Sanctioned Parties object to the Magistrate's Second Order finding that the Colorado lawsuit was dismissed because Koji would lose on a motion to dismiss based on venue.[27]  Mr. Ramey testified at the hearing that the first lawsuit was based on Defendant's website providing it maintained an office in Colorado.[28]  However, Defendant later produced declarations saying it did not have an office.[29]  In fact,

---

[22] *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 686 (9th Cir. 2024).
[23] Doc. No. 43 at 19:7-25.
[24] Doc. No. 28 at 7-8.
[25] Doc. No. 43 at 21:21-26.
[26] *See, e.g., Rose Ct., LLC*, 119 F.4th at 686.
[27] Doc. No. 43 at 20:20-23.
[28] Ex. A, 43:7-21.
[29] Doc. No. 28-2 at ¶10.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

4

Koji's briefing expressed that it might have won the motion to dismiss but dismissed to reduce the burden of fighting the motion to dismiss.[30]

The Sanctioned Parties object To the Magistrate's Second Order finding that Mr. Ramey conceded he could find no case law supporting that a voluntary dismissal for convenience is exempt from Rule 41's impact.[31] Mr. Ramey referenced *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*[32] because the parties were discussing Rule 41 and whether attorneys' fees were payable there under as costs. The Ninth Circuit holds that attorneys' fees are not payable as a matter of right under Rule 41.[33] The Sanctioned Parties argument was about attorneys' fees as costs under Rule 41, which seems appropriate as Defendant provided that Rule 41 required dismissal.[34] Mr. Ramey further testified that his years of practice provided him the basis to know that he could refile the suit.[35]

The Sanctioned Parties further object to the Magistrate's Second Order finding that

the Court is deeply troubled by Koji's lack of diligence and apparent disregard for the two-dismissal rule issue prior to filing Koji III…. Koji has identified no legally permissible excuses for its failures to investigate the Rule 41 issues, and its post-hoc arguments about reducing burdens or convenience are simply irrelevant to Rule 41 (as is the only case law cited by Koji)[,][36]

as there is authority for filing the present lawsuit (Koji III). The Sanctioned Parties did not fail to perform an adequate prefiling investigation.[37] Ms. Kalra's briefing provided the authority, namely by arguing the response as filed. As it was a new product, the briefing argued that the Sanctioned Parties used technical resources, including both in-house and Simon Sunatori, to draft new claim charts in this

---

[30] Doc. No. 24 at 11:10-12:5.
[31] Doc. No. 43 at 20:23-26.
[32] 619 F. Supp. 3d 1009, 1027 (C.D. Cal. 2022).
[33] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1027 (C.D. Cal. 2022).
[34] Doc. No. 43 at 6:10-23.
[35] Ex. A at 46:18-23; Doc. No. 24-2 at ¶¶14-17.
[36] Doc. No. 43 at 21:7-15.
[37] Doc. No. 43 at 20-21.

matter.[38]  When sales were found to be low on the original accused instrumentality, Sunatori located a new product and helped develop the new claim charts.[39]  Ramey LLP asserted the patents against the Renesas devices only after collaboration with a technical expert who has over 25-years-experience with patents and research and development.[40] The Sanctioned Parties complied with its prefiling investigation to file a patent infringement case.  The second California lawsuit (Koji III) was asserted in a good faith belief that infringement existed and still exists for the new product.[41]  There simply is no evidence that the lawsuits were not filed in good faith.[42]  Further, the evidence of record establishes that an adequate prefiling investigation was made.  The Magistrate's Second Order does not identify why the present lawsuit could not have been filed under the facts of the case, in error.

The Sanctioned Parties further object to the Magistrate's Second Order not considering whether Koji's infringement claims brought in the present lawsuit would have been barred by res judicata.  Here, the Sanctioned Parties did perform a pre-filing investigation by comparing the accused *new* product to the claims of the '703 patent.[43]  It was error for the Magistrate's Second Order to not consider whether the fact that a new product was accused of infringement made the lawsuit not the same for purposes of Rule 41.  The Magistrate's Second Order erred in finding that the present action is the same claim as the first case filed in the California.  Koji III accuses a different product.[44]  The Sanctioned Parties further object to the Magistrate's Second Order's finding that the Sanctioned Parties' conduct of filing the present lawsuit was in bad faith because it was allegedly frivolous and legally baseless, and lacked

---

[38] Doc. No. 24-15, Declaration of Simon Sunatori ("Sunatori Decl.") at ¶¶3, 8, 10-11.
[39] Doc. No. 24-2 (Ramey Decl.) at ¶14.
[40] Doc. No. 24-15 (Sunatori Decl.) at ¶7.
[41] Doc. No. 24-2 (Ramey Decl.) at ¶14.
[42] *See, e.g., Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (presumption lawsuit is filed in good faith).
[43] Doc. No. 1-2, *generally at claim chart*.
[44] Doc. No. 24-2 at ¶¶14-15.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

6

adequate pre-suit diligence on the Rule 41 issues.[45]  The Magistrate's Second Order did not consider all of the record evidence of the Sanctioned Parties prefiling investigation.[46]  Here, the Sanctioned Parties had a reasonable basis to file the lawsuit.  The Sanctioned Parties further object to the Magistrate's Second Order finding that "[t]he timing of Koji's immediate settlement demand after filing Koji III, and Koji's avowed reason for filing Koji III (simply to demand a higher settlement figure than was demanded during the Second Action) was an improper motivation and amounts to harassment"[47] because no reasoning is provided why making a settlement demand in a lawsuit on a new product could not be higher than a settlement demand on an entirely different product.  These are different products.[48]  Ex. F charts Renesas Electronics' PTX130W/PTX30W and Ex. G charts Renesas Electronics' P9222-R-EVK Evaluation kit.  There would be no res judicata flowing from a negative merit's finding in the first California lawsuit[49] that would affect the merits in Koji III.[50]  The Sanctioned Parties request the District Court affirm these objections and vacate the Magistrate's Second Order.

### C.  Third Objection

The Sanctioned Parties object to Magistrate's Second Order's finding that Koji filed the same lawsuit three times.[51]  The first lawsuit was dismissed over venue and refiled accusing the same product in the Northern District of California.[52]  Koji III accused a different Renasas product of infringing the claims of the '703 patent.[53]  The Sanctioned Parties believed the lawsuit well founded as the first lawsuit

---

[45] Doc. No. 43 at 21:16-26.
[46] Doc. No. 24-2 at ¶¶5-23; Doc. No. 24-15 at ¶¶7-11.
[47] Doc. No. 43 at 21:17-20.
[48] *Compare* Ex. F and Ex. G.
[49] Case No. 5:23-cv-05752.
[50] Case No. 5:24-cv-03089.
[51] Doc. No. 42 at 2:12-28.
[52] Doc. No. 24-2 at ¶¶5-13.
[53] Doc. No. 24-2 at ¶¶14-15.

was dismissed on venue grounds.[54]  Further, Mr. Ramey was aware of the law that allowed the refiling of the exact cause of action provided a persuasive explanation justifies the filing without incurring exposure to an award of fees under Rule 41(d).[55]  Mr. Ramey believed the dismissal based on venue of the first case was a persuasive explanation for refiling the case.[56]  Additionally, an entirely new product was accused of infringement.[57]  The law is clear that filing even the same lawsuit three time is not automatically barred, that determination must be made in the later filed case.[58]  It was error for the Magistrate's Second Order to conclude that the same lawsuit was filed three times.

### D.  Fourth Objection

The Sanctioned Parties object to the Magistrate's Second Order finding that Koji accused a prior art product of infringing.[59]  The Magistrate's Second Order mistakenly finds that Koji accused prior art products of infringement.  However, the record evidence is clear, During the second lawsuit (first California lawsuit), Koji approached Defendant alerting them to three additional products that might be added at the infringement contention stage.[60]  However, Renesas's counsel sent a letter advising that two of the three products were prior art[61] and specifically provided that no claim charts were sent by Koji.[62]  Therefore, as a responsible plaintiff, Koji only provided a claim chart against the product that had not been identified as in the prior art.[63]  Koji never charted or accused the two products that Renesas said were in the prior art and there is no record evidence of a formal accusation of a charted product.  It

---

[54] Doc. No. 24-2 at ¶¶16-18.
[55] *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1025 (C.D. Cal. 2022).
[56] Ex. A, Hearing Transcript at 42:15-43:21; Doc. No. 24-2 at ¶¶14-18.
[57] Doc. No. 24-2 at ¶¶14-15.
[58] *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d at 1080.
[59] Doc. No. 43 at 21-24.
[60] Doc. No. 19-1 at 140.
[61] Doc. No. 19-2 at 158.
[62] Ex. I, January 18, 2022 letter, at 1-2.
[63] Doc. No. 19-1 at 328-338.

is an abuse of discretion for the Magistrate's Second Order to make its finding based on such a clearly erroneous view of the evidence.  There never was any filing against any of the three products in the first California lawsuit, including the two Renesas identified as being in the prior art.  Koji's conduct is a model of how patent litigation should work in that counsel should discuss matters and remove issues without court involvement.  Prior art products were not accused.  The Magistrate's Second Order reliance on the incorrect fact that Koji accused prior art products for supporting its sanctions is an abuse of discretion.  Here, the only plausible conclusion is that Koji never accused any of the three products in the first California lawsuit as none were part of any pleading or infringement contentions including not accusing the potential prior art products.     The Magistrate's Second Order's reliance on *Upsher-Smith Labs. v. Pamlab, L.L.C.*[64]; *Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*;[65] and, *Gammino v. Sw. Bell Tel., L.P.*[66] as allegedly supporting that Koji formally accused a prior art product and such conduct supports an exceptional case finding is not supported by the facts and in fact is an erroneous view of the evidence. The Magistrate's Second Order does not explain how Koji's letter to Renesas concerning three potentially infringing products is similar to *Realtek*'s actual pursuit of infringement claims after learning the accused product was in the prior art.  Here, the two products Renesas said were in the prior art were never accused of infringement in any complain and thus the facts not comparable.

### E.  Fifth Objection

The Sanctioned Parties object to the Magistrate's Second Order finding of exceptionality based on

that, starting on January 3, 2024 and thereafter, Koji litigated the Second Action with subjective bad faith by accusing infringement by products which Koji knew no later than

---

[64] 412 F.3d 1319, 1322 (Fed. Cir. 2005).
[65] No. C-04-4265 MMC, 2005 WL 3634617 (N.D. Cal. Nov. 21, 2005).
[66] 512 F. Supp. 2d 626, 635-38 (N.D. Tex. Mar. 23, 2007), *aff'd*, 267 Fed. Appx. 949 (Fed. Cir. 2008).

January 18, 2024—and with the exercise of minimal diligence, should have known prior to adding them to the infringement contentions in this case—were prior art products. The Court finds that Koji's accusation of prior art products was frivolous and objectively unreasonable, because no reasonable litigant could reasonably expect success on the merits of such a position. Koji's insistence on pursuing settlement demands during this period of Koji III, and Koji's avowed reason for filing Koji III (simply to demand a higher settlement figure than was demanded during the Second Action) was an improper motivation and amounts to harassment. The Court **FINDS** that Koji's actions were at least reckless, if not willfully blinding themselves to the defects in Koji III, coupled with more conduct (including making misrepresentations to this Court, as discussed below). The Court therefore **FINDS** that the Second Action is an exceptional case from January 3, 2024 onward[,][67]

because Koji never accused the prior art products of infringement in any pleading or infringement contentions,  In fact, Exhibit I is a letter from Renesas' counsel admitting that no claim charts were provided for the three products.  After Renesas said the products were in the prior art, Koji continued its investigation but did not chart the products.  Exceptionality cannot be found on such a flimsy record.  The Magistrate's Second Order makes the unsupported finding that there were defects in Koji III but does not explain the defects.  If the defect is that Koji III accuses the prior art, then the finding is in error as Koji III only later accused the product Renesas did not say was in the prior art.  The Magistrate's Second Order's finding otherwise is an abuse of discretion and against the great weight of evidence.  The Sanctioned Parties therefore further object that the case was found exceptional from January 3, 2024, onwards as Koji III was not yet filed[68] and the conduct identified as unreasonable, as a matter of law, is not unreasonable.

The Magistrate's Second Order commits error by finding that the Koji II and Koji III were unreasonably litigated because Koji filed the lawsuits solely to extract nuisance settlements.[69]  The Magistrate's Second Order's findings that "(1) Koji made repeated settlement offers "far below the cost

---

[67] Doc. No. 43 at 24:13-26.
[68] Doc. No. 1, noting filing date of May 22, 2024.
[69] Doc. No. 43 at 24:28-25:6.

of defense" during each case (particularly at the outset of each); (2) Koji strategically avoided any testing of the merits of its patent infringement claims in all three lawsuits; and (3) Koji had actual notice of the weakness of its claims as well as of REA's intention to seek fees under § 285[]"[70] are in error.  The Magistrate's Second Order erred in finding as a basis supporting sanction that the lawsuit was filed to force a settlement.  There simply are no facts to support that finding.  The Magistrate's Second Order accepts Renesas' allegations with no evidentiary support, in error.  There is nothing improper about being a non-practicing entity ("NPE"), as Justice Kennedy explained:

> An industry has developed in which firms use patents not as a basis for producing and selling goods but, instead, primarily for obtaining licensing fees.[71]

Further, the Federal Circuit has commented on the business of a non-practicing entity, specifying that "[w]here the patentee is an entity that uses patents primarily to obtain licensing fees, its business objectives are premised on monetary relief being sufficient to compensate for infringement."[72] NPEs are subject to the same rules as other parties and the patent statute does not restrict enforceable patent rights to those who practice the patent, even for soon to expire patents as six years of past infringement damages are potentially available.[73]  The Supreme Court have recognized the legitimate role played by NPEs.[74]  The Magistrate's Second Order in error will have a chilling effect on patent plaintiff's practice, including Ramey LLP's and Koji's.[75]

---

[70] Doc. No. 43 at 25:2-6
[71] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 396, 126 S. Ct. 1837, 1842, 164 L. Ed. 2d 641 (2006).
[72] *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 650 (Fed. Cir. 2015).
[73] *Thermolife Int'l LLC*, 922 F.3d at 1362.
[74] *See id citing See Continental Paper Bag Co. v. Eastern Paper Bag Co.*, 210 U.S. 405, 424–25, 28 S.Ct. 748, 52 L.Ed. 1122 (1908); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 703 (Fed. Cir. 2008); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995); *cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).
[75] Declaration of Carlos Gorrichateguis ("Gorrichategui Decl.") at ¶¶8-13.

It is true that "[a] pattern of litigation *abuses* characterized by the repeated filing of patent infringement actions *for the sole purpose of forcing settlements*, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."[76] However, such a finding requires evidence and not pure conjecture. Here, there is no evidence except that Koji's settlement demand of $59,000.00[77] would have been a royalty of over 1400% if Renesas sales were as low as $4,000.00.[78] The Magistrate's Second Order ignores the realities of the case in error. The low sales volume reflects the low settlement offer.

The true issue on this point is that patent litigation is unavailable to most patent holders due to its high cost. Small patent holders are therefore denied access to the courts.[79] Any policy or factor that would further serve to deny access to the courts based merely on the value of a case only furthers that injustice. For this reason, the value of a case should not be a factor considered by courts as supporting a sanction. Rather, this Court should do all it can to open the courts to all patent owners with valid infringement claims, regardless of their size or value.

"[T]here is no minimum damages requirement to file a patent infringement case," and "[a]sserting seemingly low damages against multiple defendants—or settling with defendants for less than the cost of litigation—does not necessarily make a case" sanctionable[80] Moreover, as for settlement amounts, a low figure might simply reflect the small size of an individual defendant's potential liability, as is the case here.[81] Indeed, the figure may result from what the Supreme Court has recognized as the

---

[76] *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015); *see Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324–28 (Fed. Cir. 2011).

[77] Doc. No. 19-1 at 151, 374.

[78] Doc. No. 28-4 at July 18, 2023 e-mail.

[79] Gorrichategui Decl. at ¶¶8-13.

[80] *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1363-4 (Fed. Cir. 2019) *citing AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017).

[81] Doc. No. 28-4 at July 18, 2023 e-mail.

normal, legitimate settlement calculus, which includes consideration of litigation costs: specified as a prediction of the amount of liability, discounted by its probability, plus the transaction costs of further litigation.[82] Liability and damages experts alone can be several hundred thousand dollars with the costs of even small cases getting into the seven figures.

The AIPLA Economic Survey for 2023, when this lawsuit was filed, states that when damages are less than $1 million, the costs of suit per patent for simple technologies is $300,000 through discovery and claim construction, and another $600,000 per patent to take the case through trial and appeal.[83]   When the damages are between $1 million and $10 million, those numbers increase to $600,000 and $1 million per patent, respectively.   Where the damages alleged are between $10 million and $25 million, those numbers increase to $1.5 million and $3 million per patent, respectively.   Where damages alleged exceed $25 million, those numbers further increase to $1.5 and $3.625 million per patent.   The report adds that for complex technologies, these reported costs can increase by up to 50%.[84] Accordingly, patent litigation has become so expensive as to make it almost impossible for most patent owners to enforce their patents, in large part due to the litigation practices of corporate defendants, such as Renesas, whose aggressive defense tactics commonly make the costs higher than necessary.   A court should consider these factors before sanctioning for providing access to the courts.   Further, there is no evidence, or anything in the record, to indicate that Koji sought nuisance-value settlements while pressing baseless infringement contentions.   The Magistrate's Second Order makes no comment on the strength of Plaintiff's infringement position, which is central to the merits of the case.   Due process requires more.   The Magistrate's uses this prior factual finding is in error.[85]

---

[82] *Evans v. Jeff D.*, 475 U.S. 717, 734, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); *see Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1369 (Fed. Cir. 2017).
[83] *AIPLA Report of the Economic Survey 2023* at 61.
[84] *AIPLA Report of the Economic Survey 2023* at 61.
[85] Doc. No. 43 at 25:7-28.

It was further error for the Magistrate's Second Order to base its exceptional case finding on a cost of defense from 2019 American Intellectual Property Law Association's "2019 Report of the Economic Survey" as cost of defense should not play any role in an exceptional case finding for the obvious reason that damages from a patent case are not computed from a cost of defense but rather revenue from the accused instrumentality.  Thus, while a settlement amount may be based on a cost of defense, a cost of defense has little to do with how a plaintiff litigates a meritorious case.  It is error to base exceptionality on cost of defense.  Here, with sales as low as Renesas maintained, any resulting damages would be low.  Allowing the Magistrate's Second Order to use cost of defense as a basis for an exceptionality finding is an abuse of discretion.  Further, the cost of defense is not typically in the control of the party asserting infringement as there is little a party asserting infringement can do to make opposing counsel charge less.

## F.  Sixth Objection

The Sanctioned Parties object to the Magistrate's Second Order finding that the filing of the present lawsuit was frivolous.[86]  The Magistrate's Second Order accepts the red flag letter from Renesas as providing the correct state of the law and that Koji should have appreciated that it had exposure.  However, a defendant's letter cannot serve as the substitute for a well-reasoned opinion of a court.  Here, the very first opinion was a sanction from a Show Cause Order after the case was dismissed, followed by this sanction.  There was no other court action.

The same '703 patent infringement claims against the same product previously filed in Colorado were filed in this District.  Due to low sales, that case was soon dismissed.[87]  The present case accuses a new product.[88] It is a reasonable argument that the two-dismissal rule does not apply to the present

---

[86] Doc. No. 43 at 26:1-9.
[87] Doc. No. 24-2 at ¶¶12-15.
[88] Doc. No. 24-2 at ¶¶5-15.

fact situation or that an exception applies.  The Magistrate's Second Order erred when it finds that Koji accused the same product in the prior lawsuit.  Exhibit G is the only accused product in Case No. 5:23-cv-05752, the first California lawsuit ("Koji II").  Exhibit F is the only accused product in Case No. 5:24-cv-03089 ("Koji III").  The Magistrate's Second Order commits error when it finds that the product in Exhibit F was actually accused in the first California lawsuit,[89] it was not.  Counsel for Koji did raise the possibility that the new product would be included in the infringement contentions but the case was dismissed before infringement contentions were served.[90]  Therefore, it was error for the Magistrate's Second Order to find that the PTX130W/PTX30W product was accused in the first California lawsuit ("Second Action").  The amended complaint filed in the first lawsuit, filed January 12, 2024, does not accuse the PTX130W/PTX30W product identified by the Magistrate's Second Order.  It accuses the P9222-R-EVK evaluation kit.[91]  The Magistrate's Second Order erred in finding that Koji accused the PTX130W/PTX30W product in the Second Action when it was not identified in the complaint or in any infringement contentions.

It was further error for the Magistrate's Second Order to find that the suit in Koji III was not "new" or "completely different."[92]  Koji never asserted an infringement claim against the PTX130W/PTX30W product until Koji III (3:24-cv-03089).[93]  The Magistrate's Second Order elevates a discussion between counsel to a formal pleading of infringement which is error.  As an entirely new product was being accused in the claim charts sent January 23, 2024,[94] a new lawsuit was deemed appropriate. There can be no accusation of infringement if the product is not mentioned in the complaint

---

[89] Doc. No. 43 at 26:10-28:8.
[90] Ramey Decl. at ¶13.
[91] Ex. G at 2 of 5.
[92] Doc. No. 43 at 27:11-28:4.
[93] *Compare* Ex. F and Ex. G.
[94] Doc. No. 19-21 at 328-338.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

or infringement contentions.  Here, the amended complaint in fact limits the infringement to the claim chart attached as Exhibit B to the amended complaint:

> 10. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change. [95]

No further amendments were made and the case was dismissed before the infringement contentions were served.  Therefore, as a matter of law the only accused product was what was charted in Exhibit G, P9222-R-EVK.  The Ninth Circuit uses a "transactional approach for purposes of the two-dismissal rule and hold that a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action."[96]  As the accused product in the present case is different than the accused product in the prior California case, the facts are not the same and therefore the two dismissal rule would not apply, i.e. a negative ruling, such as a finding of noninfringement in the first California action would not be res judicata to the second California action as the second action accused a different product.  It was error for the Magistrate's Second Order to find that the Sanctioned Parties submitted less than fully accurate declarations.  The causes of action are very different and against different products.[97]  Ex. F charts Renesas Electronics' PTX130W/PTX30W and Ex. G charts Renesas Electronics' P9222-R-EVK Evaluation kit.  There would be no res judicata flowing from a negative merit's finding in the first California lawsuit[98] that would affect the merits in the second California lawsuit.[99]  The Sanctioned Parties request the District Court

---

[95] Ex. H at 3.
[96] *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 686 (9th Cir. 2024).
[97] *Compare* Ex. F and Ex. G.
[98] Case No. 5:23-cv-05752.
[99] Case No. 5:24-cv-03089.

affirm these objections and vacate the Magistrate's Second Order. The finding of the Magistrate's Second Order that the case was exceptional from January 3, 2024 is in error as the products are different.

### G. Seventh Objection

The Sanctioned Parties object to the Magistrate's Second Order awarding a sanction under §1927 based on the error in finding Koji III frivolous and filed in bad faith.[100] The Magistrate's Second Order errs in finding that Koji III "could be filed based solely (as far as the record demonstrates) on whether or not more damages (and a higher settlement demand) could be sought for the allegedly 'newly charted' product," as the Magistrate Court cites no record evidence for that conclusion. The Magistrate's Second Order committed further error by finding that Koji III was vexatious because Mr. Ramey immediately extended a settlement offer.[101] However, a settlement offer is meant to end a case and the Magistrate's Second Order does not explain how such conduct vexatiously extends a case or how it is harassing. Further, the Magistrate's Second Order does not provide support for its finding that there was inadequate pre-suit investigation into the 2-dismissal rule.[102]

The Sanctioned Parties further object to the Magistrate's Second Order finding that a communication with opposing counsel about possible other infringing products amounts to harassment and vexatious conduct.[103] Communications with opposing counsel are supposed to be about discussing the merits of a case and removing issues without court involvement. It is an abuse of discretion for the Magistrate's Second Order to find that discussing other products is harassing and vexatious. It is further error for the Magistrate's Second Order to find that discussing other potentially infringing products was reckless or undertaken with willful blindness and were coupled with additional troubling behavior, as

---

[100] Doc. No. 43 at 28:20-32:6.
[101] Doc. No. 43 at 28.
[102] The Sanctioned Parties incorporate the Second Objection at *supra* 2-7.
[103] Doc. No. 43 at 29.

the Magistrate's Second Order does not mention the other troubling behavior or demonstrate that the accused products in Koji III were improperly accused.  The Sanctioned parties further object to the Magistrate's Second Order finding bad faith, reckless and intentional misleading of the court,[104] as the product in Koji III was newly accused and not an accused product from the Second Action.[105]  Renesas Electronics' PTX130W/PTX30W was not at accused in the Second Action.  The Magistrate's Second Order finding that "Mr. Gorrichategui's declaration demonstrates that Mr. Ramey advised Koji expressly that they could file Koji III simply to seek more damages without any evidence in the record as to any pre-filing diligence (or even mention) of the two-dismissal rule under Rule 41(a)(1)(B)[,]"[106] is in error as it cites no record evidence.

The Sanctioned Parties further object to the Magistrate's Second Order finding that

Mr. Ramey misrepresented the timing and reasons for Ramey firm lawyers' failure to file *pro hac vice* applications …[,][107]

because Mr. Ramey did not place blame.  It is not uncommon for Mr. Ramey to discuss case budgets with his clients and seek to lower expenses when possible.  The simple fact that a discussion with Dr. Gorrichategui occurred in 2022 in no way makes the statement untrue. The Sanctioned Parties further object to the Magistrate's Second Order using this statement as a basis to sanction under this order as a prior order dealt with this accusation.  The Sanctioned Parties further object to the Magistrate's Second Order assessing the sanction from the commencement of the Second Action through the Show Cause hearing but excluding time spent on responding to Koji III.[108] The time period should be limited to the period of time that was extended by the vexatious conduct of the lawyers and cannot begin until after

---

[104] Doc. No. 43 at 29-30.
[105] *Compare* Ex. F and Ex. G.
[106] Doc. No. 43 at 30-31.
[107] Doc. No. 43 at 31.
[108] Doc. No. 43 at 31-32.

the start of Koji III.  It is error for the Magistrate's Second Order to allow damages for the Show Cause hearing as the Sanctioned Parties had already dismissed their lawsuit.

### H.  Eighth Objection

The Sanctioned Parties object to the Magistrate's Second Order sanctioning under the Court's inherent powers.[109]  The Magistrate's Second Order simply ports its findings from the Section 1927 sanction section and sanctions under the court's inherent power, in error, against the lawyers and Koji. The Magistrate's Second Orders findings that there was inadequate pre-suit investigation, accusations of prior art products, made in bad faith, frivolous and undertaken with an improper purpose to harass Renesas are in error as explained herein.  Further, there was no misrepresentation of fact to the Court. Any such finding by the Court is in error as the product accused in Koji III was not accused in the Second Action.  The Sanctioned Parties further object to the Magistrate's Second Order allowing an award of a sanction from the filing of the Second Action as the time frame is not grounded in the facts of the case because Koji III was against a new product.

### I.  Ninth Objection

The Sanctioned Parties object to the Magistrate's Second Order amount of Fees.[110]  Specifically, the Sanctioned Parties object to the Magistrate's Second Order including any portion of the Second Action in its award under Section 285.  Further, the Sanctioned Parties object to the Magistrate's Second Order awarding fees jointly and severally under §1927 and inherent power and the division by (a) the total amount of fees to be awarded under § 285 as against Koji and awarded jointly and severally as against both Koji and the three Ramey lawyers under the Court's inherent powers, and (b) the subset of fees to be awarded jointly and severally as against Koji and the three Ramey lawyers under § 1927.  The

---

[109] Doc. No. 43 at 32-33.
[110] Doc. No. 43 at 33-34.

Sanctioned Parties further object to the Magistrate's Second Order finding the case truly extraordinary and the practice of the lawyers egregious because there was only ever a good faith effort made to conform to the rules of practice of the court and there was no misrepresentation ever made to the Court.

## J.  Tenth Objection

The Sanctioned Parties object to the sanctions issued as not being proper.[111]  Sanctions imposed should be limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."[112]  While a court has broad discretion to choose the appropriate type of sanction to achieve the Rule's goal of deterring future violations,[113] if a violation is found and a sanction deemed appropriate, a more appropriate sanction would be admonishment of the conduct as it has already stopped and was not done to circumvent any rule.  The evidence of record is that the procedure used by the Ramey Firm was believed to be in compliance but that immediately after the August 22, 2024, hearing, the process was changed.[114]  As such, there is little chance the conduct repeats.  It is error for the Magistrate's Second Order to require the Sanctioned Parties:

> to each complete at least two hours of in-person, California bar-approved CLE classes on Federal Court Litigation (one hour of which shall include a Legal Ethics component or credit), and at least an additional two hours of in-person, California bar-approved CLE on Patent Litigation (one hour of which shall include a Legal Ethics component or credit).[115]

It is further error for the Magistrate's Second Order to require the Sanctioned Parties:

> each self-report the sanctions imposed on them herein and provide a copy of this Order to the relevant disciplinary committees or offices of the State Bar of California, the State Bar of Texas, the bar of the United States District Court for the District of Colorado, the

---

[111] Doc. No. 44 at 34-36.
[112] Fed.R.Civ.P. 11(b)(2)(A).
[113] *Link v. Wabash, R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).
[114] Doc. No. 28-1 at ¶14; Doc. No. 28-2 at ¶19; and, Doc. No. 28-15 at ¶10.
[115] Doc. No. 43 at 35.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

United States Patent and Trademark Office, and any other state or federal bars of which they are members.[116]

It is further error for the Magistrate's Second Order to require the Sanctioned Parties:

> self-report the sanctions imposed on them herein and provide a copy of this Order to the Northern District of California's Standing Committee of Professional Conduct, to the judges presiding over every other case currently pending in the Northern District of California in which any of these attorneys' names appears on any filings or pleadings (including all cases in which their names appear as "*pro hac vice* anticipated" or similar language), and as an attachment to any motion for *pro hac vice* admission filed by or on behalf of any of these lawyers in any action filed in this Court **during the next five years**.[117]

These sanctions are severe and unwarranted, potentially career ending, and unreasonable as to the next 5 years.   The Sanctioned Parties have already discontinued the practice and it is not likely to be repeated.[118]   A stay for any self-reporting, and other sanctions, should be afforded the Sanctioned Parties pending any appeal as once reported the sanctions cannot be undone.[119]   The harm will be immediate and severe.

### K.  Eleventh Objection

The Sanctioned Parties object to the Magistrate's Second Order for impairing the value of Koji IP, LLC and its patent portfolio, including U.S. Pat. No. 10,790,703 ("the '703 patent").  Koji's manager attempted to license the '703 patent before resorting to litigation.[120]   The Magistrate's Second Order reduces Koji's right to assert its patents by lowering the value of the '703 patent and reducing the chances Koji will find a law firm to represent it and assert its protected First Amendment rights.[121]   The

---

[116] Doc. No. 42 at 38.

[117] Doc. No. 43 at 36.

[118] Doc. No. 28-1 at ¶14; Doc. No. 28-2 at ¶19; and, Doc. No. 28-15 at ¶10.

119 *Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2015 WL 105999, at *1-2 (D. Idaho Jan. 7, 2015) citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009).

120 Declaration of Carlos Gorrichategui ("Gorrichategui Decl.")at ¶2.

[121] Gorrichategui Decl. at ¶¶8-13.

Magistrate's Second Order is designed to have a chilling effect on patent plaintiff's litigation, in error. As the privileges and immunities clause of the U.S. Constitution prohibits a state from denying a citizen with a federal claim or defense from engaging an out-of-state lawyer to collaborate with an in-state lawyer and give legal advice concerning it within the state, a federal court order should not be able to prohibit the same conduct.[122]

## II.     CONCLUSION

Koji IP, LLC, William P. Ramey, III, Susan S.Q. Kalra, and Jeffrey E. Kubiak respectfully request the District Court grant these objections to the Magistrate's Second Order and set it aside in its entirety.

 Respectfully submitted,

/s/ Susan Kalra
Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
(650) 678-4644
Email: sqklaw@gmail.com

*Attorneys for Plaintiffs*
*Koji IP, LLC, and*
*Submitted on behalf of William P. Ramey,*
*III, Susan Kalra and Jeffrey E. Kubiak*


## CERTIFICATE OF CONFERENCE

In an abundance of caution, I conferred with counsel for Defendant on April 6, 2025, that we would be filing these objections and Defendant is opposed to both objections and the increase in pages.

By: */s/ William P. Ramey, III*
        **William P. Ramey, III**

---

[122] *See, e.g., Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 170 (2d Cir. 1966).

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE