Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
Telephone: (650) 678-4644
Email: sqklaw@gmail.com

**Counsel for Plaintiff**
**Koji IP LLC**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| KOJI IP, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>RENESAS ELECTRONICS AMERICA, INC.,<br><br>              Defendant. | Case No.: 3:24-cv-03089-PHK<br><br>**NOTICE OF MOTION AND MOTION OF SUSAN S.Q. KALRA TO WITHDRAW AS COUNSEL FOR PLAINTIFF KOJI IP, LLC**<br><br>Date: June 25, 2026<br>Time: 1:30 p.m.<br>Ctrm : F, 15th Floor<br>Judge: Hon. Peter H. Kang<br>Action Filed: May 23, 2024 |

Motion to Withdraw
Case No. 3:24-CV-03089-PHK

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on June 25, 2026 at 1:30 pm, or as soon thereafter as this matter may be heard, in Courtroom F of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102 attorney Susan S.Q. Kalra respectfully moves for an order permitting her withdrawal as counsel for Plaintiff Koji IP, LLC.

This motion is brought pursuant to:

- Civil Local Rule 11-5

- California Rules of Professional Conduct 1.7 and 1.16

- the Court's inherent authority to supervise attorneys appearing before it; and

- all other applicable authorities.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the declaration of Susan S.Q. Kalra, all pleadings and papers on file in this action, and any argument the Court permits.


Dated: May 20, 2026

Respectfully submitted,

*/s/ Susan Kalra*_____
Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
Telephone: (650) 678-4644
Email: sqklaw@gmail.com

***Counsel for Plaintiff***
***Koji IP LLC***

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Withdrawal is warranted in this matter because an actual and ongoing conflict of interest now exists between counsel Susan S.Q. Kalra ("Ms. Kalra") and Plaintiff Koji IP, LLC ("Koji").

The Court has imposed monetary and nonmonetary sanctions directly against Ms. Kalra (ECF 42, 43, 120) and additionally held Ms. Kalra jointly and severally liable with Koji and counsel from Ramey LLP for a substantial attorneys' fee award (ECF 120).

As a result, Ms. Kalra's personal interests are materially adverse to, and materially limit, her continued representation of Koji within the meaning of California Rule of Professional Conduct 1.7(b). Continued representation would create substantial risk that counsel's independent professional judgment would be impaired by:

- personal financial exposure;

- potential divergence between Koji's interests and counsel's personal interests in ongoing post-judgment and appellate proceedings;

- ongoing sanctions proceedings and appellate issues;

- potential future disciplinary and evidentiary proceedings; and

- counsel's own personal interests in defending against sanctions findings.

Because these circumstances create a conflict that either is non-consentable or cannot reasonably be managed consistent with counsel's duties of loyalty and independent judgment, withdrawal is required under Rule 1.16(a). Alternatively, permissive withdrawal is warranted under Rule 1.16(b).

Ms. Kalra therefore respectfully requests leave to withdraw as counsel for Koji in this matter.

For clarity, this Motion does not seek reconsideration of, relief from, or modification of the Court's sanctions or fee orders.[1] It seeks only leave for Ms. Kalra to withdraw as counsel of record

---

[1] Nothing in this Motion waives, moots, prejudices, or otherwise affects Ms. Kalra's appellate challenges to the Court's orders that are presently on appeal, including but not limited to ECF 42, 43, 119 and 120, all of which Ms. Kalra expressly reserves.

based on circumstances arising from those orders and from the current status of the representation.

## II. RELEVANT BACKGROUND

On March 26, 2025, the Court entered an order imposing sanctions against attorneys William P. Ramey III, Susan S.Q. Kalra, and Jeffrey E. Kubiak.

The Court found that:

- Mr. Ramey and Mr. Kubiak engaged in unauthorized practice of law;
- Ms. Kalra aided and abetted such conduct; and
- sanctions were warranted under Rule 11, the Court's inherent authority, and the Local Rules.

The Court imposed monetary sanctions directly against Ms. Kalra and imposed additional reporting and educational requirements.

On March 31, 2025, the Court further awarded attorneys' fees and held Ms. Kalra jointly and severally liable with Koji and co-counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. The Court subsequently quantified the fee award at $107,389.50 and reaffirmed joint and several liability against Ms. Kalra and co-counsel (ECF 120).

These rulings create direct and ongoing adversity between Ms. Kalra and Koji.

Koji opposes this Motion (Declaration of Susan Kalra ("Kalra Declaration"), ¶ 16). Defendant Renesas Electronics America, Inc. does not oppose this Motion (Kalra Declaration, ¶ 21), nor does Jeffrey E. Kubiak, pro se (Kalra Declaration, ¶ 22). As of the date of filing, William P. Ramey, III, pro se, has not indicated whether or not he will oppose this Motion (Kalra Declaration, ¶ 23). Koji opposes this Motion (Kalra Declaration, ¶ 16).[2]

## III. LEGAL STANDARD

### A. Withdrawal Requires Leave of Court

Civil Local Rule 11-5(a) provides:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."

---

[2] Koji was served with a copy of this Motion (Kalra Declaration, ¶ 24).

Accordingly, withdrawal requires Court approval.

**B. California Rules Govern Attorney Conduct in This District**

The Ninth Circuit applies the California Rules of Professional Conduct to attorney withdrawal issues. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). In this Court, Civil Local Rule 11-4(a)(1) incorporates the California Rules of Professional Conduct. Under California Rule of Professional Conduct 1.7(b), a lawyer shall not represent a client if: "there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, or by the lawyer's own interests."

Rule 1.16(a)(2) further requires withdrawal where continued representation would violate the Rules of Professional Conduct or State Bar Act.

Additionally, Rule 1.16(b) permits withdrawal where:

- representation has been rendered unreasonably difficult; or
- other good cause exists.

**IV. ARGUMENT**

**A.    The Sanctions and Joint Fee Orders Create a Material Conflict of Interest Requiring Withdrawal**

The Court's sanctions orders and joint-and-several fee liability against Ms. Kalra create a direct and ongoing conflict between counsel's personal interests and the interests of Koji.

On March 26, 2025, the Court imposed monetary and nonmonetary sanctions directly against Ms. Kalra pursuant to Rule 11, the Court's inherent authority, and the Local Rules. The Court subsequently awarded Defendant attorneys' fees and held Ms. Kalra jointly and severally liable with Koji and co-counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. The Court later quantified those fees at $107,389.50. (ECF 120).

These orders place Ms. Kalra in a position where her personal financial, professional, reputational, and legal interests are directly implicated by ongoing proceedings in this matter, including appellate and post-judgment proceedings concerning the sanctions and fee awards. (Kalra

Declaration, ¶¶ 5-7, 14.)

California Rule of Professional Conduct ("CRPC") 1.7(b) prohibits representation where there exists "a significant risk" that the lawyer's representation of the client will be materially limited by the lawyer's own interests. Here, continued representation would create precisely such a circumstance. The Court's sanctions findings and fee orders create substantial risk that counsel's independent professional judgment would be materially affected by counsel's own interests in defending against sanctions exposure, protecting against personal financial liability, addressing ongoing disciplinary implications, and responding to continuing proceedings arising from the Court's orders.

Federal courts routinely recognize that sanctions proceedings and direct financial exposure may create serious conflicts warranting withdrawal where counsel's interests diverge materially from those of the client. *See Calloway v. Marvel Ent. Group*, 854 F.2d 1452 (2d Cir. 1988), *rev'd on other grounds*, *Pavelic & LeFlore v. Marvel Entertainment Group, Div. of Cadence Indus. Corp.*,493 U.S. 120 (1989); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) .

### B.    Continued Representation Risks Material Limitation Under Rule 1.7

Where an attorney's continued representation would violate CRPC 1.7, withdrawal becomes mandatory under CRPC 1.16(a)(2), which requires withdrawal where counsel knows or reasonably should know that continued representation will violate the California Rules of Professional Conduct or the State Bar Act. CRPC 1.16(a)(2); see also CRPC 1.7(b).

The Ninth Circuit applies California professional conduct rules to attorney-withdrawal issues. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008).

Here, the Court's sanctions findings and fee orders have materially compromised the attorney-client relationship and created circumstances in which counsel's continued representation would be materially limited by counsel's own interests. (Kalra Declaration, ¶¶ 5-7, 14.) Continued representation therefore risks violations of CRPC 1.7 and supports mandatory withdrawal under CRPC 1.16(a).

**C.       Permissive Withdrawal Is Independently Warranted Under Rule 1.16(b)**

Even if withdrawal were not mandatory, permissive withdrawal is independently appropriate under Rule 1.16(b) in this case. CRPC 1.16(b) permits withdrawal where, among other grounds, continued representation is likely to result in violation of the Rules of Professional Conduct or the State Bar Act, the representation has been rendered unreasonably difficult by the client, or other good cause exists. CRPC 1.16(b)(4), (9), (10).

At minimum, permissive withdrawal is warranted in this case under Rule 1.16(b)(4), (9), and (10). Koji's own representations to this Court in the Declaration of Koji's president, Carlos Gorrichategui, regarding Koji's lack of liquid assets, available credit, and sufficient financial resources (ECF 129-1) support a reasonable inference that an open-ended continuation of the representation is not practical or reasonable. Continued representation would require Ms. Kalra to advise and act for Koji in proceedings directly concerning orders that impose personal liability and professional obligations on Ms. Kalra herself. That circumstance creates a substantial risk that her own interests would materially limit her independent professional judgment and has rendered continued representation unreasonably difficult. (Kalra Declaration, ¶¶ 5-7, 14.)

Here, withdrawal is warranted because Ms. Kalra's continued representation of Koji would be materially limited by her own personal, financial, professional, and legal interests arising from the sanctions and joint-and-several fee liability imposed in this action. Continued representation would require Ms. Kalra to advise and act for Koji in proceedings directly concerning orders that impose personal liability and professional obligations on Ms. Kalra herself. That circumstance creates a substantial risk that her own interests would materially limit her independent professional judgment. (Kalra Declaration, ¶¶ 5-7, 14.)

In addition, there are other circumstances that support withdrawal. Koji has chosen to continue consulting with and accepting legal advice from Mr. Ramey concerning this matter and related proceedings. Mr. Ramey represents Koji in the appeal from the Court's sanctions and attorneys' fee orders pending in the Federal Circuit. (ECF 53, 69, 121; Kalra Declaration, ¶ 10 and Exhibit A thereto). Mr. Ramey and Koji's principal, Mr. Gorrichategui, have had an ongoing business and

attorney-client relationship, including in other Koji patent-related matters. (Kalra Declaration, ¶¶ 9, 11.)

Ms. Kalra does not take any position on the correctness or incorrectness of any advice Koji has received or may receive from Mr. Ramey. Nor does Ms. Kalra raise these facts to attribute fault to Koji, Mr. Ramey, or any other person. (Kalra Declaration, ¶ 12-13.) These facts are relevant because they bear on whether continued representation remains workable, necessary, or appropriate. (*Id.*)

In light of the sanctions and fee orders entered against Ms. Kalra personally, the joint-and-several liability findings, Koji's stated inability to satisfy the fee award, and Koji's continued reliance on Mr. Ramey for legal advice and appellate representation, continued representation has become unreasonably difficult and withdrawal is warranted under Rule 1.16(b). (Kalra Declaration, ¶ 14.)

### D.  Withdrawal Will Not Unduly Prejudice the Proceedings

Withdrawal at this stage will not materially disrupt merits litigation or prejudice judicial administration. The case is in a post-judgment stage, with the underlying merits claims having been dismissed. The remaining proceedings concern sanctions, attorneys' fees, and related appellate issues including the pending motion requesting that the Court approve Koji's patents as alternative security for a bond.

Ms. Kalra has and will comply fully with Rule 1.16(d) and Civil Local Rule 11-5. Ms. Kalra provided notice to Koji of her intent to file a motion to withdraw as counsel. Further, Ms. Kalra will continue to comply with those rules, including by transferring files and materials as requested, and taking all reasonably practicable steps to avoid prejudice to Koji.

Koji has requested that Ms. Kalra continue to represent it until it is able to locate and retain substitute counsel (Kalra Declaration, ¶ 16.) Ms. Kalra has considered that request and recognizes her obligation to take reasonably practicable steps to avoid foreseeable prejudice to Koji. (Kalra Declaration, ¶ 17.) However, Koji has not committed to any deadline by which substitute counsel will be retained. (*Id.*)

An indefinite continuation of the representation is not reasonable under the circumstances. Koji's principal has represented that Koji lacks sufficient funds to satisfy the attorneys' fee award

entered against it, lacks sufficient cash reserves, liquid assets, available credit, or independent revenue streams, and has been unable to obtain financing sufficient to satisfy the award. (ECF 129-1.) Koji's request to post patents as alternative security reinforces that Koji itself has represented that it lacks liquid funds or credit. That representation makes an open-ended requirement that Ms. Kalra remain counsel of record unreasonable and impracticable. (Kalra Declaration, ¶ 18.)

Accordingly, while Ms. Kalra will cooperate in an orderly transition and take reasonably practicable steps to avoid foreseeable prejudice to Koji, she respectfully requests that the Court not require her to remain counsel of record indefinitely.

**V. CONCLUSION**

For the foregoing reasons, Susan S.Q. Kalra respectfully requests that the Court enter an order:

1.  Granting leave for Susan S.Q. Kalra to withdraw as counsel for Plaintiff Koji IP, LLC;

2.  Directing Koji IP, LLC to obtain substitute counsel by a date certain because, as a limited liability company, Koji may not appear pro se (Civ. L.R. 3-9(b));

3.  Relieving Ms. Kalra of further obligations as counsel of record except as otherwise ordered by the Court.

Dated: May 20, 2026

Respectfully submitted,

*/s/ Susan Kalra*
Susan Kalra (SBN 167940)
4140 Innovator Drive, Apt. 4201
Sacramento, CA 95834
Telephone: (650) 678-4644
Email: sqklaw@gmail.com

***Counsel for Plaintiff***
***Koji IP LLC***