UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KOJI IP, LLC,

Plaintiff,

v.

RENESAS ELECTRONICS AMERICA, INC.,

Defendant.

Case No. 24-cv-03089-PHK

**ORDER DENYING MOTION TO WITHDRAW WITHOUT PREJUDICE**

Re: Dkts. 137, 138, 162, 163, and 165

Plaintiff Koji, IP, LLC ("Koji") filed its third patent infringement action against Defendant Renesas Electronics America, Inc, ("Renesas") on May 22, 2024. *See* Dkt. 1. An overview of the three related actions, as set forth in this Court's Orders on March 26, 2025 ("Sanctions Order") and March 31, 2025 ("Fees Order"), are both incorporated by reference here. *See* Dkts. 42, 43.

Presently before the Court is a motion to withdraw as counsel by Koji's counsel, Attorney Kalra. [Dkt. 137]. Attorney Kalra, the owner/principal of Koji Dr. Gorrichategui, and Attorney Ramey have filed recent Status Reports on efforts to locate and retain substitute counsel for Koji. [Dkt. 162, 163, and 165]. The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the hearing scheduled for August 27, 2026. For the reasons set forth below, the motion to withdraw as counsel is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

Attorney Kalra moved to withdraw as Koji's counsel of record on May 20, 2026, stating that the Court's imposition of monetary and nonmonetary sanctions created a conflict of interest between Koji and counsel. *See* Dkt. 137 at 3 ("As a result, Ms. Kalra's personal interests are materially

adverse to, and materially limit, her continued representation of Koji within the meaning of California Rule of Professional Conduct 1.7(b).”). Koji opposes Attorney Kalra’s withdrawal. *See* Dkt. 153.

The Court ordered Koji to identify its substitute counsel and have them enter an appearance by June 9, 2026. [Dkt. 150]. In the meantime, Renesas filed a statement of non-opposition to the motion to withdraw. [Dkt. 152]. When Koji was unable to secure replacement counsel by June 9, the Court ordered Koji to submit a status report by June 18, 2026 that detailed all efforts to retain substitute counsel. [Dkt. 155]. Several status reports were submitted between June and August 2026 that attested to a continuing failure to replace Attorney Kalra. [Dkts. 157, 162, 163, 165]. As of the date of this order, Koji has been unable to obtain substitute counsel and Attorney Kalra remains counsel of record.

On July 27, 2026, Renesas filed a Notice of Receipt of Payment of Attorneys’ Fees Award which reports that Renesas has received “full payment of the attorneys’ fees awarded”. [Dkt. 161].

## LEGAL STANDARD

The Local Rules provide that counsel “may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case.” Civ. L.R. 11-5(a). “The decision to permit counsel to withdraw is within the sound discretion of the trial court.” *Meta Platforms, Inc. v. Judang Team LLC*, No. 25-CV-05156-TSH, 2026 WL 146023, at *1 (N.D. Cal. Jan. 20, 2026) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). The consent of the client is not dispositive; rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

A corporation can only appear through licensed counsel. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men’s Colony, Unit II Men’s Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (“It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel.”) (citations omitted). “Where the client is a corporation or unincorporated association, the consequences [of being



United States District Court
Northern District of California

unrepresented] are dire… corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability." *Caveman Foods, LLC v. jAnn Payne's Caveman Foods, LLC*, No. CV 2:12-1112 WBS DAD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015). Courts have denied motions to withdraw where the corporate entity would be left unrepresented. *See Arco Env't Remediation, L.L.C. v. RDM Multi-Enters., Inc.*, 166 F. App'x 929, 930 (9th Cir. 2006) ("The district court could have denied the motion until substitute counsel [for the corporation] had been retained"); *see also Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd*, No. 3:18-CV-02109-BEN-LL, 2021 WL 927359 (S.D. Cal. Mar. 11, 2021) (denying motion to withdraw where corporation would be left unrepresented by counsel, especially considering late stage of case); *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489 (E.D. Cal. Oct. 14, 2009) (denying motion to withdraw where corporation would be left unrepresented).

## ANALYSIS

The present case has been pending since May 2024 and all outstanding motions have been fully briefed. *See* Dkts. 147, 149. Despite having several months to identify substitute counsel, Koji remains unable to do so. At this late stage of the proceedings, it remains uncertain whether Koji will be able to retain substitute counsel in a timely manner, if at all. *See* Dkt. 165 at 2 ("Koji has reached out to more than 50 law firms in an effort to obtain substitute counsel"). Absent an identified substitute, granting the motion would render Koji in violation of the Local Rules and leave the corporate plaintiff unable to advocate on its behalf. *See* Civ. L.R. 3-9(b) ("A corporation… may only appear through a member of the bar of this Court."); *see also CE Res., Inc.,* 2009 U.S. Dist. LEXIS 100776, at *5 (*citing Vann v. Shilleh*, 54 Cal. App. 3d 192, 197, 126 Cal. Rptr. 401 (1975) ("It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment.").

At this procedural stage of this case, there is little to be done that would warrant further delaying resolution of this motion to withdraw. The only motions pending are the instant motion by Attorney Kalra to withdraw, [Dkt. 137], a motion to shorten time on the instant motion, [Dkt. 138], and a motion filed by Koji seeking leave to use patent collateral as security for its bond pending

United States District Court
Northern District of California

appeal. [Dkt. 130 (which apparently is a duplicate of the motion seeking the same relief filed at Dkt. 129)]. All of these motions are fully briefed, and the Court has received numerous status reports on Koji's failed efforts to date to find and retain substitute counsel.

Granting the motion to withdraw now would clearly be prejudicial to Koji, because (as noted) a corporate entity cannot appear *pro se*. The risk of prejudice to the Parties and the administration of justice is substantial given the late stage of the case and Koji's proven difficulty in finding a replacement. *See, e.g., Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 U.S. Dist. LEXIS 92924, at *8 (N.D. Cal. Aug. 18, 2010) (denying motion to withdraw where "litigation is in its final stage and it would be very difficult for Plaintiff to obtain new counsel in a timely manner").

Further, part of Attorney Kalra's grounds for seeking withdrawal is her alleged personal financial exposure and her personal interests due to the fees awarded and the fact that she is jointly and severally liable with Koji, and Attorneys Ramey and Kubiak. [Dkt. 137 at 3]. As noted, Renesas has reported full payment of the fee award, which was apparently paid by Attorney Kubiak. [Dkt. 161]. As Koji's Mr. Gorrichategui states in his Status Report, "Koji is hoping that satisfaction of the 285 fees order might increase Koji's chances of getting a NDCA local counsel asap[.]" [Dkt. 162 at 8]. In that regard, it is likely that the full payment of the fees award may at least mitigate Attorney Kalra's concerns which motivated her motion to withdraw.

Fundamentally, the decision to permit counsel's withdrawal is within the sound discretion of the Court. *Carter*, 560 F.3d at 1113. Here, the Court finds insufficient basis to allow Attorney Kalra to withdraw as counsel of record at this stage of the proceedings. Koji, as a corporate defendant, is unable to represent itself *pro se* but remains committed to finding substitute counsel. Attorney Kalra's identified bases for her withdrawal request are also in some sense mooted by the fact that all currently pending motions have been fully briefed. Considering the late stage of the proceedings, replacing counsel would unnecessarily delay resolution of the matter and hinder the efficient administration of justice. *See Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *10-11 (N.D. Cal. Sept. 15, 2010) (denying motion to withdraw where finding substitute counsel would cause substantial delay).

## CONCLUSION

United States District Court
Northern District of California

Accordingly for all the reasons discussed herein, in the full exercise of the Court's discretion, the Court **DENIES WITHOUT PREJUDICE** Attorney Kalra's Motion to Withdraw as counsel for Koji. The Court **ORDERS** Koji to continue to diligently and reasonably seek substitute counsel (or resolve the issues prompting the withdrawal motion with Attorney Kalra, if possible), and **ORDERS** Attorneys Kalra and Ramey to continue to diligently and reasonably assist Koji in finding substitute counsel. The hearing on the instant motion scheduled for August 27, 2026 is **VACATED**. Should Koji find and retain substitute counsel, Koji and Attorney Kalra are **ORDERED** to inform such counsel that they **SHALL** enter appearance promptly and cooperate with Attorney Kalra on any such substitution (and Attorney Kalra is **ORDERED** to cooperate likewise).

Furthermore, the Court **DENIES** the motion to shorten time on the instant motion as **MOOT**. [Dkt. 138].

This Order **RESOLVES** Dkts. 137 and 138.

**IT IS SO ORDERED.**

Dated: August 24, 2026

PETER H. KANG
United States Magistrate Judge